LISA A. RASMUSSEN
LAW OFFICE OF LISA RASMUSSEN, PC
California Bar No. 207026
Nevada Bar No. 007491
616 South 8th Street
Las Vegas, NV 89101
(702) 471-1436; (702) 471-6540 (FAX)
lisa@lrasmussenlaw.com
Attorneys for Joshua Christenson
and Software Surplus, Inc.

IN THE UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED<br><br>      Plaintiff,<br>vs.<br><br>Joshua Christenson, et al.<br><br>      Defendants. | Case No. 2:10-CV-0422-LRH-LRL<br><br>**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**<br><br>**JURY DEMAND** |
| Joshua Christenson, an individual; SOFTWARE SURPLUS, INC., a Nevada corporation,<br><br>      Counterclaimant,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware corporation; and Does I - 10, inclusive,<br><br>      Counterdefendants. | |
| Joshua Christenson, an individual; SOFTWARE SURPLUS, INC., a Nevada corporation,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>SOFTWARE PUBLISHERS ASSOCIATION d/b/a SOFTWARE INFORMATION INDUSTRY ASSOCIATION, a not-for-profit trade association organized pursuant to Section 501(c)(6) of the Internal Revenue Code; and Roes 1 - 10, inclusive,<br><br>      Third-Party Defendants. | |

COMES NOW the Defendants named herein, JOSHUA CHRISTENSON ("Christenson") and SOFTWARE SURPLUS, INC. ("SSI")—collectively referred to herein as "Defendants"— by and through their counsel, Lisa A. Rasmussen, Esq., and hereby answer Plaintiff ADOBE SYSTEMS INCORPORATED's ("Adobe") Complaint as follows:

1. Defendants deny the averments in paragraphs 1, 15, 16, 17, 18, 20, 21, 22, 23, 25, 26, 27, 28, and 29.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of falsity of the averments in paragraphs 2, 7, 8, 9, 10, 11, and 14.  The documents referenced in paragraphs 8 and 10 speak for themselves.

3. Defendants deny the averments in the first two sentences of paragraph 3. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments in last sentence of paragraph 3.

4. Defendants neither admit nor deny the averments contained in the last sentence of paragraph 4 which presents prayers for relief, to which no response is necessary. Defendants deny all other averments in paragraph 4.

5. Defendants neither admit nor deny the averments contained in paragraph 5 which call for a legal conclusion and respectfully refer all questions of law to the Court.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments in first sentence of paragraph 6.  Defendants deny all other averments in paragraph 6.

7. Defendants admit the averment in paragraph 12 that Christenson is a resident of Las Vegas, Nevada.  Defendants deny all other averments in paragraph 12.

8. Defendants admit the averment in paragraph 13 that SSI is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  Defendant's deny all other averments in paragraph 13.

9. Paragraphs 19 and 24 repeat and reallege the allegations contained in paragraphs 1 through 18 of the Complaint, and Defendants therefore repeat their responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

1        The remainder of Adobe's Complaint presents prayers for relief, to which no
2 response is necessary. To the extent any answer is required, Defendants specifically deny
3 that Adobe is entitled to the relief requested, or to any relief at all. Defendants specifically
4 deny each allegation of Adobe's Complaint not otherwise answered.

5                          **FIRST AFFIRMATIVE DEFENSE**
6        1.    The Complaint fails to state a claim against Defendants upon which relief can
7 be granted.

8                          **SECOND AFFIRMATIVE DEFENSE**
9        2.    The Complaint fails to specify any time period in which the acts alleged took
10 place.

11                         **THIRD AFFIRMATIVE DEFENSE**
12       3.    The causes of action alleged in the Complaint are barred, in whole or in part,
13 by the applicable periods of limitation.

14                         **FOURTH AFFIRMATIVE DEFENSE**
15       4.    The causes of action alleged in the Complaint are barred, in whole or in part,
16 by application of the doctrines of laches and estoppel.

17                         **FIFTH AFFIRMATIVE DEFENSE**
18       5.    The causes of action alleged in the Complaint are barred, in whole or in part,
19 by application of the doctrine of waiver.

20                         **SIXTH AFFIRMATIVE DEFENSE**
21       6.    The causes of action alleged in the Complaint are barred, in whole or in part,
22 by Adobe's approval, consent, and / or ratification of Defendants' sales, if proven, of the
23 allegedly infringing products.

24                         **SEVENTH AFFIRMATIVE DEFENSE**
25       7.    Adobe authorized, impliedly or explicitly, Defendants' allegedly infringing
26 sales of its works, and Adobe's claims are therefore barred by the doctrine of implied
27 license.
28 . . .

**EIGHTH AFFIRMATIVE DEFENSE**

8. The causes of action alleged in the Complaint are barred, in whole or in part, due to the fact that Adobe has not sustained any damages.

**NINTH AFFIRMATIVE DEFENSE**

9. The causes of action alleged in the Complaint are barred, in whole or in part, because Adobe's damages, which Defendants expressly deny, were not caused by Defendants or any of their agents or others acting with authority.

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent Adobe suffered any damages, which Defendants expressly deny, Adobe has failed to take the steps necessary to mitigate the damages sustained.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Adobe's claims are barred because its alleged damages, which Defendants expressly deny, were caused by their own conduct, and not by any conduct of the Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Adobe's claims are barred because its alleged damages, which Defendants expressly deny, were caused by a third-party or parties, and not by any conduct of the Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. To the extent Adobe suffered any damages, which Defendants expressly deny, the damages are speculative and unrecoverable, and Adobe has failed to allege that it has suffered any recoverable damages as a result of the alleged actions of the Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Adobe's claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process clause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Adobe's claims are barred, in whole or in part, because Defendants' conduct

1    was in good faith and done with non-willful and / or innocent intent, at all times.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The cause of action of copyright infringement alleged in the Complaint is barred, in whole or in part, because Adobe misused its copyright in the distribution, sale, and licensing of its products, and used its copyright in a manner which violates the public policy embodied in the grant of a copyright.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The causes of action alleged in the Complaint are barred, in whole or in part, by the first sale doctrine and / or the doctrine of exhaustion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants' alleged use and / or sale of Adobe's copyrighted and trademarked material is lawful use based on agreements between Adobe and their past and present customers and / or distributors.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The causes of action alleged in the Complaint are barred, in whole or in part, because Adobe has no evidence or any good faith basis upon which to assert that Defendants ever made unauthorized copies of Adobe software.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The causes of action alleged in the Complaint are barred, in whole or in part, because Adobe has no evidence or any good faith basis upon which to assert that Defendants ever distributed unauthorized copies of Adobe software.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. One or more of Adobe's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Adobe's copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Adobe is not entitled to injunctive relief because any alleged injury to Adobe

1  is not immediate or irreparable, and Adobe has an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  Adobe is not entitled to any relief due to its own actions and unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  Adobe's claims are barred because it is not the real party in interest.

### TWENTY-FIFTH  AFFIRMATIVE DEFENSE

25.  Adobe's claims are barred because it has failed to join indispensable parties.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.  To the degree Adobe is alleging activity that sounds in fraud, it has failed to plead fraud with particularity required by Fed. R. Civ. P. 9(b).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.  Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

WHEREFORE, Defendants pray for judgment on Adobe's Complaint, as follows:

a.  That Adobe's Complaint and all claims for relief sought therein be dismissed;

b.  That Adobe take nothing away by way of its Complaint;

c.  That Defendants be awarded their reasonable attorney's fees and costs of suit incurred in the defense of this action; and

d.  For such other and further relief as this Court deems just and proper.

DATED this 4th day of May, 2010.

                            LAW OFFICE OF LISA RASMUSSEN

                            BY: /s/ *Lisa A. Rasmussen*
                                  Lisa A. Rasmussen, Esq.

                            Attorneys for Defendant Joshua Christenson and Software Surplus, Inc.

. . .

. . .

6

**COUNTERCLAIMS AND THIRD PARTY CLAIMS**

**I.   PARTIES**

1. Counterclaimant and Third-Party Plaintiff SOFTWARE SURPLUS, INC. ("SSI") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

2. Counterclaimant and Third-Party Plaintiff JOSHUA CHRISTENSON ("Christenson") is a resident of Las Vegas, Nevada, and an officer of SSI.

3. Counterdefendant ADOBE SYSTEMS INCORPORATED's ("Adobe") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California, based upon Adobe's representations in paragraph 7 of its Complaint.

4. Third-Party Defendant SOFTWARE PUBLISHERS ASSOCIATION d/b/a SOFTWARE INFORMATION INDUSTRY ASSOCIATION ("SIIA") is a not-for-profit trade association organized pursuant to Section 501(c)(6) of the Internal Revenue Code, and headquartered in Washington, D.C.

5. Upon information and belief, Does 1 - 10 are either entities or individuals who are subject to the jurisdiction of this Court.  Upon information and belief, Does 1-10 are principals, supervisory employees, employees, agents, or associates of Adobe and SIIA who have engaged in the conduct complained of in the six claims for relief asserted by Christenson and SSI herein.  In so doing, Does 1-10 acted in concert with Adobe and SIIA, or were being compensated, induced, directed, ordered, or to do so by Adobe and SIIA.  The identities of Does 1 - 10 are unknown to Christenson and SSI at this time.  If necessary, Christenson and SSI will seek leave of court to amend their Counterclaims and Third-Party Claims to include the names of such individuals or entities when ascertained.  Christenson and SSI are informed and believe and based thereon allege that the Does 1 - 10 should also be subject to the relief requested herein.

**II.   JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the instant counterclaims and third-party claims pursuant to 28 U.S.C. §§ 1332 and 1367.  The matter in controversy

1  exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the relevant
2  parties are citizens of different States for diversity purposes.  The counterclaims are so
3  related to the claims in the original action that they form part of the same case or controversy
4  under Article III of the United States Constitution, and arise out of common facts,
5  transactions, or occurrences as provided under Fed. R. Civ. P. Rules 13 and 20.

6        7.      This Court has personal jurisdiction over Adobe and SIIA.

7        8.      Venue in this District is proper over the counterclaims and third-party claims
8  pursuant to 28 U.S.C. § 1391, and the March 8, 2010 Order transferring venue to this Court.

9  **III.   GENERAL ALLEGATIONS**

10       9.      On or about November 12, 2009, SIIA issued a press release to third parties
11 containing false, defamatory, disparaging, and unprivileged statements about Christenson
12 and SSI, attached hereto as Exhibit 1 ("press release").

13       10.     The press release states, *inter alia*, that "On behalf of SIIA member Adobe
14 Systems Incorporated, SIIA investigated and filed <u>this latest round of lawsuits against
15 various online sellers who either sold infringing copies, including counterfeit versions, or
16 illegally sold educational and OEM versions without authorization</u>."  *See* Exhibit 1
17 (emphasis added).

18       11.     The press release states, *inter alia*, that "'These six lawsuits represent the latest
19 battle in SIIA's fight to protect its members, and consumers, from software piracy,' said
20 Keith Kupferschmid, Senior Vice President of Intellectual Property Policy & Enforcement
21 for SIIA. '<u>Sellers in these cases have swindled both consumers and Adobe by illegally
22 copying or selling well-known Adobe software products</u>.'"  *See* Exhibit 1 (emphasis added).

23       12.     The press release specifically identifies "Joshua Christenson,
24 Softwaresurplus.com, Las Vegas, NV" as some of the "sellers."  *See* Exhibit 1.

25       13.     SIIA published and disseminated the press release to third parties by posting it
26 on its website on or about November 12, 2009, and continues to do so today.  A copy of
27 SIIA's web page showing the archived press release is attached hereto as Exhibit 2, and the
28 page contains a link to the press release found in Exhibit 1.

14. SIIA published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications.

15. Adobe published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications.

16. Adobe and SIIA, acting in concert, published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications.

17. The statements in the press release concerning Christenson and SSI were false and defamatory.

18. Adobe and SSI knew that the statements in the press release concerning Christenson and SSI were false and defamatory.

19. Adobe and SIIA prepared and published the false and defamatory statements in the press release concerning Christenson and SSI maliciously, knowing their falsity or with reckless disregard for their truth.

20. Adobe and SIIA acted with negligence in producing and publishing the false and defamatory statements in the press release concerning Christenson and SSI.

21. Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever made unauthorized copies of Adobe software.

22. Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software.

23. Neither the press release itself, nor the false and defamatory statements contained within it, nor its publication, was privileged.

24. Christenson has suffered severe and intense emotional, psychological, and medical distress and damage as a result of the production and publishing of the false and defamatory statements in the press release, as he experienced the destruction of his reputation, identity, sense of self-worth, and lost business and customers.

### FIRST CLAIM FOR RELIEF
#### (Defamation and Defamation *Per Se*)

25. Christenson and SSI repeat and reallege all of the allegations contained in

1 paragraphs 1 through 24, inclusive, as though set forth herein in full.

2 26. Adobe and SIIA knowingly and maliciously made and published false, defamatory, and unprivileged statements to third parties *via* the press release suggesting that Christenson and SSI committed crimes and engaged in fraudulent and illegal activities and personal misconduct in Christenson's business, in addition to other statements attacking and damaging Christenson's business and professional reputation, character and standing.

27. The false, defamatory, and unprivileged statements imputed a lack of fitness for trade, business, or profession, upon Christenson and SSI, and / or tended to injure Christenson and SSI in their business and business reputation.

28. The false, defamatory, and unprivileged statements were published to third parties by the posting of the press release on SIIA's website.

29. The false, defamatory, and unprivileged statements were published to third parties by Adobe's and / or SIIA's distribution of the press release to third parties.

30. Based on their published statements, Adobe and SIIA are *per se* liable for defamation, and damages are presumed.

31. The publication of the false, defamatory, and unprivileged statements by Adobe and SIIA was a direct and proximate cause of pecuniary loss, lost business opportunities, lost profits, and actual and special damages to Christenson and SSI.

32. The actions of Adobe and SIIA are characterized by fraud, oppression, and malice, as well as a conscious disregard of Christenson's and SSI's rights, and therefore Christenson and SSI are entitled to recover punitive damages.

33. As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000.

34. By reason of the foregoing, it has been necessary for Christenson and SSI to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs.

. . .

. . .

**SECOND CLAIM FOR RELIEF**

(**False Light**)

35. Christenson and SSI repeat and reallege all of the allegations contained in paragraphs 1 through 24, inclusive, as though set forth herein in full.

36. Adobe and SIIA gave publicity to matters concerning Christenson and SSI that placed them before the public in a false light which would be highly offensive to the reasonable person.

37. Adobe and SIIA had knowledge of or acted in reckless disregard as to the falsity of the publicized matters and the false light in which Christenson and SSI were placed.

38. The actions of Adobe and SIIA are characterized by fraud, oppression, and malice, as well as a conscious disregard of Christenson's and SSI's rights, and therefore Christenson and SSI are entitled to recover punitive damages.

39. As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000.

40. By reason of the foregoing, it has been necessary for Christenson and SSI to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**

(**Business Disparagement**)

41. Christenson and SSI repeat and reallege all of the allegations contained in paragraphs 1 through 29, inclusive, and paragraphs as though set forth herein in full.

42. Adobe and SIIA knowingly and maliciously made and published false, disparaging, and unprivileged statements *via* the press release which Adobe and SIIA intended to cast doubt upon the quality of the products and goods sold by SSI and Christenson.

43. A recipient's understanding of these false, disparaging, and unprivileged statements made by Adobe and SIIA—as casting doubt upon the quality of the products sold

1  by SSI and Christenson—is reasonable.

2      44.    Adobe and SIIA published these false, disparaging, and unprivileged
3  statements with the intent to cause harm to Christenson's and SSI's pecuniary interests.

4      45.    Adobe and SIIA published these false, disparaging, and unprivileged
5  statements knowing their falsity or with reckless disregard for their truth.

6      46.    These false, disparaging, and unprivileged statements imputed a lack of fitness
7  for trade, business, or profession, and / or tended to injure the Christenson and SSI in his
8  their business.

9      47.    As a direct and proximate cause of these false, disparaging, and unprivileged
10 statements made and published by Adobe and SIIA, Christenson and SSI have lost business
11 opportunities, lost profits, and have suffered economic loss and actual and special damages.

12     48.    As a direct and proximate cause of these false, disparaging, and unprivileged
13 statements made and published by Adobe and SIIA, Christenson and SSI have lost specific
14 sales, and have suffered a general decline of business.

15     49.    The actions of Adobe and SIIA are characterized by fraud, oppression, and
16 malice, as well as a conscious disregard of Christenson's and SSI's rights, and therefore
17 Christenson and SSI are entitled to recover punitive damages.

18     50.    As a result of the actions of Adobe and SIIA, Christenson and SSI have been
19 harmed and damaged as alleged above, in an amount in excess of $75,000.

20     51.    By reason of the foregoing, it has been necessary for Christenson and SSI to
21 obtain the services of an attorney to prosecute this action, and Christenson and SSI are
22 entitled to recover their reasonable attorney's fees and costs.

23                 **FOURTH CLAIM FOR RELIEF**
24                     **(Aiding and Abetting)**

25     52.    Christenson and SSI repeat and reallege all of the allegations contained in
26 paragraphs 1 through 51, inclusive, as though set forth herein in full.

27     53.    Adobe and SIIA have substantially assisted and encouraged one another in
28 their wrongful actions against Christenson and SSI.

54. As a result of the actions of Adobe and SIIA, Christenson and SSI have suffered economic loss, lost business opportunities, lost profits, and actual and special damages, in an amount in excess of $75,000.

55. The actions of Adobe and SIIA are characterized by fraud, oppression, and malice as well as a conscious disregard of Christenson's and SSI's rights, and therefore Christenson and SSI are entitled to recover punitive damages.

56. By reason of the foregoing, it has been necessary for Christenson and SSI to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Civil Conspiracy)

57. Christenson and SSI repeat and reallege all of the allegations contained in paragraphs 1 through 56, inclusive, as though set forth herein in full.

58. Adobe and SIIA tacitly or explicitly agreed and acted together in concert to accomplish an unlawful objective, including, *inter alia*, the acts alleged in paragraphs 1 through 57, *supra*, and with intent to cause harm to Christenson and SSI.

59. As a result of the actions of Adobe and SIIA, Christenson and SSI have suffered economic loss, lost business opportunities, lost profits, and actual and special damages, in an amount in excess of $75,000.

60. The actions of Adobe and SIIA are characterized by fraud, oppression, and malice as well as a conscious disregard of Christenson's and SSI's rights, and therefore Christenson and SSI are entitled to recover punitive damages.

61. By reason of the foregoing, it has been necessary for Christenson and SSI to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs.

. . .

. . .

. . .

## SIXTH CLAIM FOR RELIEF

### (Alter Ego / Instrumentality)

62. Christenson and SSI repeat and reallege all of the allegations contained in paragraphs 1 through 61, inclusive, as though set forth herein in full.

63. At all times relevant herein, SIIA was an alter ego and / or instrumentality of Adobe and its principals.

64. SIIA is so influenced, governed, and controlled by Adobe and its principals, that SIIA is the alter ego and / or instrumentality of Adobe and its principals.

65. There is such unity of interest and ownership and control between Adobe and its principals, and SIIA, that they are inseparable from each other.

66. Adherence to the fiction of separate entity between Adobe and its principals, and SIIA, would, under the circumstances, sanction a fraud or promote injustice to the detriment of Christenson and SIIA.

67. By reason of the foregoing, it has been necessary for Christenson and SSI to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Christenson and SSI hereby demand a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Christenson and SSI requests entry of judgment in their favor and against Adobe and SIIA, jointly and severally, as follows:

a. Adobe takes nothing by virtue of its Complaint;

b. An award of actual and / or general damages in favor of Christenson and SSI, against Adobe and SIIA, in an amount in excess of $75,000 to be proven at trial, according to state substantive law, plus interest thereon;

c. An award of presumed damages in favor of Christenson and SSI, against

1  Adobe and SIIA, in an amount in excess of $75,000 to be proven at trial,
2  according to state substantive law, plus interest thereon;
3  d. An award of compensatory damages in favor of Christenson and SSI, against
4  Adobe and SIIA, in an amount in excess of $75,000 to be proven at trial,
5  according to state substantive law, plus interest thereon;
6  e. An award of punitive and exemplary damages to Christenson and SSI, against
7  Adobe and SIIA, to be proven at trial, according to state substantive law;
8  f. An award of Christenson's and SSI's costs and reasonable attorney's fees; and
9  g. An award of such other and further relief as may be just or equitable.
10 DATED this 4th day of May, 2010.

**LAW OFFICE OF LISA RASMUSSEN, PC**

BY: /s/ *Lisa A. Rasmussen*
    Lisa A. Rasmussen, Esq.

Attorneys for Defendant Joshua Christenson
and Software Surplus, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of May, 2010, I served a copy of the foregoing:

**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

via CM/ECF, as authorized by local rule, upon the following persons:

J. Andrew Coombs, Esq.

Nicole L. Drey, Esq.

/s/ *Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.