1   J. Andrew Coombs (CA SBN 123881)
    *andy@coombspc.com*
2   Annie S. Wang (SBN 10792/CA SBN 243027)
    *annie@coombspc.com*
3   J. Andrew Coombs, A Professional Corporation
    517 East Wilson Avenue, Suite 202
4   Glendale, California  91206
    Telephone:     (818) 500-3200
5   Facsimile:     (818) 500-3201

6   Designated Counsel:
    Bryce K. Earl (SBN 7685)
7   *bearl@nevadafirm.com*
    James D. Boyle (SBN 8384)
8   *jboyle@nevadafirm.com*
    Kimberly J. Cooper (SBN 9533)
9   *kcooper@nevadafirm.com*
    Santoro, Driggs, Walch, Kearney, Holley & Thompson
10  400 South Fourth Street, Third Floor
    Las Vegas, Nevada 89101
11  Telephone:     (702) 791-0308
    Facsimile:     (702) 791-1912
12
13  Attorneys for Plaintiff and Counter-Defendant
    Adobe Systems Incorporated

14
15                    UNITED STATES DISTRICT COURT

16                         DISTRICT OF NEVADA

17  Adobe Systems Incorporated,            )  Case No. 2:10-cv-00422-LRH-LRL
                                           )
18                         Plaintiff,      )  MOTION TO COMPEL DEFENDANTS'
            v.                             )  SUPPLEMENTAL DISCOVERY
19                                         )  RESPONSES AND PRODUCTION OF
    Joshua Christenson, et al.,            )  DOCUMENTS; AFFIDAVIT AND
20                                         )  CERTIFICATION AND EXHIBITS IN
                           Defendants.     )  SUPPORT
21                                         )
                                           )
22  _____     )
              ALL OTHER CLAIMS             )
23
24          Pursuant to Fed. R. Civ. P. 37 and Local Rule 7-2, Plaintiff and Counter-Defendant Adobe

25  Systems Incorporated ("Adobe" or "Plaintiff") hereby moves the Court for an order compelling

26  supplemental responses and document productions in response to written discovery propounded to

27  Defendants Joshua Christenson and Software Surplus, Inc. (collectively "Defendants").

28          This motion is made on the grounds that Plaintiff's written discovery was relevant to the

    subject matter of the action, the Parties have already agreed to and submitted a protective order to

                                           1

address confidentiality concerns, but the Defendants' prolonged failure to respond and/or produce documents is without justification.

This motion is based on this pleadings and records on file herein, the memorandum of points and authorities set forth below, the declarations and exhibits filed concurrently herewith, the Certification of Annie S. Wang, Esq. submitted concurrently herewith, further additional material as may be presented at or before the hearing, and any oral argument presented to this Court.

## INTRODUCTION

Plaintiff Adobe Systems Incorporated ("Adobe" or "Plaintiff") alleges and prosecutes a straight forward case of copyright and trademark infringement.  Defendants Joshua Christenson and Software Surplus, Inc. (collectively "Defendants") were volume sellers of unauthorized copies of Adobe products over several years through their website www.softwaresurplus.com, including but not limited to such popular titles as Acrobat.  Adobe is entitled to an accounting and actual damages pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, including Defendants' unjust profits, upon a finding of liability.  Through boilerplate objections and obstructionist tactics, Defendants refuse to provide any documents or any answers, including on the most basic and central issues including their unlawful profits from their infringing sales.  Defendants' unjustified delays and bad faith responses require Court intervention as it appears they will respond to nothing less.

Plaintiff first propounded written discovery requests on Defendants on or about August 24, 2010.  Declaration of Annie S. Wang ("Wang Decl.") at ¶ 2.  Even though Defendants requested and Adobe agreed to an extension of time to respond to the discovery, on or about October 12, 2010, Defendants served hardly any responses, but simply the same, boilerplate and inapplicable objections to nearly each and every request and interrogatory.  Id. at ¶ 3.  The Disputed Discovery, attached as Exhibits A-C, include the same inapplicable "boilerplate" objections instead of answers to each and every interrogatory, request for admission and request for production of documents.  Id at ¶ 12.  Plaintiff contacted Defendants' shortly thereafter for a meet and confer.  Id. at ¶¶ 4-6.  The Parties were finally able to hold their first meet and confer telephonically on or about November 3, 2010, and discussed at length the discovery disputes agreeing to a number of stipulations to avoid motion practice and agreeing to respond and to produce documents that were

Adobe v. Christenson: Motion to Compel

not objectionable, including corporate filing records.  Id. at ¶ 7.  Defendants agreed to make production and supplemental responses on or before November 16, 2010, if possible, but in no event later than November 30, 2010.  Id. at ¶ 7.  A confirming letter was sent on November 4, 2010, outlining the Parties' extensive conference.  Id. at ¶ 8.  The Parties met and conferred again by telephone on November 5, 2010, at no time did Defendants state there was any misunderstanding concerning the Parties' agreement as to the discovery.  Id. at ¶ 9.  Plaintiff followed up with Defendants on not less than four occasions thereafter by email, at least, but no supplemental responses or documents have been received despite Adobe's good faith efforts to try to resolve this discovery dispute.  Id. at ¶¶ 10-11.

Pursuant to Local Rule 26-7, each disputed interrogatory and request with responses and supplemental responses is set forth in full in Exhibits A (Disputed Interrogatories), B (Disputed Requests for Production of Documents) and C (Disputed Requests for Admissions) attached hereto.

<u>ARGUMENT</u>

I.   **<u>Plaintiff's Discovery Seeks Relevant and Appropriate Information In This Copyright and Trademark Infringement Action.</u>**

Parties have the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Relevant information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence.  Id.  "This information includes information that a party may use to support its denial or rebuttal of the claims or defenses of another party, and should include the identity of any witness or document that the disclosing party may use to support such denials.  See Adv. Comm. Notes to 2000 Amendments to Fed. R. Civ. Pro. 26(b)(1)."  Fryer v. Brown, 2005 U.S. Dist. LEXIS 20830, *15 (W.D. Wash. July 15, 2005).  Adobe's requests are in line with the letter and spirit of the federal rules governing discovery and the requirements of the Copyright Act and Lanham Act.

Adobe requests basic information relevant to its claims but is met with boilerplate, overbroad and inappropriate objections.  Adobe's requests are entirely proper as they relate to the (i) identification of third parties that sold, purchased or otherwise supplied, sourced or received the

3

disputed goods, and (ii) total sales, profits, and revenues from Defendants' disputed activity.  In addition to a basic accounting, the requested discovery is relevant to the identification of proper parties upon which to serve third party subpoenas and potential witnesses as to both Adobe's claims and Defendants' own Counterclaims and alleged damages.  Damages and enhancement of damages, the scope of the activity and potential witnesses are elements of Adobe's case and key to the determination of the relief to which Adobe is entitled on account of Defendants' infringing activities.

During the parties' pre-filing conference, the parties expressly agreed that, for purposes of discovery, the relevant time period for production and responses would be three years preceding the filing date of the Complaint to the present as the Complaint did not include specific dates as demanded by Defendants.  This stipulation was entirely unnecessary and offered as a means to avoid motion practice as no dates were required in the complaint as an initial matter.  "The Lanham Act contains no explicit statute of limitations."  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 836 (9th Cir. 2002).  And, "[i]n a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit."  Roley v. New World Pictures, 19 F.3d 479, 481 (9th Cir. 1994); Polar Bear Prods. v. Timex Corp., 384 F.3d 700 , 706 (9th Cir. 2004) (described calculation based on filing of complaint as "prevailing view"); 17 U.S.C. § 507 (b).  Therefore, the relevant time period established was already at least three years prior to the filing of the complaint.

In this intellectual property dispute where the pleadings gave Defendants sufficient notice of Plaintiff's allegations of infringement, even if there were dates in the complaint, "information for years prior or subsequent to the specific period covered by the dispute may still be relevant."  Abu-Nassar v. Elders Futures, 1991 U.S. Dist. LEXIS 3794, *60 (S.D.N.Y. March 28, 1991) citing, e.g., King v. E.F. Hutton & Co., 117 F.R.D. 2, 7 (D.D.C. 1987) ("documents which bear a date after the filing of a complaint may relate to events occurring prior to the filing of the complaint bearing on the central issues in this case."  Id.); United States v. Torrance, 164 F.R.D. 493, 495 (C.D. Cal. 1995) (where ongoing wrongdoing alleged, setting time frame as not including

discovery past the date of the complaint " would arbitrarily limit plaintiff's claims and preclude material evidence at trial." Id.); Chubb Integrated Sys. v. National Bank of Washington, 103 F.R.D. 52, 58 (D.D.C. 1985) (discovery period over 10 years reasonable and relevant); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980) (even discoverable period of 35 years reasonable and relevant); Hillside Amusement Co. v. Warner Bros. Pictures, 7 F.R.D. 260, 261-62 (S.D.N.Y. 1944) (relevant time period depends on the nature of the claim and may include period antedating plaintiff's entry into business).  In addition, any "objection" based on a lack of dates in the Complaint was made irrelevant through the parties' agreement.  In addition, time periods were explicitly stated within the discovery requests themselves on many occasions, or, did not require any date at all to respond.  See Exhibits A-C.  Defendants' failure to supplement their responses and produce any documents pursuant to the discovery requests was in bad faith.

During the meet and confer, the Parties discussed and appeared to agree on using the "plain meaning" of words or, to further define specific words that were objected to as vague or ambiguous.  See Exhibit I.  The Parties also discussed and agreed that Defendants could and would respond to many of the disputed requests and interrogatories subject to objections, Id., but they did not supplement any responses or produce any documents.

Finally, some responses to the requests for admission contained a statement such as "[t]he Complaint speaks for itself," or the "PRESS RELEASE speaks for itself," Responses to Requests for Admission 197-202, are improper on their face.  Fed. R. Civ. P. 36 states that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Defendants' responses to these Requests for Admission in particular fall short of their obligation under the Federal Rules.

These requests and all of the disputed requests are narrowly tailored to obtain basic information about not only the direct infringement claim against Defendants, but information key to Plaintiff's defenses against Defendants' Counterclaims.

### 1. Accounting and Financial Information

Adobe is entitled to damages but is required to prove them. The Copyright Act states, "in establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses ... ." 17 USC § 504(b). Accordingly, "all gross revenue is presumed to be profit 'attributable to the infringement,' unless the infringer is able to demonstrate otherwise." 4-14 Nimmer on Copyright § 14.03 citing Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 512 n.9 (4th Cir. 2002). The same evidence is also a factor in assessing statutory damages under 17 USC § 504(c). Adobe is entitled to the requested information from the Defendants to assess its damages.

The evidence is relevant to the issue of Defendants' profits pursuant to the Lanham Act as well, as the plaintiff must prove defendant's total sales of goods bearing the infringing or likely-to-dilute mark, and then the defendant must "prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). The plaintiff must prove its damages with reasonable certainty. Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir. 1993). Among the factors which may be considered in determining an appropriate award of statutory damages are the actual damages suffered. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1235, 1237-38 (E.D. Cal. 2008) (statutory damages for trademark infringement within discretion of court and case law on statutory damages for copyright often borrowed for guidance); see also Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003) (listing several factors, including "expenses saved and the profits reaped").

Not only is account information absolutely essential to quantify damages, it is also important to establish the true relationship between the Defendants and their respective liability.

Payment processors and bank statements are also an efficient and consolidated source of information that will be used to assess the damages and also impeach the Defendants' claims. Plaintiff's interrogatories were phrased to glean the amounts gained by Defendants from the sale of the disputed products, in addition to what those products were and where they came from. Furthermore, if Defendants refuse to turn over financial information in the course of discovery,

6

particularly when Plaintiff has already agreed to a protective order, they should not be allowed any deductions for any claimed costs.

Defendants must produce the documents and contend with prove up of costs and apportionment if they attempt to reduce Adobe's profit calculation.  Harper & Row, Publ'rs, Inc., v. Nation Enters., 471 U.S. 539, 567 (1985).  Adobe has a right to calculate its damages in line with the purpose and policy of the copyright and trademark laws.  F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952).  Defendants' objections are without merit and their stated issues with a need for dates in the Complaint do not alter the propriety of Adobe's request for information relating to Defendants' business dealings with Adobe software, even qualified by an agreed upon three year limitation, or their obligation to produce these relevant and discoverable records.

Plaintiff is prepared to incur the expense of subpoenaing the information directly from Defendants' financial institutions and payment processors but Defendants have even attempted to prevent production of these traditionally discoverable records through their Motion to Quash.   See Docket No. 61.  Defendants have wrongfully refused or otherwise stated their intention to prevent Adobe from obtaining basic information.

### 2.  Suppliers and Customers

Adobe is also entitled to know where the products came from, what happened to the unauthorized product that Defendants injected into the marketplace, where the unauthorized product was shipped and released, and what representations were made concerning that product as relates to licenses and terms of use.  Subtle distinctions concerning where the products were manufactured and what versions or titles are at issue are key to this dispute.

Defendants' suppliers will likely provide additional evidence on Defendants' knowledge of the unlawful nature of their business.  The volumes Defendants purchased will also help paint a more accurate picture of the extent of Defendants' sales.

Defendants' customers will provide information on what products were actually purchased from Defendants, to test Defendants' statements, may evidence Defendants' knowledge or

willfulness, and may increase Adobe's damages based upon what they did with the copies provided to them by the Defendants.  Adobe is acutely sensitive to curtailing the tidal wave of unauthorized products that Defendants have intentionally initiated through their proliferation of unauthorized copies prohibited by controlling case law.  However, Defendants have refused to provide their customer information.

Defendants clearly have the information, they just refuse to produce it without explanation. "The authorities are clear that in most cases the question is not whether customer lists will be produced, but under what circumstances." <u>Autotech Techs. L.P. v. Automationdirect.com, Inc.,</u> 235 F.R.D. 435, 445-46 (N.D. Ill. 2006) citing <u>Asch/Grossbardt,</u> 2003 U.S. Dist. LEXIS 2837, 2003 WL 660833 at *2 (S.D.N.Y. February 28, 2003); <u>see also Liberty Folder v. Curtiss Anthony Corp.,</u> 90 F.R.D. 80, 82 (D. Ohio 1981); <u>Battle Creek Equipment v. Roberts Mfg. Co.,</u> 90 F.R.D. 85, 86 (D. Mich. 1981).  "One of the most commonly used safeguards is disclosure only to attorneys" with modifications as appropriate.  <u>Autotech Techs. L.P.,</u> 235 F.R.D. at 445 citing <u>Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,</u> 2003 U.S. Dist. LEXIS 13185, 2003 WL 21800424, *1 (N.D. Ill. 2003); <u>Seaga Mfg., Inc. v. Fortune Resources Enterprises, Inc.,</u> 2002 U.S. Dist. LEXIS 20390, 2002 WL 31399408, *3-4 (N.D. Ill. Oct. 24, 2002) (allowing discovery of customer list subject to "attorney's eyes only" and allowing for removal of that restriction when warranted); <u>N.L.R.B. v. Cable Car Advertisers, Inc.,</u> 319 F. Supp. 2d 991, 999 (N.D. Cal. 2004) (requiring production subject to a protective order); <u>Asch/Grossbardt,</u> 2003 U.S. Dist. LEXIS 2837, 2003 WL 660833, *3 (allowing discovery pursuant to protective order limiting access to requested information on an "Attorney's Eyes Only" basis); <u>Atmel Corp. v. St. Paul Fire & Marine Insurance. Co.,</u> 2005 U.S. Dist. LEXIS 39877, 2005 WL 3692874 (N.D. Cal. 2005) (confidentiality of customer lists sufficiently protected by protective order); <u>Network Computing v. Cisco Systems,</u> 223 F.R.D. 392, 396 (D. S.C. 2004) (plaintiff ordered to provide a customer list under protective order)."  <u>Id.</u>); <u>see also Fryer,</u> 2005 U.S. Dist. LEXIS 20830 at *15 (finding liberal standards of discovery and the valid need to contact the customers outweighed privacy concerns).  Here, Adobe is not a competitor and the disclosure does not require attorneys' eyes only treatment.  The Court

Adobe v. Christenson: Motion to Compel

should order the customer information produced, unredacted, to allow Plaintiff to complete discovery and curtail further infringement of its rights.

For the same reasons as noted above, and incorporated herein, Adobe is entitled to limited contact information for all of the recipients of the disputed product and for Defendants' suppliers of Adobe product. This information is critical to corroborate, test and evaluate Defendants' accounting, to extract any communications that may further support Defendants' willfulness or knowledge, and depending on what was done with the product, to increase damages attributable to Defendants' original acts. Adobe's requests were narrowly tailored and are relevant but Defendants have refused to timely produce this information, without the Court's intervention.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendants to provide meaningful responses and supplement their production with unredacted sales, customer, supplier and accounting information.

DATED:  December 20, 2010                J. Andrew Coombs, A Professional Corp.


_____/s/ Annie S. Wang_____
                         J. Andrew Coombs
                         Annie S. Wang
                         Attorneys for Plaintiff Adobe Systems Incorporated

9

## AFFIDAVIT AND CERTIFICATION OF ANNIE S. WANG

I, ANNIE S. WANG, declare as follows:

1.     I am an attorney at law, duly admitted to practice before the Courts of the State of Nevada and the United States District Court of Nevada.  I am an attorney for Plaintiff and Counter-Defendant Adobe Systems Incorporated ("Adobe" or "Plaintiff") in an action styled Adobe Systems Incorporated v. Christenson, et al.  I make this Declaration in support of Plaintiff's Notice of Motion and Motion to Compel Defendants' Supplemental Discovery Responses and Production of Documents.  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.     Plaintiff first propounded written discovery requests on Defendants on or about August 24, 2010.  Attached collectively hereto as Exhibit D are true and correct copies of the discovery propounded on Defendants.

3.     Defendants requested and were granted an extension to respond to the discovery.  However, on or about October 12, 2010, Defendants served responses with only the same, boilerplate and inapplicable objections made to nearly each and every request and interrogatory.  Attached collectively hereto as Exhibit E are true and correct copies of the responses received from Defendants.

4.     On or about October 19, 2010, I sent to Defendants' counsel an email requesting a meet and confer on the discovery responses and for clarification regarding the "44,000 pages" of documents referenced in the responses.  On or about October 19, 2010, Defendants' counsel replied to my email and indicated that she did not know what the documents referenced were and would get the information "right away."   No response was provided regarding my meet and confer request.  Attached hereto as Exhibit F is a true and correct copy of the email exchange from October 19, 2010.

5.     On or about October 21, 2010, I sent a follow up email to Defendants' counsel again regarding the meet and confer.  Defendants' counsel did not respond.  Attached hereto as Exhibit G is a true and correct copy of my email to Defendants' counsel.

Adobe v. Christenson: Motion to Compel

6.      On or about November 1, 2010, I sent another follow up email to Defendants' counsel regarding a meet and confer.  Defendants' counsel responded and the Parties agreed to speak by telephone on November 3, 2010.  Attached hereto as Exhibit H is a true and correct copy of my email exchange with defense counsel from November 1, 2010.

7.      On or about November 3, 2010, defense counsel, her assistant and I met and conferred by telephone concerning this motion to compel for over thirty minutes.  I discussed with Defendants' counsel the deficiencies to the discovery and stipulations that if agreed upon would resolve these issues.  Defendants' counsel also agreed that certain documents, such as corporate filings for Defendants, would be produced.  The Parties clarified the meanings of terms used and also discussed responding subject to objections.  I understood from this extended telephone conversation that the Parties had agreed to numerous stipulations to avoid motion practice and that a document production and supplemental responses would be produced by November 16, 2010, if possible, otherwise November 30, 2010.  These dates were specifically discussed as I was leaving the country on November 17, and returning November 29.

8.      On or about November 4, 2010, I sent to defense counsel a confirming letter concerning our meet and confer by email and first class mail.  Attached hereto as Exhibit I is a true and correct copy of my letter to defense counsel from on or about November 4, 2010.

9.      On or about November 5, 2010, I spoke with defense counsel again, briefly, concerning the discovery dispute.  At no time did she indicate there was any mistake in the Parties' understanding and she indicated to me that review of Defendants' records was ongoing.

10.     On or about November 12, 2010, November 9, 2010, December 1, 2010, and December 3, 2010, I followed up with Defendants by email.  At no time did Defendants indicate that they would not be making any supplemental responses or production.  Attached collectively hereto as Exhibit J are my emails to Defendants' counsel and her assistant.

11.     No supplemental responses were provided and no document production was made pursuant to Adobe's discovery requests.  Instead, on or about December 5, 2010, Defendants' filed

a "Motion for Judgment on the Pleadings" and therein, Plaintiff learned for the first time Defendants' intention not to make any production or supplemental responses.

12.     Pursuant to Local Rule 26-7, each disputed interrogatory and request and Defendants' responses thereto are set forth in Exhibits A (Disputed Interrogatories), B (Disputed Requests for Admissions) and C (Disputed Requests for Production of Documents) attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of December, 2010, in Glendale, California.

_____
ANNIE S. WANG

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of Los Angeles }

On 12/20/10 before me, Arpi Khandzhyan, Notary Public,
      Date                                    Here Insert Name and Title of the Officer

personally appeared Annie Shouchi Wang
                                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**ARPI KHANDZHYAN**
Commission # 1741587
Notary Public - California
Los Angeles County
My Comm. Expires Apr 24, 2011

Place Notary Seal Above

Signature: _____
                    Signature of Notary Public

Notary
Public

Adobe v. Christenson: Motion to Compel

12

# EXHIBIT A

**EXHIBIT A**

**DISPUTED INTERROGATORIES[2]**

**Interrogatory No. 1:**

IDENTIFY[3] all DISPUTED PRODUCT[4] offered for sale by YOU[5] at any time since 2006 to the present.

**Response to Interrogatory No. 1:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**Interrogatory No. 2:**

IDENTIFY all DISPUTED PRODUCT sold by YOU at any time since 2006 to the present.

---

[2] Unless noted, these are Defendant Software Surplus, Inc.'s responses, though Defendant Christenson's responses are also at issue and had similar or identical deficiencies.

[3] "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any person identified, to locate, recognize and request production of any DOCUMENT identified, to inquire further about any oral communication identified, and specifically the following information: (a) when used in reference to a natural person, the individual's full name, present or last known residence and business address, email address, and present or last known position or business affiliation; (b) when used in reference to a company, the company's full name, form of organization, the present or last known address of its principal place of business, the date on which it commenced doing business, each and every officer of the company and each and every stockholder of the company; (c) when used in reference to a DOCUMENT, the DOCUMENT'S date and author, the type of DOCUMENT, the addressee(s), signatories, parties or other individuals identified therein, its present location or custodian and a brief description of its contents; (d) when used in reference to a communication, the date, identity of the parties, the type of communication and a brief description of its contents.

[4] "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

[5] "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

13

**Response to Interrogatory No. 2:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**Interrogatory No. 3:**

If YOU did not manufacture the DISPUTED PRODUCT sold by YOU, IDENTIFY YOUR source of the DISPUTED PRODUCT.

**Response to Interrogatory No. 3:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it makes no reference to time frames.

**Interrogatory No. 4:**

IDENTIFY all accounts that ever came into contact with any money connected to the sale of DISPUTED PRODUCT.

**Response to Interrogatory No. 4:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it makes no reference to time frames.

**Interrogatory No. 5:**

IDENTIFY all PERSONS[6] to whom YOU sold the DISPUTED PRODUCT at any time since 2006 to the present.

---

[6] "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

Adobe v. Christenson: Motion to Compel

Exhibit A

**Response to Interrogatory No. 5:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**Interrogatory No. 6:**

State the total number of sales made by YOU of the DISPUTED PRODUCT at any time since 2006 to the present.

**Response to Interrogatory No. 6:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**Interrogatory No. 7:**

State the revenues received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**Response to Interrogatory No. 7:**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**Interrogatory No. 8:**

State the dollar amount of all profits received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**<u>Response to Interrogatory No. 8:</u>**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT. The term "profit" is vague and ambiguous.

**<u>Interrogatory No. 9:</u>**

IDENTIFY the location and custodian of any records evidencing any transaction involving the DISPUTED PRODUCT.

**<u>Response to Interrogatory No. 9:</u>**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**<u>Interrogatory No. 10:</u>**

IDENTIFY all the means by which YOU accepted payment for YOUR sales of any product.

**<u>Response to Interrogatory No. 10:</u>**

Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT. The Interrogatory is overbroad and seeks information that is not Relevant because in seeking information concerning sales of "any product," it seeks information beyond the subject matter of the COMPLAINT.

Adobe v. Christenson: Motion to Compel

Exhibit A

**Interrogatory No. 11:**

  IDENTIFY all channels through which YOU sold the DISPUTED PRODUCT other than through softwaresurplus.com.

**Response to Interrogatory No. 11:**

  Objections: This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

Adobe v. Christenson: Motion to Compel

Exhibit A

**EXHIBIT B**

**EXHIBIT B**

**DISPUTED REQUESTS FOR ADMISSIONS[7]**

**Requests for Admission 82-89, 94-99, 101-104, 110-111, 113-115, 123-132, 140-143:**

82.     YOU[8] advertised DISPUTED PRODUCT[9].

83.     YOU offered for sale DISPUTED PRODUCT.

84.     YOU sold DISPUTED PRODUCT.

85.     YOU distributed DISPUTED PRODUCT.

86.     YOU did not have permission from PLAINTIFF[10] to advertise the DISPUTED PRODUCT.

87.     YOU did not have permission from PLAINTIFF to offer for sale the DISPUTED PRODUCT.

88.     YOU did not have permission from PLAINTIFF to sell the DISPUTED PRODUCT.

89.     YOU did not have permission from PLAINTIFF to distribute the DISPUTED PRODUCT.

94.     YOU earned a profit from the sale of the DISPUTED PRODUCT and each of them.

95.     YOU earned a NET PROFIT[11] in excess of $50,000.00 from the sale of the DISPUTED PRODUCT.

96.     YOU earned a NET PROFIT in excess of $100,000.00 from the sale of the DISPUTED PRODUCT.

---

[7] Unless noted, these are Defendant Software Surplus, Inc.'s responses, though Defendant Christenson's responses are also at issue and had similar or identical deficiencies.
[8] "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.
[9] "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.
[10] "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.
[11] "NET PROFIT" means the total profit after deducting all costs from gross receipts.

Adobe v. Christenson: Motion to Compel

Exhibit B

97.    YOU earned a NET PROFIT in excess of $200,000.00 from the sale of the DISPUTED PRODUCT.

98.    YOU earned a NET PROFIT in excess of $500,000.00 from the sale of the DISPUTED PRODUCT.

99.    YOU earned a NET PROFIT in excess of $1,000,000.00 from the sale of the DISPUTED PRODUCT.

101.    YOUR advertisement of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS[12].

102.    YOUR offer for sale DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

103.    YOUR sale of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

104.    YOUR distribution of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

110.    YOU sold unauthorized copies of PLAINTIFF'S software.

111.    YOU sold unlicensed product bearing at least one of the TRADEMARKS[13].

113.    The DISPUTED PRODUCT was once licensed by Adobe.

114.    The license under which the DISPUTED PRODUCT was distributed prohibited its sale.

115.    The license under which the DISPUTED PRODUCT was distributed prohibited its sale by YOU.

123.    YOU facilitated the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

---

[12] "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

[13] "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

19

Adobe v. Christenson: Motion to Compel

Exhibit B

124.    YOU collected money from the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

125.    YOU offered for sale DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

126.    YOU offered for sale DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

127.    YOU sold DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

128.    YOU sold DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

129.    YOU purchased keywords that were the same as one of the TRADEMARKS for advertising purposes.

130.    YOU used at least one of the TRADEMARKS in YOUR listings for software on www.softwaresurplus.com

131.    YOU completed sales of the DISPUTED PRODUCT through the website www.softwaresurplus.com

132.    YOU completed sales of the DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

140.    YOU purchased the DISPUTED PRODUCT at prices below retail prices at the time of purchase.

141.    YOU shipped the DISPUTED PRODUCT to YOUR customers.

142.    YOU imported DISPUTED PRODUCT.

143.    YOU exported DISPUTED PRODUCT.

**Defendants' Boilerplate Response to All of the Above Requests:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

Adobe v. Christenson: Motion to Compel

Exhibit B

**Requests for Admission 90-93:**

      90.      YOU did not have permission from PLAINTIFF to advertise any product.

      91.      YOU did not have permission from PLAINTIFF to offer for sale any product.

      92.      YOU did not have permission from PLAINTIFF to sell any product.

      93.      YOU did not have permission from PLAINTIFF to distribute any product.

**Defendants' Response to Requests 90-93:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information Requested is also beyond the scope of discovery because the reference to "any product" is overbroad, beyond the scope of the claims in the complaint, and irrelevant.

**Request for Admission 119-120:**

      119.     www.softwaresurplus.com accepts payment using the services of PayPal, Inc.

      120.     www.softwaresurplus.com accepts payment using the services of Google Checkout.

**Defendants' Response to Requests 119-122:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information requested is also beyond the scope of discovery because it is overbroad and irrelevant. The Request is overbroad and unduly burdensome.

**Request for Admission 136-137:**

      136.    Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to sell the DISPUTED PRODUCT.

      137.    Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to advertise for sale the DISPUTED PRODUCT.

**Defendants' Response to Requests 136-137:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests

Adobe v. Christenson: Motion to Compel

Exhibit B

for Admission are vague and ambiguous because the term "learning of concerns regarding the legitimacy" is vague and ambiguous.

**Request for Admission 148:**

148.    YOU advertised Adobe software product as a "Full" version when it was an academic version.

**Defendants' Response to Requests 148:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.  The Requests for Admission are vague and ambiguous, because they do not specifically identify the product referred to as "Full" or "academic version."

**Request for Admission 149:**

149.    YOU sold Adobe product in DVD cases alone.

**Defendants' Response to Requests 149:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.

**Request for Admissions 150-151:**

150.    OEM software is distributed with specific hardware.

151.    OEM software is not to be unbundled from the hardware it came with.

**Defendants' Response to Requests 150-151:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.

22

Adobe v. Christenson: Motion to Compel

Exhibit B

**Request for Admissions 152, 155:**

152.    YOU sold OEM Adobe product without the accompanying original hardware.

155.    YOU sold Adobe product that stated on its packaging that it was "Made in Singapore".

**Defendants' Response to Requests 152, 155:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.  The Requests for Admission are vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.

**Request for Admissions 153:**

153.    YOU sold Adobe product that differed from retail versions.

**Defendants' Response to Requests 153:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because it fails to sufficiently identify the specific software it is referring to, and fails to define "retail versions."  The Requests for Admission are vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.

**Request for Admissions 154:**

154.    YOU sold Adobe product with packaging that differed from their retail equivalents.

**Defendants' Response to Requests 154:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The Requests for Admission are vague and ambiguous because it fails to sufficiently identify the specific software it is referring to, and fails to define "retail equivalents."  The Requests for Admission are

Adobe v. Christenson: Motion to Compel

Exhibit B

vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.

**Request for Admission 163, 178:**

163.   The reviews attached hereto as Exhibit C were posted on resellerratings.com.

178.   The reviews attached hereto as Exhibit D were posted on epinions.com.

**Defendants' Response to Requests 163, 178:**

Objection:  The "Exhibit C" referred to is unauthenticated.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**Requests for Admissions 164-165, 179-180:**

164.    Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www.resellerratings.com/store/Software_Surplus (hereinafter "resellerratings.com").

165.    Individuals identifying themselves as YOUR customers have posted complaints about YOU at resellerratings.com.

179.     Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list (hereinafter "epinions.com").

180.    Individuals identifying themselves as YOUR customers have posted complaints about YOU at epinions.com.

**Defendants' Responses to Requests 164-165, 179-180:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

Adobe v. Christenson: Motion to Compel

Exhibit B

**Requests for Admission 166-177, 181-191:**

166.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/19/10 that stated "THIS IS A SCAM!!"

167.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "These people are crooks and I should have heeded the warnings I read online and not purchased from them."

168.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "Deceptive business practices to be for sure!"

169.    The resellerratings.com reviews for softwaresurplus.com included one post dated 2/1/10 that stated "Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far.  I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes."

170.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER BEWARE!!!"

171.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "THEY ARE RUNNING A SCAM!!"

172.    The resellerratings.com reviews for softwaresurplus.com included one post dated 11/7/08 that stated "Like everyone else, I will never buy anything from this company again and strongly advise against anyone else doing so as well."

173.    The resellerratings.com reviews for softwaresurplus.com included one post dated 9/19/08 that stated "WARNING: THIS COMPANY IS NOT REPUTABLE."

174.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/23/08 that stated "I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney!"

175.     The resellerratings.com reviews for softwaresurplus.com included one post dated 12/19/06 that stated "Very confusing and deceptive."

176.     The resellerratings.com reviews for softwaresurplus.com included one post dated 6/6/05 that stated "DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY."

177.     The resellerratings.com reviews for softwaresurplus.com included one post dated 4/1/05 that stated "DO NOT USE THESE PEOPLE THEY LIE AND STEAL."

181.     The epinions.com reviews for Software Surplus Online Store included one post dated Feb 01 '06 that stated "TERRIBLE!!!! Stay away from this Online Retailer!"

182.     The epinions.com reviews for Software Surplus Online Store included one post dated Aug 16 '07 that stated "BEWARE OF THIS ILLEGITIMATE WEBSITE STORE!!"

183.     The epinions.com reviews for Software Surplus Online Store included one post dated Apr 11 '09 that stated "I wish I'd researched them more carefully, rather than taking the "unbiased reviews" on their website at face value. Caveat emptor!"

184.     The epinions.com reviews for Software Surplus Online Store included one post dated Jan 15 '07 that stated "A… for AWFUL !!"

185.     The epinions.com reviews for Software Surplus Online Store included one post dated May 18 '07 that stated "MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS."

186.     The epinions.com reviews for Software Surplus Online Store included one post dated Feb 1 '07 that stated "Lousy, Lousy company, unprincipaled & unworthy of public trust."

187.     The epinions.com reviews for Software Surplus Online Store included one post dated Feb 6 '07 that stated "They are bad!! This company is running an illegal scam. Too many shady things about this one!!!!"

Adobe v. Christenson: Motion to Compel

Exhibit B

188.    The epinions.com reviews for Software Surplus Online Store included one post dated May 6 '09 that stated **"**They are crooks and somehow they must be brought to light, prosecuted, and jailed."

189.    The epinions.com reviews for Software Surplus Online Store included one post dated Dec 27 '07 that stated "I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!"

190.    The epinions.com reviews for Software Surplus Online Store included one post dated Jan 26 '09 that stated "Nothing but crooks."

191.    The epinions.com reviews for Software Surplus Online Store included one post dated Jul 23 '09 that stated "SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!"

**Defendants' Responses to Requests 166-177, 181-191:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**Requests for Admission 192-193:**

192.    A link for the reviews at http://www.resellerratings.com/store/Software_Surplus appear on the first page of a Google search for the search terms "software surplus."

193.    A link for the reviews at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list appear on the first page of a Google search for the search terms "software surplus."

**Defendants' Responses to Requests 192-193:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or

Adobe v. Christenson: Motion to Compel

Exhibit B

authenticate the link referred to.  Plaintiff is without information sufficient to respond to this

Request, and denies the Request on this basis.

**Request for Admission 197:**

197.  The PRESS RELEASE does not state that YOU sold counterfeits.

**Defendants' Response to Request 197:**

The PRESS RELEASE speaks for itself.

**Request for Admission 198-202:**

198.     YOU were sued by Adobe for copyright infringement among other things.

199.     YOU were sued by Adobe for trademark infringement among other things.

200.     YOU were sued by Adobe for the sale of unauthorized copies of Adobe's software.

201.     Adobe's COMPLAINT alleges that you knowingly sold unauthorized copies of

Adobe's software.

202.     ADOBE's COMPLAINT charged YOU with knowingly engaging in copyright

infringement through the fraudulent sale of Adobe software.

**Defendants' Response to Request 198-202:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint

makes no reference to time frames.  The Complaint speaks for itself.

Adobe v. Christenson: Motion to Compel

Exhibit B

# EXHIBIT C

## EXHIBIT C

## DISPUTED REQUESTS FOR PRODUCTION OF DOCUMENTS[14]

### Requests for Production 1:

1.    DOCUMENTS[15] RELATING TO[16] any litigation with which YOU[17] have ever been involved, whether as plaintiff or defendant, which involve or relate to legal or factual matters similar to those in this litigation, including, but not limited to, issues of copyright, trademark, service mark and unfair competition violations.

### Response to Request for Production 1:

Objection:  This Request is unduly burdensome, vague, ambiguous and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible

---

[14] Unless noted, these are Defendant Software Surplus, Inc.'s responses, though Defendant Christenson's responses are also at issue and had similar or identical deficiencies.

[15] "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, and whether or not claimed to be privileged or otherwise excludable from discovery, the original and any copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in your possession, custody or control, including, but not limited to, any letters, correspondence, emails, intra-office communications, minutes and/or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions of counsel, opinions and/or reports of consultants, drawings, artwork, photographs, emails, films, video tapes, compact discs, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, microfilms, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, appointment books, calendars, telephone records, messages, telegrams, books, notebooks, pamphlets, brochures, periodicals, publications, advertisements, press releases, contracts, purchase orders, invoices, receipts, estimates, price lists, cost sheets, estimating sheets, ledgers, bills, bids, time cards, and any other records, writings, or computer input or output, working papers, studies, charts, graphs, indexes and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise.  The term "DOCUMENT" also means every copy of a DOCUMENT where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

[16] "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, identifying, reflecting, representing or being connected with a stated subject matter or any aspect thereof.

[17] "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

29

Adobe v. Christenson: Motion to Compel

Exhibit C

evidence.  The COMPLAINT[18] sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the Complaint.  The Request calls for a legal conclusion.

**Requests for Production 2-3, 5-7, 10, 14-32, 34-35, 37:**

> 2.    DOCUMENTS RELATING TO any United States Customs Ruling or inquiry RELATING TO YOU regarding copyrights, trademarks, service marks or any other intellectual property rights.

> 3.    DOCUMENTS RELATING TO importation into the United States of America of the DISPUTED PRODUCT[19] and its component parts, if any, including, but not limited to, letters of credit, transactions, bills of lading, customs declarations, invoices, purchase orders, certification documents, weight documentation, container identification documents and government authorization documents.

> 5.    DOCUMENTS RELATING TO PLAINTIFF[20].

> 6.    DOCUMENTS RELATING TO the COPYRIGHTS[21].

> 7.    DOCUMENTS RELATING TO the TRADEMARKS[22].

> 10.   DOCUMENTS RELATING TO any shipment by YOU of the DISPUTED PRODUCT.

> 14.   Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of any software.

---

[18] "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

[19] "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

[20] "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

[21] "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

[22] "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

Adobe v. Christenson: Motion to Compel

Exhibit C

15.     DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the DISPUTED PRODUCT.

16.     DOCUMENTS RELATING TO any licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell any product YOU distribute.

17.     Any and all DOCUMENTS, including emails, reflecting any financial gain received by YOU RELATING TO the purchase, sale, offer for sale, distributing and/or manufacturing of the DISPUTED PRODUCT.

18.     DOCUMENTS RELATING TO the cost incurred by YOU in connection with the purchase, sale, offer for sale, manufacture and/or distribution of the DISPUTED PRODUCT.

19.     DOCUMENTS including, but not limited to, drawings, artwork, models, molds, screens, patterns, plans, guides, matrices, mattes, forms, negatives, directions, instructions or any other material used in connection with the creation or manufacture of the DISPUTED PRODUCT.

20.     DOCUMENTS RELATING TO the design, manufacture, distribution, sale, offer for sale, delivery, storage and/or inventory of the DISPUTED PRODUCT, including, but not limited to, invoices, contracts and correspondence.

21.     DOCUMENTS RELATING TO any advertising of the DISPUTED PRODUCT on www.softwaresurplus.com or elsewhere.

22.     DOCUMENTS RELATING TO the PERSONS who designed, manufactured, distributed, sold, offered for sale, shipped or otherwise supplied the DISPUTED PRODUCT.

23.     DOCUMENTS RELATING TO the PERSONS who purchased the DISPUTED PRODUCT from YOU.

24.     Contracts or agreements YOU have with any third party(ies) RELATING TO the DISPUTED PRODUCT.

25.     DOCUMENTS RELATING TO and representative samples of each variation of any advertising or promotional materials used by YOU in connection with the promotion, marketing or sale of the DISPUTED PRODUCT, including, but not limited to, price displays and/or lists, labels

Adobe v. Christenson: Motion to Compel

Exhibit C

and/or emblems, signs and displays, stationery and business cards, catalogues, flyers, brochures, letters, memoranda and packaging.

26.     DOCUMENTS reflecting YOUR financial statements for calendar or fiscal years 2006 through the present.

27.     DOCUMENTS RELATING TO the transfer of any assets by YOU to any third party(ies) from 2006 until the present.

28.     DOCUMENTS RELATING TO the revenue YOU received from the sale of the DISPUTED PRODUCT.

29.     DOCUMENTS RELATING TO all of the costs incurred by YOU from the sale of the DISPUTED PRODUCT.

30.     DOCUMENTS RELATING TO all YOUR purchases of the DISPUTED PRODUCT from YOUR suppliers.

31.     DOCUMENTS RELATING TO any importation or exportation of the DISPUTED PRODUCT by YOU.

34.     Insurance policies RELATING TO the claims asserted by PLAINTIFF against YOU in this lawsuit.

35.     DOCUMENTS establishing, referring to or RELATING TO ALL PERSONS[23] who have personal knowledge of facts concerning this action or the subject matter of this action, and the substance of those facts.

37.     Written or recorded statements and DOCUMENTS concerning this action or the subject matter of this action.

**Response to Request for Production 2-3, 5-7,10, 14-18, 20-32, 34-35, 37:**

Objection:  This Request is unduly burdensome, vague, ambiguous and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible

---

[23]  "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities, including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

32

evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the Complaint.

**Request for Production 8:**

8.    DOCUMENTS RELATING TO the creation and maintenance of www.softwaresurplus.com.

**Response to Request for Production 8:**

Objection:  This Request is unduly burdensome, vague, ambiguous and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the Complaint.   Notwithstanding the objection, DEFENDANT will produce such documents in the near future.

**Request for Production 9:**

9.    DOCUMENTS RELATING TO YOUR affiliation with co-Defendant Software Surplus Inc.

**Response to Request for Production 9:**

Objection:  This Request is unduly burdensome, vague, ambiguous and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the Complaint.   Notwithstanding the objection, DEFENDANT admits that he is the President of Software Surplus, Inc.

**Request for Production 13:**

13.    Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of the DISPUTED PRODUCT.

Adobe v. Christenson: Motion to Compel

Exhibit C

**Response to Request for Production 13:**

Objection:  This Request is unduly burdensome, vague, ambiguous and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the Complaint.   Notwithstanding the objection, DEFENDANT is not a manufacturer and does not manufacture products.

Adobe v. Christenson: Motion to Compel

Exhibit C

**EXHIBIT D**

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Designated Counsel:
Bryce K. Earl (SBN 7685)
*bearl@nevadafirm.com*
James D. Boyle (SBN 8384)
*jboyle@nevadafirm.com*
Kimberly J. Cooper (SBN 9533)
*kcooper@nevadafirm.com*
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     (702) 791-0308
Facsimile:     (702) 791-1912

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Adobe Systems Incorporated, | ) | Case No. 2:10-CV-0422-LRH-LRL |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST SET OF |
| v. | ) | INTERROGATORIES TO |
| | ) | DEFENDANT SOFTWARE SURPLUS |
| Joshua Christenson, et al., | ) | INC. |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| Joshua Christenson, et al. | ) | |
| | ) | |
| Counterclaimants, | ) | |
| v. | ) | |
| | ) | |
| Adobe Systems Incorporated, et al., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| ———————————————— | ) | |

PROPOUNDING PARTY:            Adobe Systems Incorporated

RESPONDING PARTY:            Software Surplus Inc.

SET NO.:                     One

Pursuant to Fed. R. Civ. P. 33, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Software Surplus Inc. ("Defendant") answer the following interrogatories in writing and under oath, and to be served upon Plaintiff's counsel within thirty (30) days from service hereof at the offices of J. Andrew Coombs, J. Andrew Coombs, A Professional Corporation, 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

In answering these interrogatories, Defendant is to furnish all information available to Defendant, including information in the possession of Defendant's attorneys, and not merely such information personally known to Defendant.  If Defendant refers to a DOCUMENT, memorandum, record, paper, letter or other written or printed material of any kind for the purpose of answering any interrogatory, Defendant shall identify such DOCUMENT as defined herein.

A.      **Definitions**

1.      "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

2.       "DEFENDANT" means and refers to Defendant Software Surplus Inc.

3.      "DEFENDANTS" means and refers to DEFENDANT and co-Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

4.       "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

5.      "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

6.      "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with

YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

7. "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8. "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9. "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10. "COMMUNICATION" means and refers to any verbal, written or symbolic expressions or interchange of any type.

11. "DESCRIBE, DISCUSS or ANALYZE" when used with reference to a request for documents, means any document that, in whole or in part, characterizes, evaluates, appraises, assesses or provides a general explanation of the specified subject.

12. "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, and whether or not claimed to be privileged or otherwise excludable from discovery, the original and any copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in your possession, custody or control including, but not limited to, any letters, correspondence, emails, intra-office communications, minutes and/or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions of counsel, opinions and/or reports of consultants,

drawings, artwork, photographs, films, video tapes, compact discs, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, microfilms, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, appointment books, calendars, telephone records, messages, telegrams, books, notebooks, pamphlets, brochures, periodicals, publications, advertisements, press releases, contracts, purchase orders, invoices, receipts, estimates, price lists, cost sheets, estimating sheets, ledgers, bills, bids, time cards, and any other records, writings, or computer input or output, working papers, studies, charts, graphs, indexes and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise.  The term "DOCUMENT" also means every copy of a DOCUMENT where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

13.   "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any person identified, to locate, recognize and request production of any DOCUMENT identified, to inquire further about any oral communication identified, and specifically the following information:  (a) when used in reference to a natural person, the individual's full name, present or last known residence and business address, email address, and present or last known position or business affiliation; (b) when used in reference to a company, the company's full name, form of organization, the present or last known address of its principal place of business, the date on which it commenced doing business, each and every officer of the company and each and every stockholder of the company; (c) when used in reference to a DOCUMENT, the DOCUMENT'S date and author, the type of DOCUMENT, the addressee(s), signatories, parties or other individuals identified

therein, its present location or custodian and a brief description of its contents; (d) when used in reference to a communication, the date, identity of the parties, the type of communication and a brief description of its contents.

14. "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

15. "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, identifying, reflecting, representing or being connected with a states subject matter or any aspect thereof.

**B.    Instructions**

1. YOU shall clearly answer each interrogatory separately and fully.  If any information called for by any interrogatory herein is withheld because YOU claim that such information is contained in a privileged DOCUMENT or COMMUNICATION, YOU must specify: (a) the type of DOCUMENT; (b) its date, author and/or preparer, recipient(s) and/or addressee(s); (c) its subject matter (without revealing the information as to which the privilege is claimed); (d) the privilege(s) claimed; and (e) in detail, each and every fact or basis on which the privilege is claimed.

2. When, after a reasonable and thorough investigation using due diligence, YOU are unable to answer any interrogatory or some part thereof, because of lack of information available to YOU, specify in full and complete detail the reason such information is not available to YOU and what has been done to locate such information.  In addition, specify what knowledge YOU do have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge is based.

3.      Where an interrogatory does not request a specific fact, but where a specific facts or facts are necessary to make the answer to the interrogatory either comprehensible, complete or not misleading, YOU are requested to include such fact or facts as part of the answer and the interrogatory shall be deemed specifically to request such fact or facts.

4.      If YOU produce business records in lieu of an answer to an interrogatory, in accordance with Fed. R. Civ. P. 33, specify the records from which the answer may be derived or ascertained in sufficient detail to permit PLAINTIFF to locate and to identify, as readily as the responding party, the records from which the answer may be ascertained and the actual answer.  DOCUMENTS produced in lieu of answering these interrogatories should be produced in compliance with the instruction contained in PLAINTIFF'S Request for Production of Documents.

5.      DOCUMENTS which in their original condition were stapled, slipped or otherwise fastened together shall be produced in such form.  DOCUMENTS which in their original condition are part of a computer disc or diskette or compact disc shall be produced by way of providing the disc, diskette, compact disc or computer itself along with any appropriate passwords, access codes or other information or input necessary to access the data contained therein.

6.      In responding to these interrogatories, preface each answer by restating the request to which the answer is addressed.  Where a request for information includes subparagraphs (e.g., (a), (b), (c)), or subdivisions (e.g., (i), (ii), (iii)), answer each subparagraph or subdivision separately.

7.      In construing these interrogatories: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

This request is continuing in nature, requiring YOU to supplement YOUR response with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following your initial response.  YOUR responses to these interrogatories should be supplemented not later than thirty (30) days prior to any hearing addressing the merits of any party's claims or defenses.

**C.   Interrogatories**

1.   IDENTIFY all DISPUTED PRODUCT offered for sale by YOU at any time since 2006 to the present.

2.   IDENTIFY all DISPUTED PRODUCT sold by YOU at any time since 2006 to the present.

3.   If YOU did not manufacture the DISPUTED PRODUCT sold by YOU, IDENTIFY YOUR source of the DISPUTED PRODUCT.

4.   IDENTIFY all accounts that ever came into contact with any money connected to the sale of DISPUTED PRODUCT.

5.   IDENTIFY all PERSONS to whom YOU sold the DISPUTED PRODUCT at any time since 2006 to the present.

6.   State the total number of sales made by YOU of the DISPUTED PRODUCT at any time since 2006 to the present.

7.   State the revenues received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

8.   State the dollar amount of all profits received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

9.   IDENTIFY the location and custodian of any records evidencing any transaction involving the DISPUTED PRODUCT.

10.   IDENTIFY all the means by which YOU accepted payment for YOUR sales of any product.

11.     IDENTIFY all channels through which YOU sold the DISPUTED PRODUCT other than through softwaresurplus.com.

12.     IDENTIFY the name, address and telephone number of any and all individuals assisting in answering these interrogatories.

13.     IDENTIFY all facts that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

14.     IDENTIFY all facts that support YOUR claim for "Aiding and Abetting".

15.     IDENTIFY all facts that support YOUR claim for "Civil Conspiracy".

16.     IDENTIFY all facts that support YOUR claim for "Alter Ego / Instrumentality."

17.     IDENTIFY all facts that support YOUR contentions that Adobe had anything to do with the press release referenced in the COUNTERCLAIMS.

18.     IDENTIFY all facts that support any damages claimed by YOU.

19.     IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were false.

20.     IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were made with malice.

DATED:   August 24, 290

J. Andrew Coombs, A Professional Corp.

By: _____

J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff and Counterdefendant Adobe
Systems Incorporated

**EXHIBIT A**
**Copyright Registrations**

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |

| | |
|---|---|
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS4 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |

| | |
|---|---|
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

1

## EXHIBIT B
## Trademark Registrations

2

| Trademark Registration No.: | Title of Work: | Rights Owner: |
| --- | --- | --- |
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE
SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

*Katrina Bartolome*
Katrina Bartolome

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Designated Counsel:
Bryce K. Earl (SBN 7685)
*bearl@nevadafirm.com*
James D. Boyle (SBN 8384)
*jboyle@nevadafirm.com*
Kimberly J. Cooper (SBN 9533)
*kcooper@nevadafirm.com*
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     (702) 791-0308
Facsimile:      (702) 791-1912

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adobe Systems Incorporated,<br><br>                    Plaintiff,<br><br>          v.<br><br>Joshua Christenson, et al.,<br><br>                    Defendants.<br>―――――――――――――――――<br>Joshua Christenson, et al.<br><br>                    Counterclaimants,<br><br>          v.<br><br>Adobe Systems Incorporated, et al.,<br><br>                    Counterdefendants.<br>―――――――――――――――――| Case No. 2:10-CV-0422-LRH-LRL<br><br>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHRISTENSON |

PROPOUNDING PARTY:              Adobe Systems Incorporated

RESPONDING PARTY:              Joshua Christenson, an individual and d/b/a

                              www.softwaresurplus.com

SET NO.:                       One

Pursuant to Fed. R. Civ. P. 33, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com ("Defendant") answer the following interrogatories in writing and under oath, and to be served upon Plaintiff's counsel within thirty (30) days from service hereof at the offices of J. Andrew Coombs, J. Andrew Coombs, A Professional Corporation, 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

In answering these interrogatories, Defendant is to furnish all information available to Defendant, including information in the possession of Defendant's attorneys, and not merely such information personally known to Defendant.  If Defendant refers to a DOCUMENT, memorandum, record, paper, letter or other written or printed material of any kind for the purpose of answering any interrogatory, Defendant shall identify such DOCUMENT as defined herein.

**A.    Definitions**

1.    "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

2.     "DEFENDANT" means and refers to Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

3.    "DEFENDANTS" means and refers to DEFENDANT and co-Defendant Software Surplus Inc.

4.     "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

5.    "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

6.      "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

7.      "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8.      "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9.      "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10.     "COMMUNICATION" means and refers to any verbal, written or symbolic expressions or interchange of any type.

11.     "DESCRIBE, DISCUSS or ANALYZE" when used with reference to a request for documents, means any document that, in whole or in part, characterizes, evaluates, appraises, assesses or provides a general explanation of the specified subject.

12.     "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, and whether or not claimed to be privileged or otherwise excludable from discovery, the original and any copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in your possession, custody or control including, but not limited to, any letters, correspondence, emails, intra-office communications, minutes and/or records

of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions of counsel, opinions and/or reports of consultants, drawings, artwork, photographs, films, video tapes, compact discs, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, microfilms, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, appointment books, calendars, telephone records, messages, telegrams, books, notebooks, pamphlets, brochures, periodicals, publications, advertisements, press releases, contracts, purchase orders, invoices, receipts, estimates, price lists, cost sheets, estimating sheets, ledgers, bills, bids, time cards, and any other records, writings, or computer input or output, working papers, studies, charts, graphs, indexes and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise.  The term "DOCUMENT" also means every copy of a DOCUMENT where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

13. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any person identified, to locate, recognize and request production of any DOCUMENT identified, to inquire further about any oral communication identified, and specifically the following information:  (a) when used in reference to a natural person, the individual's full name, present or last known residence and business address, email address, and present or last known position or business affiliation; (b) when used in reference to a company, the company's full name, form of organization, the present or last known address of its principal place of business, the date on which it commenced doing business, each and every officer of the company and each and every stockholder of the company; (c) when used in

reference to a DOCUMENT, the DOCUMENT'S date and author, the type of DOCUMENT, the addressee(s), signatories, parties or other individuals identified therein, its present location or custodian and a brief description of its contents; (d) when used in reference to a communication, the date, identity of the parties, the type of communication and a brief description of its contents.

14.   "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

15.   "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, identifying, reflecting, representing or being connected with a states subject matter or any aspect thereof.

**B.     Instructions**

1.   YOU shall clearly answer each interrogatory separately and fully.  If any information called for by any interrogatory herein is withheld because YOU claim that such information is contained in a privileged DOCUMENT or COMMUNICATION, YOU must specify: (a) the type of DOCUMENT; (b) its date, author and/or preparer, recipient(s) and/or addressee(s); (c) its subject matter (without revealing the information as to which the privilege is claimed); (d) the privilege(s) claimed; and (e) in detail, each and every fact or basis on which the privilege is claimed.

2.   When, after a reasonable and thorough investigation using due diligence, YOU are unable to answer any interrogatory or some part thereof, because of lack of information available to YOU, specify in full and complete detail the reason such information is not available to YOU and what has been done to locate such information.  In addition, specify what knowledge YOU do have concerning the

unanswered portion of the interrogatory and set forth the facts upon which such knowledge is based.

3.      Where an interrogatory does not request a specific fact, but where a specific facts or facts are necessary to make the answer to the interrogatory either comprehensible, complete or not misleading, YOU are requested to include such fact or facts as part of the answer and the interrogatory shall be deemed specifically to request such fact or facts.

4.      If YOU produce business records in lieu of an answer to an interrogatory, in accordance with Fed. R. Civ. P. 33, specify the records from which the answer may be derived or ascertained in sufficient detail to permit PLAINTIFF to locate and to identify, as readily as the responding party, the records from which the answer may be ascertained and the actual answer.  DOCUMENTS produced in lieu of answering these interrogatories should be produced in compliance with the instruction contained in PLAINTIFF'S Request for Production of Documents.

5.      DOCUMENTS which in their original condition were stapled, slipped or otherwise fastened together shall be produced in such form.  DOCUMENTS which in their original condition are part of a computer disc or diskette or compact disc shall be produced by way of providing the disc, diskette, compact disc or computer itself along with any appropriate passwords, access codes or other information or input necessary to access the data contained therein.

6.      In responding to these interrogatories, preface each answer by restating the request to which the answer is addressed.  Where a request for information includes subparagraphs (e.g., (a), (b), (c)), or subdivisions (e.g., (i), (ii), (iii)), answer each subparagraph or subdivision separately.

7.      In construing these interrogatories: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense employed, all

verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

This request is continuing in nature, requiring YOU to supplement YOUR response with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following your initial response.  YOUR responses to these interrogatories should be supplemented not later than thirty (30) days prior to any hearing addressing the merits of any party's claims or defenses.

**C.     Interrogatories**

1.     IDENTIFY all DISPUTED PRODUCT offered for sale by YOU at any time since 2006 to the present.

2.     IDENTIFY all DISPUTED PRODUCT sold by YOU at any time since 2006 to the present.

3.     If YOU did not manufacture the DISPUTED PRODUCT sold by YOU, IDENTIFY YOUR source of the DISPUTED PRODUCT.

4.     IDENTIFY all accounts that ever came into contact with any money connected to the sale of DISPUTED PRODUCT.

5.     IDENTIFY all PERSONS to whom YOU sold the DISPUTED PRODUCT at any time since 2006 to the present.

6.     State the total number of sales made by YOU of the DISPUTED PRODUCT at any time since 2006 to the present.

7.     State the revenues received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

8.     State the dollar amount of all profits received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

9.     IDENTIFY the location and custodian of any records evidencing any transaction involving the DISPUTED PRODUCT.

10.   IDENTIFY all the means by which YOU accepted payment for YOUR sales of any product.

11.   IDENTIFY all channels through which YOU sold the DISPUTED PRODUCT other than through softwaresurplus.com.

12.   IDENTIFY the name, address and telephone number of any and all individuals assisting in answering these interrogatories.

13.   IDENTIFY all facts that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

14.   IDENTIFY all facts that support YOUR claim for "Aiding and Abetting".

15.   IDENTIFY all facts that support YOUR claim for "Civil Conspiracy".

16.   IDENTIFY all facts that support YOUR claim for "Alter Ego / Instrumentality."

17.   IDENTIFY all facts that support YOUR contentions that Adobe had anything to do with the press release referenced in the COUNTERCLAIMS.

18.   IDENTIFY all facts that support any damages claimed by YOU.

19.   IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were false.

20.   IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were made with malice.

DATED:   *August 24, 2010*

J. Andrew Coombs, A Professional Corp.

By: _____
        J. Andrew Coombs
        Annie S. Wang
Attorneys for Plaintiff and Counterdefendant Adobe
Systems Incorporated

1

2

**EXHIBIT A**
**Copyright Registrations**

3

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |

| | |
|---|---|
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS4 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |

| | |
|---|---|
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
|---|---|---|
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE
SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

*Katrina Bartolome*
Katrina Bartolome

J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Designated Counsel:
Bryce K. Earl (SBN 7685)
bearl@nevadafirm.com
James D. Boyle (SBN 8384)
jboyle@nevadafirm.com
Kimberly J. Cooper (SBN 9533)
kcooper@nevadafirm.com
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     (702) 791-0308
Facsimile:     (702) 791-1912

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adobe Systems Incorporated, | Case No. 2:10-CV-0422-LRH-LRL |
| Plaintiff, | PLAINTIFF'S FIRST SET OF |
| v. | REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT |
| Joshua Christenson, et al., | SOFTWARE SURPLUS INC. |
| Defendants. | |
| Joshua Christenson, et al. | |
| Counterclaimants, | |
| v. | |
| Adobe Systems Incorporated, et al., | |
| Counterdefendants. | |

PROPOUNDING PARTY:          Adobe Systems Incorporated

RESPONDING PARTY:          Software Surplus Inc.

SET NO.:                    One

Pursuant to Fed. R. Civ. P. 34, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Software Surplus Inc. ("Defendant") make available for inspection and copying the following documents and things, thirty days from personal service, and thirty-three days from mail service of these requests, at the offices of J. Andrew Coombs, A P.C., 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

**A.      Definitions**

    1.      "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

    2.      "DEFENDANT" means and refers to Defendant Software Surplus Inc.

    3.      "DEFENDANTS" means and refers to DEFENDANT and co-Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

    4.      "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

    5.      "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

    6.      "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

    7.      "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or

COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8.    "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9.    "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10.   "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities, including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

11.   "COMMUNICATION" means and refers to any verbal, written or symbolic expressions or interchange of any type.

12.   "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, and whether or not claimed to be privileged or otherwise excludable from discovery, the original and any copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in your possession, custody or control, including, but not limited to, any letters, correspondence, emails, intra-office communications, minutes and/or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions of counsel, opinions and/or reports of consultants, drawings, artwork, photographs, emails, films, video tapes, compact discs, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, microfilms, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, appointment books, calendars, telephone records, messages, telegrams, books, notebooks, pamphlets, brochures, periodicals, publications,

advertisements, press releases, contracts, purchase orders, invoices, receipts, estimates, price lists, cost sheets, estimating sheets, ledgers, bills, bids, time cards, and any other records, writings, or computer input or output, working papers, studies, charts, graphs, indexes and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise.  The term "DOCUMENT" also means every copy of a DOCUMENT where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

13.     "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any person identified, to locate, recognize and request production of any DOCUMENT identified, to inquire further about any oral communication identified, and specifically the following information:  (a) when used in reference to a natural person, the individual's full name, present or last known residence and business address, email address, and present or last known position or business affiliation; (b) when used in reference to a company, the company's full name, form of organization, the present or last known address of its principal place of business, the date on which it commenced doing business, each and every officer of the company and each and every stockholder of the company; (c) when used in reference to a DOCUMENT, the DOCUMENT'S date and author, the type of DOCUMENT, the addressee(s), signatories, parties or other individuals identified therein, its present location or custodian and a brief description of its contents; (d) when used in reference to a communication, the date, identity of the parties, the type of communication and a brief description of its contents.

14.     "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

disclosing, confirming, supporting, evidencing, identifying, reflecting, representing or being connected with a stated subject matter or any aspect thereof.

**B.      Instructions**

1.      YOU shall clearly mark each DOCUMENT and/or thing as responsive to the particular request(s) which require(s) its production.

2.      YOUR response to this Request for Production shall include all DOCUMENTS and information within your possession, custody or control, including, but not limited to, documents and information in the possession, custody or control of any of your employees, accountants, consultants, attorneys or other agents or representatives.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

4.      The specific or duplicative or overlapping nature of any of the DOCUMENT descriptions set forth below shall not be construed to limit the generality or breadth of any other DOCUMENT description contained in this or any other Requests for Production.

5.      If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for non-production, you shall set forth, with respect to each DOCUMENT for which the privilege is claimed: (a) the type of DOCUMENT; (b) its date, author and/or preparer, recipient(s) and/or addressee(s); (c) its subject matter (without revealing the information as to which the privilege is claimed); (d) the privilege(s) claimed; and (e) in detail, each and every fact or basis on which the privilege is claimed.

6.      DOCUMENTS which in their original condition were stapled, slipped or otherwise fastened together shall be produced in such form.  DOCUMENTS which in their

original condition are part of a computer disc or diskette or compact disc shall be produced by way of providing the disc, diskette, compact disc or computer itself along with any appropriate passwords, access codes or other information or input necessary to access the data contained therein.

7. DOCUMENTS responsive to each numbered paragraph are to be separately grouped by paragraph. If any portion of a DOCUMENT is responsive to this request, the entire DOCUMENT is to be produced. In order to facilitate the review and avoid any possibility of misinterpretation, place all DOCUMENTS produced in file folders bearing the number of the paragraph to which they are responsive.

8. When, after a reasonable and thorough investigation using due diligence, YOU are unable to produce a DOCUMENT requested, specify in full and complete detail whether such DOCUMENT existed or exists and, if so, the reason the DOCUMENT is not available for production.

9. This request is continuing in nature, requiring YOU to supplement YOUR response and YOUR production of DOCUMENTS in accordance with the Fed. R. Civ. P. 26(e) with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following YOUR initial response.

**C.      Requests For Production**

1. DOCUMENTS RELATING TO any litigation with which YOU have ever been involved, whether as plaintiff or defendant, which involve or relate to legal or factual matters similar to those in this litigation, including, but not limited to, issues of copyright, trademark, service mark and unfair competition violations.

2. DOCUMENTS RELATING TO any United States Customs Ruling or inquiry RELATING TO YOU regarding copyrights, trademarks, service marks or any other intellectual property rights.

3. DOCUMENTS RELATING TO importation into the United States of America of the DISPUTED PRODUCT and its component parts, if any, including, but not

limited to, letters of credit, transactions, bills of lading, customs declarations, invoices, purchase orders, certification documents, weight documentation, container identification documents and government authorization documents.

4.  DOCUMENTS sufficient to IDENTIFY the addresses for facilities which YOU use for receiving, processing, and/or warehousing the DISPUTED PRODUCT.

5.  DOCUMENTS RELATING TO PLAINTIFF.

6.  DOCUMENTS RELATING TO the COPYRIGHTS.

7.  DOCUMENTS RELATING TO the TRADEMARKS.

8.  DOCUMENTS RELATING TO the creation and maintenance of www.softwaresurplus.com.

9.  DOCUMENTS RELATING TO YOUR affiliation with co-Defendant Software Surplus Inc.

10.  DOCUMENTS RELATING TO any shipment by YOU of the DISPUTED PRODUCT.

11.  DOCUMENTS RELATING TO any copyright owned by PLAINTIFF.

12.  DOCUMENTS RELATING TO any trademark owned by PLAINTIFF.

13.  Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of the DISPUTED PRODUCT.

14.  Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of any software.

15.  DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the DISPUTED PRODUCT.

16.  DOCUMENTS RELATING TO any licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell any product YOU distribute.

17.   Any and all DOCUMENTS, including emails, reflecting any financial gain received by YOU RELATING TO the purchase, sale, offer for sale, distributing and/or manufacturing of the DISPUTED PRODUCT.

18.   DOCUMENTS RELATING TO the cost incurred by YOU in connection with the purchase, sale, offer for sale, manufacture and/or distribution of the DISPUTED PRODUCT.

19.   DOCUMENTS RELATING TO any and all changes, "running changes," alterations, modifications and/or variations of the design of the DISPUTED PRODUCT.

20.   DOCUMENTS including, but not limited to, drawings, artwork, models, molds, screens, patterns, plans, guides, matrices, mattes, forms, negatives, directions, instructions or any other material used in connection with the creation or manufacture of the DISPUTED PRODUCT.

21.   DOCUMENTS RELATING TO the design, manufacture, distribution, sale, offer for sale, delivery, storage and/or inventory of the DISPUTED PRODUCT, including, but not limited to, invoices, contracts and correspondence.

22.   DOCUMENTS RELATING TO any advertising of the DISPUTED PRODUCT on www.softwaresurplus.com or elsewhere.

23.   DOCUMENTS RELATING TO the PERSONS who designed, manufactured, distributed, sold, offered for sale, shipped or otherwise supplied the DISPUTED PRODUCT.

24.   DOCUMENTS RELATING TO the PERSONS who purchased the DISPUTED PRODUCT from YOU.

25.   Contracts or agreements YOU have with any third party(ies) RELATING TO the DISPUTED PRODUCT.

26.   DOCUMENTS RELATING TO and representative samples of each variation of any advertising or promotional materials used by YOU in connection with the

promotion, marketing or sale of the DISPUTED PRODUCT, including, but not limited to, price displays and/or lists, labels and/or emblems, signs and displays, stationery and business cards, catalogues, flyers, brochures, letters, memoranda and packaging.

27.     DOCUMENTS reflecting YOUR financial statements for calendar or fiscal years 2006 through the present.

28.     DOCUMENTS RELATING TO the transfer of any assets by YOU to any third party(ies) from 2006 until the present.

29.     DOCUMENTS RELATING TO the revenue YOU received from the sale of the DISPUTED PRODUCT.

30.     DOCUMENTS RELATING TO all of the costs incurred by YOU from the sale of the DISPUTED PRODUCT.

31.     DOCUMENTS RELATING TO all YOUR purchases of the DISPUTED PRODUCT from YOUR suppliers.

32.     DOCUMENTS RELATING TO any importation or exportation of the DISPUTED PRODUCT by YOU.

33.     DOCUMENTS RELATING TO all profits received by YOU from the sale of the DISPUTED PRODUCT.

34.     Insurance policies RELATING TO the claims asserted by PLAINTIFF against YOU in this lawsuit.

35.     DOCUMENTS establishing, referring to or RELATING TO ALL PERSONS who have personal knowledge of facts concerning this action or the subject matter of this action, and the substance of those facts.

36.     DOCUMENTS RELATING TO, identifying or referring to all PERSONS YOU expect to call as expert witnesses at trial, the area(s) of expertise and subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, all written reports of each expert, the most recent resume or curriculum

vitae of each expert and all notes, diagrams, photographs, videotapes or other documents prepared or reviewed by each expert.

37.     Written or recorded statements and DOCUMENTS concerning this action or the subject matter of this action.

38.     All DOCUMENTS that support the COUNTERCLAIMS.

39.     All DOCUMENTS that support YOUR contention in paragraph 15 of the COUNTERCLAIMS that "Adobe published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications."

40.     All DOCUMENTS that support YOUR contention in paragraph 16 of the COUNTERCLAIMS that "Adobe and SIIA, acting in concert, published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications."

41.     All DOCUMENTS that support YOUR contention in paragraph 17 of the COUNTERCLAIMS that "The statements in the press release concerning Christenson and SSI were false and defamatory."

42.     All DOCUMENTS that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

43.     All DOCUMENTS that support YOUR contention in paragraph 26 of the COUNTERCLAIMS that "Adobe and SIIA knowingly and maliciously made and published false, defamatory, and unprivileged statements to third parties…"

44.     All DOCUMENTS that support YOUR contention in paragraph 33 of the COUNTERCLAIMS that "As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000."

45.     All DOCUMENTS that support any damage sustained by YOU at all.

46.     All DOCUMENTS that support YOUR contention in paragraph 38 of the COUNTERCLAIMS that YOU "…and SSI are entitled to recover punitive damages."

47.     All DOCUMENTS that support YOUR contention in paragraph 63 of the COUNTERCLAIMS that "At all times relevant herein, SIIA was an alter ego and / or instrumentality of Adobe and its principals."

48.     All DOCUMENTS that support YOUR contention in paragraph 64 of the COUNTERCLAIMS that "SIIA is so influenced, governed, and controlled by Adobe and its principals, that SIIA is the alter ego and / or instrumentality of Adobe and its principals.

49.     All DOCUMENTS that support YOUR contention in paragraph 65 of the COUNTERCLAIMS that "There is such unity of interest and ownership and control between Adobe and its principals, and SIIA, that they are inseparable from each other."

50.     All DOCUMENTS that support YOUR contention in paragraph 66 of the COUNTERCLAIMS that "Adherence to the fiction of separate entity between Adobe and its principals, and SIIA, would, under the circumstances, sanction a fraud or promote injustice to the detriment of Christenson and SIIA."

51.     All DOCUMENTS that support YOUR contention in paragraph 67 of the COUNTERCLAIMS that "By reason of the foregoing, it has been necessary for Christenson and SIIA to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs."

52.     All DOCUMENTS that support "Defamation and Defamation *Per Se*" as a proper claim brought by YOU against Adobe.

53.     All DOCUMENTS that support "False Light" as a proper claim brought by YOU against Adobe.

54. All DOCUMENTS that support "Business Disparagement" as a proper claim brought by YOU against Adobe.

55. All DOCUMENTS that support "Aiding and Abetting" as a proper claim brought by YOU against Adobe.

56. All DOCUMENTS that support any claim for "Aiding and Abetting".

57. All DOCUMENTS that support "Civil Conspiracy" as a proper claim brought by YOU against Adobe.

58. All DOCUMENTS that support any claim for "Civil Conspiracy".

59. All DOCUMENTS that support "Alter Ego / Instrumentality" as a proper claim brought by YOU against Adobe.

60. All DOCUMENTS that support any claim for "Alter Ego / Instrumentality".

61. DOCUMENTS that provide evidentiary support for the factual basis for the allegations of YOUR affirmative defenses contained in YOUR ANSWER.

62. All DOCUMENTS any witness identified by YOU in YOUR initial disclosures or any supplemental disclosures intends to authenticate, introduce, or reference at trial.

63. DOCUMENTS that support any of YOUR affirmative defenses contained in YOUR ANSWER.

64. DOCUMENTS, demonstrative aids, summaries or other items that YOU intend to utilize at the trial of this action, whether as an exhibit or to assist in any way the testimony of any witness.

65. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims relevant to YOUR responses to the Interrogatories.

66. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or denials relevant to YOUR responses to the Requests for Admission.

67. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or defenses relevant to the COMPLAINT.

1

68.     All DOCUMENTS identified in YOUR initial disclosures.

2

3   DATED: *August 24, 2010*                    J. Andrew Coombs, A Professional Corp.

4                                               By: _____

5                                                      J. Andrew Coombs
                                                       Anne S. Wang

6                                               Attorneys for Plaintiff and Counterdefendant Adobe
                                                Systems Incorporated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**Copyright Registrations**

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |

| | |
|---|---|
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS3 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |

| | |
|---|---|
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
| --- | --- | --- |
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
|---|---|---|
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE
SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

Katrina Bartolome
Katrina Bartolome

J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Designated Counsel:
Bryce K. Earl (SBN 7685)
bearl@nevadafirm.com
James D. Boyle (SBN 8384)
jboyle@nevadafirm.com
Kimberly J. Cooper (SBN 9533)
kcooper@nevadafirm.com
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     (702) 791-0308
Facsimile:     (702) 791-1912

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Adobe Systems Incorporated, | ) | Case No. 2:10-CV-0422-LRH-LRL |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST SET OF |
| v. | ) | REQUESTS FOR PRODUCTION OF |
| | ) | DOCUMENTS TO DEFENDANT |
| Joshua Christenson, et al., | ) | CHRISTENSON |
| | ) | |
| Defendants. | ) | |
| ———————————— | ) | |
| | ) | |
| Joshua Christenson, et al. | ) | |
| | ) | |
| Counterclaimants, | ) | |
| v. | ) | |
| | ) | |
| Adobe Systems Incorporated, et al., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| ———————————— | ) | |

PROPOUNDING PARTY:          Adobe Systems Incorporated

RESPONDING PARTY:           Joshua Christenson, an individual and d/b/a

                            www.softwaresurplus.com

SET NO.:                    One

Pursuant to Fed. R. Civ. P. 34, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com ("Defendant") make available for inspection and copying the following documents and things, thirty days from personal service, and thirty-three days from mail service of these requests, at the offices of J. Andrew Coombs, A P.C., 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

A.      **Definitions**

1.      "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

2.      "DEFENDANT" means and refers to Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

3.      "DEFENDANTS" means and refers to DEFENDANT and co-Defendant Software Surplus Inc.

4.      "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

5.      "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

6.      "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

7.      "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses,

depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8.     "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9.     "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10.     "PERSON" or "PERSONS" means and refers not only to an individual, but also to any and all entities, including, but not limited to, any firm, corporation, partnership, proprietorship, association, joint venture, or any other legal entity, division, department or unit thereof, and any employees or former employees thereof.

11.     "COMMUNICATION" means and refers to any verbal, written or symbolic expressions or interchange of any type.

12.     "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, and whether or not claimed to be privileged or otherwise excludable from discovery, the original and any copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in your possession, custody or control, including, but not limited to, any letters, correspondence, emails, intra-office communications, minutes and/or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions of counsel, opinions and/or reports of consultants, drawings, artwork, photographs, emails, films, video tapes, compact discs, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, microfilms, memoranda, work papers, work sheets, work records, literature, reports,

notes, drafts, diaries, appointment books, calendars, telephone records, messages, telegrams, books, notebooks, pamphlets, brochures, periodicals, publications, advertisements, press releases, contracts, purchase orders, invoices, receipts, estimates, price lists, cost sheets, estimating sheets, ledgers, bills, bids, time cards, and any other records, writings, or computer input or output, working papers, studies, charts, graphs, indexes and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise.  The term "DOCUMENT" also means every copy of a DOCUMENT where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

13.  "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any person identified, to locate, recognize and request production of any DOCUMENT identified, to inquire further about any oral communication identified, and specifically the following information:  (a) when used in reference to a natural person, the individual's full name, present or last known residence and business address, email address, and present or last known position or business affiliation; (b) when used in reference to a company, the company's full name, form of organization, the present or last known address of its principal place of business, the date on which it commenced doing business, each and every officer of the company and each and every stockholder of the company; (c) when used in reference to a DOCUMENT, the DOCUMENT'S date and author, the type of DOCUMENT, the addressee(s), signatories, parties or other individuals identified therein, its present location or custodian and a brief description of its contents; (d) when used in reference to a communication, the date, identity of the parties, the type of communication and a brief description of its contents.

14.     "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, identifying, reflecting, representing or being connected with a stated subject matter or any aspect thereof.

**B.     Instructions**

1.     YOU shall clearly mark each DOCUMENT and/or thing as responsive to the particular request(s) which require(s) its production.

2.     YOUR response to this Request for Production shall include all DOCUMENTS and information within your possession, custody or control, including, but not limited to, documents and information in the possession, custody or control of any of your employees, accountants, consultants, attorneys or other agents or representatives.

3.     In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

4.     The specific or duplicative or overlapping nature of any of the DOCUMENT descriptions set forth below shall not be construed to limit the generality or breadth of any other DOCUMENT description contained in this or any other Requests for Production.

5.     If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for non-production, you shall set forth, with respect to each DOCUMENT for which the privilege is claimed: (a) the type of DOCUMENT; (b) its date, author and/or preparer, recipient(s) and/or addressee(s); (c) its subject matter (without revealing the information as to which the privilege is claimed); (d) the privilege(s) claimed; and (e) in detail, each and every fact or basis on which the privilege is claimed.

6. DOCUMENTS which in their original condition were stapled, slipped or otherwise fastened together shall be produced in such form. DOCUMENTS which in their original condition are part of a computer disc or diskette or compact disc shall be produced by way of providing the disc, diskette, compact disc or computer itself along with any appropriate passwords, access codes or other information or input necessary to access the data contained therein.

7. DOCUMENTS responsive to each numbered paragraph are to be separately grouped by paragraph. If any portion of a DOCUMENT is responsive to this request, the entire DOCUMENT is to be produced. In order to facilitate the review and avoid any possibility of misinterpretation, place all DOCUMENTS produced in file folders bearing the number of the paragraph to which they are responsive.

8. When, after a reasonable and thorough investigation using due diligence, YOU are unable to produce a DOCUMENT requested, specify in full and complete detail whether such DOCUMENT existed or exists and, if so, the reason the DOCUMENT is not available for production.

9. This request is continuing in nature, requiring YOU to supplement YOUR response and YOUR production of DOCUMENTS in accordance with the Fed. R. Civ. P. 26(e) with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following YOUR initial response.

**C. Requests For Production**

1. DOCUMENTS RELATING TO any litigation with which YOU have ever been involved, whether as plaintiff or defendant, which involve or relate to legal or factual matters similar to those in this litigation, including, but not limited to, issues of copyright, trademark, service mark and unfair competition violations.

2. DOCUMENTS RELATING TO any United States Customs Ruling or inquiry RELATING TO YOU regarding copyrights, trademarks, service marks or any other intellectual property rights.

Adobe v. Christenson, et al.: Plaintiff's First Requests For Prod. Documents (Christenson)                - 6 -

Exhibit D, Page 102

3.      DOCUMENTS RELATING TO importation into the United States of America of the DISPUTED PRODUCT and its component parts, if any, including, but not limited to, letters of credit, transactions, bills of lading, customs declarations, invoices, purchase orders, certification documents, weight documentation, container identification documents and government authorization documents.

4.      DOCUMENTS sufficient to IDENTIFY the addresses for facilities which YOU use for receiving, processing, and/or warehousing the DISPUTED PRODUCT.

5.      DOCUMENTS RELATING TO PLAINTIFF.

6.      DOCUMENTS RELATING TO the COPYRIGHTS.

7.      DOCUMENTS RELATING TO the TRADEMARKS.

8.      DOCUMENTS RELATING TO the creation and maintenance of www.softwaresurplus.com.

9.      DOCUMENTS RELATING TO YOUR affiliation with co-Defendant Software Surplus Inc.

10.     DOCUMENTS RELATING TO any shipment by YOU of the DISPUTED PRODUCT.

11.     DOCUMENTS RELATING TO any copyright owned by PLAINTIFF.

12.     DOCUMENTS RELATING TO any trademark owned by PLAINTIFF.

13.     Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of the DISPUTED PRODUCT.

14.     Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of any software.

15.     DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the DISPUTED PRODUCT.

16.     DOCUMENTS RELATING TO any licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell any product YOU distribute.

17. Any and all DOCUMENTS, including emails, reflecting any financial gain received by YOU RELATING TO the purchase, sale, offer for sale, distributing and/or manufacturing of the DISPUTED PRODUCT.

18. DOCUMENTS RELATING TO the cost incurred by YOU in connection with the purchase, sale, offer for sale, manufacture and/or distribution of the DISPUTED PRODUCT.

19. DOCUMENTS RELATING TO any and all changes, "running changes," alterations, modifications and/or variations of the design of the DISPUTED PRODUCT.

20. DOCUMENTS including, but not limited to, drawings, artwork, models, molds, screens, patterns, plans, guides, matrices, mattes, forms, negatives, directions, instructions or any other material used in connection with the creation or manufacture of the DISPUTED PRODUCT.

21. DOCUMENTS RELATING TO the design, manufacture, distribution, sale, offer for sale, delivery, storage and/or inventory of the DISPUTED PRODUCT, including, but not limited to, invoices, contracts and correspondence.

22. DOCUMENTS RELATING TO any advertising of the DISPUTED PRODUCT on www.softwaresurplus.com or elsewhere.

23. DOCUMENTS RELATING TO the PERSONS who designed, manufactured, distributed, sold, offered for sale, shipped or otherwise supplied the DISPUTED PRODUCT.

24. DOCUMENTS RELATING TO the PERSONS who purchased the DISPUTED PRODUCT from YOU.

25. Contracts or agreements YOU have with any third party(ies) RELATING TO the DISPUTED PRODUCT.

26. DOCUMENTS RELATING TO and representative samples of each variation of any advertising or promotional materials used by YOU in connection with the

promotion, marketing or sale of the DISPUTED PRODUCT, including, but not limited to, price displays and/or lists, labels and/or emblems, signs and displays, stationery and business cards, catalogues, flyers, brochures, letters, memoranda and packaging.

27.   DOCUMENTS reflecting YOUR financial statements for calendar or fiscal years 2006 through the present.

28.   DOCUMENTS RELATING TO the transfer of any assets by YOU to any third party(ies) from 2006 until the present.

29.   DOCUMENTS RELATING TO the revenue YOU received from the sale of the DISPUTED PRODUCT.

30.   DOCUMENTS RELATING TO all of the costs incurred by YOU from the sale of the DISPUTED PRODUCT.

31.   DOCUMENTS RELATING TO all YOUR purchases of the DISPUTED PRODUCT from YOUR suppliers.

32.   DOCUMENTS RELATING TO any importation or exportation of the DISPUTED PRODUCT by YOU.

33.   DOCUMENTS RELATING TO all profits received by YOU from the sale of the DISPUTED PRODUCT.

34.   Insurance policies RELATING TO the claims asserted by PLAINTIFF against YOU in this lawsuit.

35.   DOCUMENTS establishing, referring to or RELATING TO ALL PERSONS who have personal knowledge of facts concerning this action or the subject matter of this action, and the substance of those facts.

36.   DOCUMENTS RELATING TO, identifying or referring to all PERSONS YOU expect to call as expert witnesses at trial, the area(s) of expertise and subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, all written reports of each expert, the most recent resume or curriculum

vitae of each expert and all notes, diagrams, photographs, videotapes or other documents prepared or reviewed by each expert.

37.     Written or recorded statements and DOCUMENTS concerning this action or the subject matter of this action.

38.     All DOCUMENTS that support the COUNTERCLAIMS.

39.     All DOCUMENTS that support YOUR contention in paragraph 15 of the COUNTERCLAIMS that "Adobe published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications."

40.     All DOCUMENTS that support YOUR contention in paragraph 16 of the COUNTERCLAIMS that "Adobe and SIIA, acting in concert, published the press release to third parties, including, *inter alia*, news media outlets, news services, and publications."

41.     All DOCUMENTS that support YOUR contention in paragraph 17 of the COUNTERCLAIMS that "The statements in the press release concerning Christenson and SSI were false and defamatory."

42.     All DOCUMENTS that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

43.     All DOCUMENTS that support YOUR contention in paragraph 26 of the COUNTERCLAIMS that "Adobe and SIIA knowingly and maliciously made and published false, defamatory, and unprivileged statements to third parties…"

44.     All DOCUMENTS that support YOUR contention in paragraph 33 of the COUNTERCLAIMS that "As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000."

45.     All DOCUMENTS that support any damage sustained by YOU at all.

46.     All DOCUMENTS that support YOUR contention in paragraph 38 of the
        COUNTERCLAIMS that YOU "…and SSI are entitled to recover punitive
        damages."

47.     All DOCUMENTS that support YOUR contention in paragraph 63 of the
        COUNTERCLAIMS that "At all times relevant herein, SIIA was an alter ego and /
        or instrumentality of Adobe and its principals."

48.     All DOCUMENTS that support YOUR contention in paragraph 64 of the
        COUNTERCLAIMS that "SIIA is so influenced, governed, and controlled by
        Adobe and its principals, that SIIA is the alter ego and / or instrumentality of Adobe
        and its principals.

49.     All DOCUMENTS that support YOUR contention in paragraph 65 of the
        COUNTERCLAIMS that "There is such unity of interest and ownership and control
        between Adobe and its principals, and SIIA, that they are inseparable from each
        other."

50.     All DOCUMENTS that support YOUR contention in paragraph 66 of the
        COUNTERCLAIMS that "Adherence to the fiction of separate entity between
        Adobe and its principals, and SIIA, would, under the circumstances, sanction a
        fraud or promote injustice to the detriment of Christenson and SIIA."

51.     All DOCUMENTS that support YOUR contention in paragraph 67 of the
        COUNTERCLAIMS that "By reason of the foregoing, it has been necessary for
        Christenson and SIIA to obtain the services of an attorney to prosecute this action,
        and Christenson and SSI are entitled to recover their reasonable attorney's fees and
        costs."

52.     All DOCUMENTS that support "Defamation and Defamation *Per Se*" as a proper
        claim brought by YOU against Adobe.

53.     All DOCUMENTS that support "False Light" as a proper claim brought by YOU
        against Adobe.

54. All DOCUMENTS that support "Business Disparagement" as a proper claim brought by YOU against Adobe.

55. All DOCUMENTS that support "Aiding and Abetting" as a proper claim brought by YOU against Adobe.

56. All DOCUMENTS that support any claim for "Aiding and Abetting".

57. All DOCUMENTS that support "Civil Conspiracy" as a proper claim brought by YOU against Adobe.

58. All DOCUMENTS that support any claim for "Civil Conspiracy".

59. All DOCUMENTS that support "Alter Ego / Instrumentality" as a proper claim brought by YOU against Adobe.

60. All DOCUMENTS that support any claim for "Alter Ego / Instrumentality".

61. DOCUMENTS that provide evidentiary support for the factual basis for the allegations of YOUR affirmative defenses contained in YOUR ANSWER.

62. All DOCUMENTS any witness identified by YOU in YOUR initial disclosures or any supplemental disclosures intends to authenticate, introduce, or reference at trial.

63. DOCUMENTS that support any of YOUR affirmative defenses contained in YOUR ANSWER.

64. DOCUMENTS, demonstrative aids, summaries or other items that YOU intend to utilize at the trial of this action, whether as an exhibit or to assist in any way the testimony of any witness.

65. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims relevant to YOUR responses to the Interrogatories.

66. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or denials relevant to YOUR responses to the Requests for Admission.

67. DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or defenses relevant to the COMPLAINT.

68.     All DOCUMENTS identified in YOUR initial disclosures.

DATED:  August 24 2010                J. Andrew Coombs, A Professional Corp.

                                      By: _____
                                          J. Andrew Coombs
                                          Annie S. Wang
                                      Attorneys for Plaintiff and Counterdefendant Adobe
                                      Systems Incorporated

**EXHIBIT A**
**Copyright Registrations**

| Title of Work | Copyright Registration No. |
| --- | --- |
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |

| | |
|---|---|
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS4 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |

| | |
|---|---|
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

Adobe v. Christenson, et al.: Plaintiff's First Requests For Prod.
Documents (Christenson)

- 20 -

Exhibit D, Page 116

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
|---|---|---|
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
|-----------|---------------------|----------------------------|
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

Adobe v. Christenson, et al.: Plaintiff's First Requests For Prod.
Documents (Christenson)                    - 23 -

Exhibit D, Page 119

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

Katrina Bartolome
Katrina Bartolome

1    J. Andrew Coombs (SBN 123881)
     *andy@coombspc.com*
2    Annie S. Wang (SBN 243027)
     *annie@coombspc.com*
3    J. Andrew Coombs, A P. C.
     517 E. Wilson Ave., Suite 202
4    Glendale, California 91206
     Telephone:  (818) 500-3200
5    Facsimile:   (818) 500-3201

6    Designated Counsel:
     Bryce K. Earl (SBN 7685)
7    *bearl@nevadafirm.com*
     James D. Boyle (SBN 8384)
8    *jboyle@nevadafirm.com*
     Kimberly J. Cooper (SBN 9533)
9    *kcooper@nevadafirm.com*
     Santoro, Driggs, Walch, Kearney, Holley & Thompson
10   400 South Fourth Street, Third Floor
     Las Vegas, Nevada 89101
11   Telephone:      (702) 791-0308
     Facsimile:      (702) 791-1912

12

13   Attorneys for Plaintiff
     Adobe Systems Incorporated

14

15                UNITED STATES DISTRICT COURT

16                  DISTRICT OF NEVADA

17

| | | |
|---|---|---|
| Adobe Systems Incorporated, | ) | Case No. 2:10-CV-0422-LRH-LRL |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST SET OF |
| v. | ) | REQUESTS FOR ADMISSION TO |
| | ) | DEFENDANT SOFTWARE SURPLUS |
| Joshua Christenson, et al., | ) | INC. |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| Joshua Christenson, et al., | ) | |
| | ) | |
| Counterclaimants, | ) | |
| v. | ) | |
| | ) | |
| Adobe Systems Incorporated, et al., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| ———————————————— | ) | |

PROPOUNDING PARTY:        Adobe Systems Incorporated

RESPONDING PARTY:        Software Surplus Inc.

SET NO.:                 One

Pursuant to Fed. R. Civ. P. 36, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Software Surplus Inc. ("Defendant") answer the following admissions of fact. The matters of which these admissions are requested shall be deemed admitted unless answered within thirty (30) days after service of this request, and served upon PLAINTIFF'S counsel at the offices of J. Andrew Coombs, J. Andrew Coombs, A Professional Corporation, 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

**A.**     **Definitions**

1.     "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

2.     "DEFENDANT" means and refers to Defendant Software Surplus Inc.

3.     "DEFENDANTS" means and refers to DEFENDANT and co- Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

4.     "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

5.     "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

6.     "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

7.     "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or

COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8.      "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9.      "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10.     "PRESS RELEASE" means and refers to the press release referenced in Defendants' COUNTERCLAIMS.

11.     "NET PROFIT" means the total profit after deducting all costs from gross receipts.

**B.      Instructions**

1.      If YOU are unable to admit any of the following statements of fact, YOU are to specifically deny the statements of fact or set forth in detail the reasons why YOU cannot truthfully admit the truth of any such statements.  If YOU must qualify an answer or deny only a part of the statement of fact, YOU shall specify so much of it as is true and qualify or deny the remainder.  YOU may not give lack of information or knowledge as a reason for failure to admit or deny unless YOU state that YOU have made reasonable inquiry and that the information known or easily obtainable by YOU is insufficient to enable YOU to admit or deny the statement of fact.  If an objection is made, the reasons therefore shall be stated.

2.      In construing the following statements of fact: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

**C.      Requests for Admissions**

1.      PLAINTIFF owns valid and effective copyright registrations for the copyrights listed in Exhibit A attached hereto.

2.      PLAINTIFF owns valid and effective trademark registrations for the trademarks listed in Exhibit B attached hereto.

3.      Plaintiff owns copyright registration TX0004001286 for Acrobat Catalog for Windows.

4.      Plaintiff owns copyright registration TX0001644799 for Acrobat.

5.      Plaintiff owns copyright registration TX0006390830 for Adobe Acrobat 8 Professional for Macintosh.

6.      Plaintiff owns copyright registration TX0006390827 for Adobe Acrobat 8 Professional for Windows.

7.      Plaintiff owns copyright registration TX0006390829 for Adobe Acrobat 8 Standard for Macintosh.

8.      Plaintiff owns copyright registration TX0006390828 for Adobe Acrobat 8 Professional for Windows.

9.      Plaintiff owns copyright registration TX0006277334 for Adobe After Effects : 7.0 Professional for Windows.

10.     Plaintiff owns copyright registration TX0005777908 for Adobe After Effects : Version 6.0 for Macintosh.

11.     Plaintiff owns copyright registration TX0005777907 for Adobe After Effects : Version 6.0 for Windows.

12.     Plaintiff owns copyright registration TX0006277333 for Adobe After Effects 7.0 Standard for Macintosh.

13.     Plaintiff owns copyright registration TX0006277335 for Adobe After Effects 7.0 Standard for Windows.

14.     Plaintiff owns copyright registration TX0006457851 for Adobe After Effects CS3 Professional for Windows and Macintosh.

15.     Plaintiff owns copyright registration TX0006457918 for Adobe Creative Suite 3 Master Collection for Windows and Macintosh.

16.     Plaintiff owns copyright registration TX0006898921 for Adobe Creative Suite 4 Design Premium.

17.     Plaintiff owns copyright registration TX0006898808 for Adobe Creative Suite 4 Design Standard.

18.     Plaintiff owns copyright registration TX0006898920 for Adobe Creative Suite 4 Master Collection.

19.     Plaintiff owns copyright registration TX0006898757 for Adobe Creative Suite 4 Production Premium.

20.     Plaintiff owns copyright registration TX0006898805 for Adobe Creative Suite 4 Web Premium.

21.     Plaintiff owns copyright registration TX0005844481 for Adobe Creative Suite for Macintosh.

22.     Plaintiff owns copyright registration TX0005844480 for Adobe Creative Suite for Windows.

23.     Plaintiff owns copyright registration TX0006898688 for Adobe Dreamweaver CS4.

24.     Plaintiff owns copyright registration TX0006898725 for Adobe Encore CS4.

25.     Plaintiff owns copyright registration TX0006898722 for Adobe Fireworks CS4.

26.     Plaintiff owns copyright registration TX0006531604 for Adobe Flash CS3 Professional for Windows and Macintosh.

27.     Plaintiff owns copyright registration TX0006898680 for Adobe Flash CS4 Professional.

28.     Plaintiff owns copyright registration TX0006898753 for Adobe Illustrator CS4.

29.     Plaintiff owns copyright registration TX0003380406 for Adobe Illustrator.

30.     Plaintiff owns copyright registration TX0006898737 for Adobe InDesign CS4.

31.     Plaintiff owns copyright registration TX0006898756 for Adobe OnLocation CS4.

32.     Plaintiff owns copyright registration TX0006528611 for Adobe Photoshop CS3 for Windows and Macintosh.

33.     Plaintiff owns copyright registration TX0006898742 for Adobe Photoshop CS4.

34.     Plaintiff owns copyright registration TX0006898750 for Adobe Photoshop CS4 Extended.

35.     Plaintiff owns copyright registration TX0006277687 for Adobe Photoshop Elements : 4.0 for Macintosh.

36.     Plaintiff owns copyright registration TX0003551958 for Adobe Photoshop Macintosh.

37.     Plaintiff owns copyright registration TX0003596143 for Adobe Photoshop Windows.

38.     Plaintiff owns copyright registration TX0004068613 for Adobe Photoshop.

39.     Plaintiff owns copyright registration TX0003120306 for Adobe Photoshop.

40.     Plaintiff owns copyright registration TX0002897138 for Adobe Photoshop.

41.     Plaintiff owns copyright registration TX0006898667 for Adobe Premiere Pro CS4.

42.     Plaintiff owns copyright registration TX0006457903 for Adobe Soundbooth CS3 for Windows and Macintosh.

43.     Plaintiff owns copyright registration TX0006898727 for Adobe Soundbooth CS4.

44.     Plaintiff owns copyright registration TX0006471404 for Contribute 4 (Mac).

45.     Plaintiff owns copyright registration TX0006131282 for Illustrator CS2 (Mac).

46.     Plaintiff owns copyright registration TX0006131283 for Illustrator CS2 (Win).

47.     Plaintiff owns copyright registration TX0006139165 for InDesign CS2 (Mac).

48.     Plaintiff owns copyright registration TX0005777909 for Premiere 7.0.

49.     Plaintiff owns copyright registration TX0006275628 for Premiere Pro 2.0.

50.     Plaintiff owns trademark registration 2,081,343 for "A".

51.     Plaintiff owns trademark registration 1,988,710 for "A".

52.     Plaintiff owns trademark registration 3,032,288 for "A".

53.     Plaintiff owns trademark registration 1,901,149 for "A Adobe".

54.     Plaintiff owns trademark registration 1,852,943 for "A".

55.     Plaintiff owns trademark registration 1,988,711 for "A".

56.     Plaintiff owns trademark registration 2,068,523 for "ACROBAT".

57.     Plaintiff owns trademark registration 1,833,219 for "ACROBAT".

58.     Plaintiff owns trademark registration 1,475,793 for "ADOBE".

59.     Plaintiff owns trademark registration 1,486,895 for "ADOBE".

60.     Plaintiff owns trademark registration 1,956,216 for "ADOBE".

61.     Plaintiff owns trademark registration 1,988,712 for "ADOBE".

62.     Plaintiff owns trademark registration 3,029,061 for "ADOBE".

63.     Plaintiff owns trademark registration 1,479,408 for "ADOBE ILLUSTRATOR".

64.     Plaintiff owns trademark registration 1,651,380 for "ADOBE PHOTOSHOP".

65.     Plaintiff owns trademark registration 1,769,184 for "ADOBE PREMIERE".

66.     Plaintiff owns trademark registration 1,970,781 for "AFTER EFFECTS".

67.     Plaintiff owns trademark registration 3,143,377 for "CONTRIBUTE".

68.     Plaintiff owns trademark registration 3,111,341 for "CREATIVE SUITE".

69.     Plaintiff owns trademark registration 2,294,926 for "DREAMWEAVER".

70.     Plaintiff owns trademark registration 2,949,766 for "ENCORE".

71.     Plaintiff owns trademark registration 2,043,911 for "FIREWORKS".

72.     Plaintiff owns trademark registration 2,855,434 for "FLASH".

73.     Plaintiff owns trademark registration 2,852,245 for "FLASH".

74.     Plaintiff owns trademark registration 3,473,651 for "FLASH LITE".

75.     Plaintiff owns trademark registration 2,060,488 for "ILLUSTRATOR".

76.     Plaintiff owns trademark registration 2,439,079 for "INDESIGN".

77.     Plaintiff owns trademark registration 3,288,605 for "LIGHTROOM".

78.     Plaintiff owns trademark registration 3,427,904 for "P".

79.     Plaintiff owns trademark registration 1,850,242 for "PHOTOSHOP".

80.     Plaintiff owns trademark registration 2,920,764 for "PHOTOSHOP".

81.     Plaintiff owns trademark registration 3,350,284 for "SOUNDBOOTH".

82.     YOU advertised DISPUTED PRODUCT.

83.     YOU offered for sale DISPUTED PRODUCT.

84.     YOU sold DISPUTED PRODUCT.

85.     YOU distributed DISPUTED PRODUCT.

86.     YOU did not have permission from PLAINTIFF to advertise the DISPUTED PRODUCT.

87.     YOU did not have permission from PLAINTIFF to offer for sale the DISPUTED PRODUCT.

88.     YOU did not have permission from PLAINTIFF to sell the DISPUTED PRODUCT.

89.     YOU did not have permission from PLAINTIFF to distribute the DISPUTED PRODUCT.

90.     YOU did not have permission from PLAINTIFF to advertise any product.

91.     YOU did not have permission from PLAINTIFF to offer for sale any product.

92.     YOU did not have permission from PLAINTIFF to sell any product.

93.     YOU did not have permission from PLAINTIFF to distribute any product.

94.     YOU earned a profit from the sale of the DISPUTED PRODUCT and each of them.

95.     YOU earned a NET PROFIT in excess of $50,000.00 from the sale of the DISPUTED PRODUCT.

96.     YOU earned a NET PROFIT in excess of $100,000.00 from the sale of the DISPUTED PRODUCT.

97.     YOU earned a NET PROFIT in excess of $200,000.00 from the sale of the DISPUTED PRODUCT.

98.     YOU earned a NET PROFIT in excess of $500,000.00 from the sale of the DISPUTED PRODUCT.

99.     YOU earned a NET PROFIT in excess of $1,000,000.00 from the sale of the DISPUTED PRODUCT.

100.     PLAINTIFF owns the exclusive rights to reproduce, distribute or license the reproduction and distribution of the COPYRIGHTS in the United States.

101.     YOUR advertisement of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

102.     YOUR offer for sale DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

103.     YOUR sale of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

104.     YOUR distribution of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

105.     PLAINTIFF owns the exclusive right to reproduce, distribute or license the reproduction and distribution of product bearing any of the TRADEMARKS in the United States.

106.     YOUR advertisement of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

107.     YOUR offer for sale DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

108.     YOUR sale of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

109.     YOUR distribution of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

110.     YOU sold unauthorized copies of PLAINTIFF'S software.

111.     YOU sold unlicensed product bearing at least one of the TRADEMARKS.

112.     YOU sold unlicensed product that contained at least one of the copyrighted software programs owned by PLAINTIFF.

113.     The DISPUTED PRODUCT was once licensed by Adobe.

114.     The license under which the DISPUTED PRODUCT was distributed prohibited its sale.

115.     The license under which the DISPUTED PRODUCT was distributed prohibited its sale by YOU.

116.     www.softwaresurplus.com is YOUR website.

117.     YOU own www.softwaresurplus.com.

118.     YOU operate www.softwaresurplus.com.

119.     www.softwaresurplus.com accepts payment using the services of PayPal, Inc.

120.     www.softwaresurplus.com accepts payment using the services of Google Checkout.

121.     www.softwaresurplus.com accepts payment using the services of Yahoo! Inc.

122.     Payment for sales on www.softwaresurplus.com were accepted using other accounts not listed herein.

123.     YOU facilitated the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

124.     YOU collected money from the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

125.     YOU offered for sale DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

126.     YOU offered for sale DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

127.     YOU sold DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

128.     YOU sold DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

129.     YOU purchased keywords that were the same as one of the TRADEMARKS for advertising purposes.

130.   YOU used at least one of the TRADEMARKS in YOUR listings for software on www.softwaresurplus.com.

131.   YOU completed sales of the DISPUTED PRODUCT through the website www.softwaresurplus.com.

132.   YOU completed sales of the DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

133.   Prior to the filing of the COMPLAINT against YOU, YOU knew that the DISPUTED PRODUCT constituted unauthorized product.

134.   Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted copyright infringement.

135.   Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted trademark infringement.

136.   Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to sell the DISPUTED PRODUCT.

137.   Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to advertise for sale the DISPUTED PRODUCT.

138.   At least some of the products advertised for sale by YOU are unauthorized copies of the COPYRIGHTS.

139.   At least some of the products advertised for sale by YOU use unauthorized copies of the TRADEMARKS.

140.   YOU purchased the DISPUTED PRODUCT at prices below retail prices at the time of purchase.

141.   YOU shipped the DISPUTED PRODUCT to YOUR customers.

142.   YOU imported DISPUTED PRODUCT.

143.   YOU exported DISPUTED PRODUCT.

144.   YOU did not always obtain proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

145.    YOU never obtained proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

146.    YOU did not always obtain proof of academic affiliation before shipping to a customer DISPUTED PRODUCT identified as an educational or academic version.

147.    YOU never obtained proof of academic affiliation before shipping DISPUTED PRODUCT identified as an educational or academic version to a customer.

148.    YOU advertised Adobe software product as a "Full" version when it was an academic version.

149.    YOU sold Adobe product in DVD cases alone.

150.    OEM software is distributed with specific hardware.

151.    OEM software is not to be unbundled from the hardware it came with.

152.    YOU sold OEM Adobe product without the accompanying original hardware.

153.    YOU sold Adobe product that differed from retail versions.

154.    YOU sold Adobe product with packaging that differed from their retail equivalents.

155.    YOU sold Adobe product that stated on its packaging that it was "Made in Singapore".

156.    Adobe did not draft the PRESS RELEASE.

157.    Adobe did not approve the PRESS RELEASE.

158.    Adobe's approval was never required for the PRESS RELEASE.

159.    Adobe did not issue the PRESS RELEASE.

160.    Adobe did not publish the PRESS RELEASE.

161.    Adobe did not comment in the PRESS RELEASE.

162.    Adobe did not have anything to do with the PRESS RELEASE.

163.    The reviews attached hereto as Exhibit C were posted on resellerratings.com.

164.    Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www.resellerratings.com/store/Software_Surplus (hereinafter "resellerratings.com").

165.   Individuals identifying themselves as YOUR customers have posted complaints about YOU at resellerratings.com.

166.   The resellerratings.com reviews for softwaresurplus.com included one post dated 7/19/10 that stated "THIS IS A SCAM!!"

167.   The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "These people are crooks and I should have heeded the warnings I read online and not purchased from them."

168.   The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "Deceptive business practices to be for sure!"

169.   The resellerratings.com reviews for softwaresurplus.com included one post dated 2/1/10 that stated "Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far.  I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes."

170.   The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER BEWARE!!!"

171.   The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "THEY ARE RUNNING A SCAM!!"

172.   The resellerratings.com reviews for softwaresurplus.com included one post dated 11/7/08 that stated "Like everyone else, I will never buy anything from this company again and strongly advise against anyone else doing so as well."

173.   The resellerratings.com reviews for softwaresurplus.com included one post dated 9/19/08 that stated "WARNING: THIS COMPANY IS NOT REPUTABLE."

174.   The resellerratings.com reviews for softwaresurplus.com included one post dated 4/23/08 that stated "I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney!"

175.    The resellerratings.com reviews for softwaresurplus.com included one post dated 12/19/06 that stated "Very confusing and deceptive."

176.    The resellerratings.com reviews for softwaresurplus.com included one post dated 6/6/05 that stated "DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY."

177.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/1/05 that stated "DO NOT USE THESE PEOPLE THEY LIE AND STEAL."

178.    The reviews attached hereto as Exhibit D were posted on epinions.com.

179.    Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list (hereinafter "epinions.com").

180.    Individuals identifying themselves as YOUR customers have posted complaints about YOU at epinions.com.

181.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 01 '06 that stated "TERRIBLE!!!! Stay away from this Online Retailer!"

182.    The epinions.com reviews for Software Surplus Online Store included one post dated Aug 16 '07 that stated "BEWARE OF THIS ILLEGITIMATE WEBSITE STORE!!"

183.    The epinions.com reviews for Software Surplus Online Store included one post dated Apr 11 '09 that stated "I wish I'd researched them more carefully, rather than taking the "unbiased reviews" on their website at face value. Caveat emptor!"

184.    The epinions.com reviews for Software Surplus Online Store included one post dated Jan 15 '07 that stated "A… for AWFUL !!"

185.    The epinions.com reviews for Software Surplus Online Store included one post dated May 18 '07 that stated **"**MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS."

186.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 1 '07 that stated "Lousy, Lousy company, unprincipaled & unworthy of public trust."

187.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 6 '07 that stated "They are bad!! This company is running an illegal scam. Too many shady things about this one!!!!"

188.    The epinions.com reviews for Software Surplus Online Store included one post dated May 6 '09 that stated "They are crooks and somehow they must be brought to light, prosecuted, and jailed."

189.    The epinions.com reviews for Software Surplus Online Store included one post dated Dec 27 '07 that stated "I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!"

190.    The epinions.com reviews for Software Surplus Online Store included one post dated Jan 26 '09 that stated "**Nothing but crooks.**"

191.    The epinions.com reviews for Software Surplus Online Store included one post dated Jul 23 '09 that stated "SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!"

192.    A link for the reviews at http://www.resellerratings.com/store/Software_Surplus appear on the first page of a Google search for the search terms "software surplus."

193.    A link for the reviews at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list appear on the first page of a Google search for the search terms "software surplus."

194.    YOU have not suffered any special damages as a result of the PRESS RELEASE.

195.    None of the statements made in the PRESS RELEASE were made with actual malice.

196.    The Software & Information Industry Association had a good faith belief in the truth of the statements contained in PRESS RELEASE.

197.    The PRESS RELEASE does not state that YOU sold counterfeits.

198.    YOU were sued by Adobe for copyright infringement among other things.

199.    YOU were sued by Adobe for trademark infringement among other things.

200.    YOU were sued by Adobe for the sale of unauthorized copies of Adobe's software.

201.    Adobe's COMPLAINT alleges that you knowingly sold unauthorized copies of Adobe's software.

202.    ADOBE's COMPLAINT charged YOU with knowingly engaging in copyright infringement through the fraudulent sale of Adobe software.

203.    All of the statements in the PRESS RELEASE were true.

DATED:   *August 24, 2010*                      J. Andrew Coombs, A Professional Corp.

By: _____

J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff and Counterdefendant Adobe
Systems Incorporated

**EXHIBIT A**
**Copyright Registrations**

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |

| | |
|---|---|
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS4 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |

| | |
|---|---|
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
|---|---|---|
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,836 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

Adobe v. Christenson. et al.: Plaintiff's First Requests For          - 25 -
Admission (Software Surplus)

| | | |
|---|---|---|
| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

# EXHIBIT C



## Active Discussions



- sell air force 1 nike shox hoody ba... (0)
- nikeec.com nike shoes clothes bags boots ... (0)
- nikeec.com sell nike shoes clothes bags b... (0)
- 39dollarglasses denies its guarantee (7)
- Pleasing A Women (0)
- Pleasing A Women (0)
- DigitalWay store (42)
- SiliconJon's House of Warez (stuffFS) (0)

## Participating Stores

These stores monitor their reviews & can resolve issues.

See all 622 Merchant Members!

company is about. You would not know to do this unless you were looking for it. The images of the product are incorrect & showed us the MS Office 2010 Pro version.

This review was modified by its author, rkeytech77, on 7/23/10 11:29 AM.

**Peavey revalver software**
lowest prices anywhere Complete selection of Peavey gear
www.maxxsound.net




Ads by Google

    Reviewer: **detecsystems**    

4/20/10 6:11 PM
I am so fed up with this company! I ordered an academic version of Microsoft Project, not knowing it was academic, and returned is within a week. As of today (April 20, 2010) I still haven't received my refund. I gave them 60 days to process the return before I contacted them at which time I was told they had no record of the return so I sent my UPS tracking information to them and they still haven't responded!
These people are crooks and I should have heeded the warnings I read online and not purchased from them.
There was nowhere on the description of the product that stated it was an academic version.
They said it's on the online store disclaimer that they are an academic software supplier but after searching the entire site, the only place I could find reference to that fact was on the academic tab. Who's going to look there unless that's what you're looking for?
Deceptive business practices to be sure!

    Reviewer: **uhhhwords**    

2/24/10 1:12 PM
I've bought from this company before back in 2007 or so and got CS3 Premium. There were no problems, they had phone service assuring me that the software was legal and I could even register it with Adobe. When CS4 Master came out, I tried to see from Adobe if I can get some sort of discount since I already had most of the CS3 programs and they referred me to Software Surplus.

Anyways, I bought the FULL CS4 Master Suite from SS on Feb. 4, 2010... received it and it looked as if it were passed around a bunch and when I called Adobe, SS sold me an educational version. I tried contacting them... no response. They didn't even give me a return label.

I filed a dispute on my credit card and contacted Google Checkout. For anyone that has experienced the same thing or similar, I suggest you do the same. Google Checkout is looking into it for me as well as the credit card company.

This review was modified by its author, uhhhwords, on 2/24/10 1:16 PM.

    Reviewer: **ANDRADE**
(read my 2 reviews)

PROFILE

2/1/10 10:50 AM
Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far. I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes.

GAA

Reviewer: **drummergirrl**

PROFILE

7/22/09 11:48 AM
SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER
BEWARE!!!I ordered Adobe CS4 online from Software Surplus & rec'd it
quickly enough but knew something was wrong when there was no box or
manual with the software, just a CD case. I contacted Adobe for help
when I had problems installing the software (an incompatibility with
Windows) but Adobe informed me the software was registered to someone
else and they would not support the software in the future. My computer's
hard drive died three months later and was replaced. But when I reloaded
the CS4 software, I was unable to register it because of the previous
ownership issue. So I contacted Software Surplus a number of times but
received no response. So I have paid almost $1000 for software I can't
use. Don't be taken in by their website, it looks legit & payment is made
through Google; THEY ARE RUNNING A SCAM!!

This review was modified by its author, drummergirrl, on 7/23/09 8:01 AM.



Reviewer: **gfd**

11/7/08 7:27 PM
Order was shipped ground when 2-day service was requested. When I
called to inquire about the order, I was told "their system was down,
they'll call me back when it's working again." Never heard from them. I
kept calling for 3 days to find out where the shipment was. Eventually
received the software, no box, no manuals, only discs in the plastic cases.
I haven't tried to install because I plan on returning it, but something tells
me the serial number doesn't work. This was for Adobe CS3 Master
collection, a $1500 software package. Like everyone else, I will never buy
anything from this company again and strongly advise against anyone else
doing so as well.



Reviewer: **rcullum**

10/7/08 9:04 AM
I ordered a copy of Acrobat Pro 8 from this company and they sent me the
"For Education Bundles Only" version of the software.

It clearly stated on the packaging that is was not to be sold separately. I
tried to install it on my computer but the license key on the packaging was
invalid. I followed their instructions and emailed them twice to get a valid
license number and they did not respond.

After 30 days of not hearing from them I returned the software and they
refunded my money less $6.95 shipping and a $20.00 restocking fee. I'll
never buy from them again, as I feel I paid $26.95 to play the "Place an
Order" game on their website.



Reviewer: **WARNING**

9/19/08 12:00 PM
WARNING: THIS COMPANY IS NOT REPUTABLE.
SOFTWARE SURPLUS IS USING GOOGLE'S NAME TO MAKE IT APPEAR TO
BE A LEGITIMATE ENTERPRISE!
NO COMPANY ADDRESS OR PHONE NUMBER IS PROVIDED BY COMPANY
ON WEB SITE OR AT GOOGLE!!!!!
Software Surplus made it appear as if it mailed my software by printing
out a mailing label, but never physically mailed the software that I had
ordered. USPS states, "The U.S. Postal Service was electronically notified
by the shipper on September 16, 2008 to expect your package for mailing.
This does not indicate receipt by the USPS or the actual mailing date."
Paid $4.95 for "Rush Handling." Was charged $6.95 for Priority Mail
service even though seller's policy states "all orders over $50.00 qualify
for free shipping." My order was for $239.95.

Exhibit D, Page 150

**Software Surplus's Shipping Policy**
Software Surplus ships orders directly, we do not rely on 3rd party drop shipping companies, and as a result have some of the fastest order turn around times available. Most orders ship in less than 1 business day. We offer 3 shipping options, and all orders over $50.00 qualify for free shipping. USPS Priority Mail ($6.95), which is usually delivered in less than 4 days from the date of sale UPS 2nd day Air which is usually delivered within 3 days of the date of sale. UPS 3 Day Select, which is usually delivered within 4 days of the date of sale.



**4/23/08 8:31 PM**
I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney! The image of what was shown is different than what I got (red AE warning on top and bottom, but no such thing on the shown image). Software Surplus (or SoftwareSurplus) calls this "Visio 2007 Professional Full Install". Then they had 5 (printed) pages of stuff they probably copied off of Microsoft's web site, and in fine print at the bottom they say "Full Version for Windows, Priced for Academic Users". What a SCAM! You have to scroll down five pages just to get the truth, when the top of the page totally misrepresents what you are going to get!

Other reviews also talked about a "restocking fee", and I'll be posting this complaint everywhere (perhaps with my lawyer) if this is the case!!!



**12/27/07 11:52 AM**
I bought software almost $ 660.00 but I haven't heard anything from them!!! I've sent them 3 e-mails but it never get reply!!! Anybody knows their real phone number? Thanks!



**12/19/06 12:27 PM**
Ordered Acrobat 7.0 Standard (Full Installation). Received Acrobat 8.0 Standard (Academic Version). They refuse to issue RMA without charging a 15% restocking fee. Calling them just wastes my time as I spend hours on hold. Their online system will NOT issue me an RMA number, and their phone system says that I can only obtain an RMA online. Very confusing and deceptive.

This review was modified by its author, implexant, on 12/19/06 12:29 PM.



**6/6/05 5:19 PM**
Ordered Windows XP Professional CD full install with SP2 --- received the CD with product key for installation. Attempted to install on brand new computer and CD was defective and would not copy all files, message stating that file on CD was corrupt. Received RMA authorization and RMA number from Software Surplus. Returned defective CD via USPS registered mail with green signature return card affixed by post office to package. Post office was slow in delivering package, but package was delivered and signed for as received by Software Surplus and I received my green return signature card indicating acceptance of return in the mail. Software Surplus has ignored my RMA. I have emailed them numerous times with no response from them. I have attempted to telephone them several times and twice I got through to a message box where I left my name, telephone number, and reason for the call. They have not

Exhibit D, Page 151


Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 156 of 380

responded. They are ignoring me totally. Their website, softwaresurplus.com is still active on the web and they appear to still be selling software. They are located in Las Vegas, Nevada. DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY.

 Reviewer: **pilartaylor**    

**4/1/05 9:01 AM**

i ordered FileMaker Pro 7.0 from Software Surplus after spending a considerable amount of time researching the product and prices. The product was advertised from Software Surplus as a full and registered copy. When I received the product, after paying only 20% less than full retail I received one CD no box and registration number on the sleeve. I could not register this product with FileMaker without the SKU numeber on the box.

Finally I called Filemaker and they informed me that the registration number was already in use by 7 OTHER PEOPLE. Neat trick, steal serials and sell them for real. I caleed, explained I wanted a refund and they hung up and refused to answer the phone ever again.

DO NOT USE THESE PEOPLE THEY LIE AND STEAL.

Page 1 of 1    Write a Review



# EXHIBIT D

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...    Page 1 of 6

Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 158 of 380



Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 2 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 159 of 380

Overall Rating:   **My worst online shopping experience EVER!**
by sgjdgy , Apr 11 '09

I recently ordered a copy of the CS 3.3 Master Suite from Software Surplus. According to the product description and promotional copy on their website, they were selling the "full install" of the software "new in box." Only after I placed the order did I ...

**Read the full review**

Express Reviews

Overall Rating:   **A... for AWFUL !!**
by fanebrp , Jan 15 '07

Never received my software. It has been 1 month now. My credit card was charged immediately. The phone no. they gave to Master Card was bogus. They never answered the phone, using the number on their site, nor did they return phone messages. Email to them went unanswered except for 1 nasty unsigned note calling me names. They had time for that.
Better to donate money to your favorite charity, rather than them. Buyer beware really applies here... Amen!

**Read more**

Overall Rating:   **Lousy, Lousy company, unprincipaled & unworthy of public trust.**
by victoraugustus , Feb 01 '07

This retailer should be removed from the market. I ordered Norton Security Software that installs on up to 3 computers and their web page showed that and when it came it was not what I had ordered. I called them 3 separate days and got an answering machine and left a message. They refused to reply. I sent them an e-mail describing my problem and they replied by saying the software had to be installed on 3 computers of the same person because that was the way the manufacturer designed it. Not true. I went down to Staples and bought the correct version and installed it on 3 computers registered to 3 different persons and all is ok. I sent an e-mail requesting instructions to return their software for a refund and they will not reply. They have the money and to hell with the customer. This company is a no brainer! If you have a problem with your shipment you better forget it because you won't get any response from them. Go to another retailer for your product needs is my recommendation.

**Read more**

Overall Rating:   **MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS.**
by myopinion2007 , May 18 '07

I purchased (through Google checkout) adobe acrobat software totaling $179.10. USPS tracking said it was delivered but it was not. The company has no way to contact them except email. I've emailed 4 times and gotten no response at all. I emailed Google checkout twice, the last time asking for their help in mediating. I have not heard from them yet. I am now in the process of submitting a disputed item form with my credit card company. Thankfully I used a virtual account number and not my real mastercard number. This company doesn't care about customer service at all!

**Read more**

Overall Rating:   **The worst!**
by didely , Oct 30 '08

Sofware Surplus take syour money and doesn't ship you the product. They don't respont to your emails and don't have a phone number to call them. Don't ever buy from them!

**Read more**

Overall Rating:   **The absolute worst!!!!!**
by ssurplusenemy , Feb 06 '07

Horrible!!!!!Buyer beware. This company not only takes your money, it sells you illegal software. I bought software for my daughter for a gift. I didn't buy the correct software. She wanted Adobe Photoshop, but I bought Adobe Professional. The day after Christmas, I tried to return the software. No reply. Several times I tried to return only to find out they don't respond. I went on their website and entered my order number, only to find out it doesn't exist. I tried calling the phone number listed on my bank statement of which my card was billed, and the phone number is bogus.
My original software was sent with a piece of hardware that is unrelated to the software. It is because of license laws with the OEM-labeled software, that requires software to be sold with specific hardware. This company doesn't do this. It sends you software with no retail box, no manufactures warranty, no activation key-code, and no manuel. Check out other reviews of this company SOFTWARE SURPLUS. They are bad!! This company is running an illegal scam. Too many shady things about this one!!!! Lost about $235.00

**Read more**

Overall Rating:   **The worst I ever have experienced.**
by organistgeorge , May 06 '09

I ordered software for my Windows computer and they sent a Mac version. I wrote to them and their E-mail reply said that upon return of the wrong shipment, they would send the

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 3 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 160 of 380

Windows version plus a check for $30 to compensate me for my troubles. We returned the software by insured mail, signature required, and the returned card was stamped as received by the UPS store but with no signature. I have sent Software Surplus four E-mails which they have not answered. This morning's was an ultimatum to respond by 3.00 PM Easter Standard Time or I would take action. There has been no reply. They are crooks and somehow they must be brought to light, prosecuted, and jailed.

Read more

Overall Rating:   **Very BAD!!!!!!! DON'T DEAL WITH THEM!!!!!**
by rezachin ,Dec 27 '07

I bought almost $ 660.00 using my CC. I've never heard anything back from them for the past 3 days and I've sent 3 e-mail messages, none of them get a reply!!! How come this store still exists??? Is there anybody knows the real phone number???

UPDATE 12-28-07:
Finally Josh replied to my e-mail after 3 days (sent 3 e-mail messages) and he said "he's on Christmas Vacation!" Wow, how should the customer know because there's no indication on their website that saying "all order will be process on such and such date..."!!! Josh will also refund my CC but I checked with my CC this morning, NOTHING! I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!

Read more

Overall Rating:   **Like to give money away for nothing in return? Here's your place!**
by pennep ,Jan 26 '09

I used to think I was a savvy online shopper, but was too stupid to check these reviews before ordering from Software Surplus. Since I was purchasing something for work I felt compelled to go with the lowest price. They told me CS4 was in stock, took my $975, even charged me for rush shipping. Then sent an immediate email saying it was out of stock and would arrive, oddly enough, on a date seven days prior to when I ordered it. Tens of emails, three voicemail messages and at least 20 minutes on hold, and I still never spoken with anyone there. But they've got my almost thousand dollars, and I'm dealing with filling out paperwork to get my credit card company to dispute the charge. **Nothing but crooks.**

Read more

Overall Rating:   **I will never order from this company again.**
by rcullum ,Oct 07 '08

I ordered Acrobat 8.0 Professional from this company and they shipped me the Educational Version of the software. It clearly states on the packaging that it is not to be sold separately.

I installed the software and the license key on the packaging was invalid. I followed Software Surplus intructions to get a valid license key by emailing them twice. They did not respond.

After 30 days I returned the product and my money was refunded LESS a $20.00 restocking charge and $6.95 shipping. I feel like I paid $26.95 to play a game at their website called "Place an Order"

I will never order from this company again.

Read more

Overall Rating:   **Do not use this vendor!**
by stormtech ,May 23 '07

We are VERY unsatisfied with Software Surplus. We ordered a copy of Dreamweaver 8, which was shipped promptly, and downloaded fine. However, once we tried to enter the serial number, we realized that number was missing one character. We e-mailed their company, since that is one of the only ways to contact them, and received one reply, That sounds strange we will contact our vendor. Since then we have sent several e-mails, and once we realized they weren't going to write back, we called 411 with their address, and found they aren't listed. So we tried the phone number listed as their business phone number, and found out that was a jewelry store phone number. Then we tried another phone number listed on their website. That number had been disconnected. We still are not able to use the software.

Read more

Overall Rating:   **Excellent bargain!**
by welcome34 ,Jun 10 '10

I was really scared when I read all of these reviews but I'd already ordered so oh well! Well, we received our copy of Adobe 9 within a week of ordering, it downloaded fine w/ no issues and it was a real copy not educational or anything odd. They also responded to an emailed inquiry regarding shipping within 2 hours so I have to say they were fine to work with in my book and we saved a lot of money using them to buy the software!

Read more

Overall Rating:   **Terrible. They play up customer service but don't deliver.**
by sammontross ,May 18 '09

Exhibit D, Page 156

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...    Page 4 of 6

Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 161 of 380

Below grade service.  Even though their invoice clearly stated my software order was for MAC they sent me a PC version.  Not easy to find their phone number to call for help, but once I tracked them down they promised to remedy it immediately. I never heard from them again and it has been 5 weeks. I had bought InDesign and paid rush because we had a specific project.  I lost time, money and the cost to rush.  Sam Montross

**Read more**

Overall Rating:      **WHY IS THIS COMPANY STILL IN BUSINESS????**
by drummergirrl ,Jul 23 '09

I ordered Adobe CS4 online from Software Surplus & rec'd it quickly enough but knew something was wrong when there was no box or manual with the software, just a CD case. I contacted Adobe for help when I had problems installing the software (an incompatibility with Windows) but Adobe informed me the software was registered to someone else and they would not support the software in the future. My computer's hard drive died three months later and was replaced. But when I reloaded the CS4 software, I was unable to register it because of the previous ownership issue. So I contacted Software Surplus a number of times but received no response. So I have paid almost $1000 for software I can't use. Their website looks legit & payment is made through Google so it's easy to be taken in. SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!

**Read more**

Overall Rating:      **Very good price's**
by sa9332 ,Mar 23 '08

Great service with great price. My order was processed quickly, and i'm very happy. With these price's there is nothing to complain about. I looked around everywhere and i couldn't find a better price. Package was shipped from california and arrived in 3 days. I paid 159.95 for Adobe acrobat professional 8.0 and got free shipping. I can certainly recommend everybody to order from this web site.

**Read more**

Overall Rating:      **Misleading**
by holly14 ,Jun 29 '08

Be careful!! I didn't see anything on their site that indicated there software was for educational purposes only. I didn't find that out until I received the disc. The disc was also labeled that it was part of a bundle and was not to be sold separately. I sent it back since I didn't plan to use it for educational purposes - and that money back guarantee they offer, is minus a $20 restocking fee!

**Read more**

Overall Rating:      **Amazing deals and fast shipping!**
by stevenbrown020 ,Nov 03 '09

I have purchaced several items from these guys and they're great. The online store is simple and works for me. I've been scamed by others usually because the price is to good to be true, but everything has worked out great with these guys so far!

**Read more**

Overall Rating:      **CAUTION! CAUTION! CAUTION!**
by logicalts ,Jul 03 '09

I would only purchase from this company if you like to be ripped-off, recevie no response to request and have to be Sherlock Holmes to track down a phone number. I attempted three separate times to find out why my overnight order from two weeks ago still hasn't shown-up.  To date, I have received zero response.  Google their company name and you will see that I am not the first one to have a problem with them.  I will NEVER purchase from them again.

**Read more**

Showing 1-22 of 22 reviews                                    Back to paged view

Ads by Google

**Business eStore Builder**
The eStore Builder Made For Small Businesses! All for $19.98/month.
www.CityMax.com

**Online Shop Software**
User-Friendly Store Designs With Custom Cart & Integrated Marketing!.
www.1SCStores.com

**Online Website Software**
Which Website Software is Best? Read reviews & 5 must-know secrets.
StoreBuilderSecrets.com

Exhibit D, Page 157

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...    Page 5 of 6

Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 162 of 380

**Software Online Shops**
Web Software To Build A Website In Minutes. Fast & Easy - Try Free!.
Intuit.com/website-software

**Rackspace SaaS**
Deliver your software over the Internet. Find out more..
www.Rackspace.com/SaaS-Hosting

## Related Deals



| | | | |
|---|---|---|---|
| | **Konica 9820 9825 Drum Cartridge Black 20k**<br>100% New Compatible 950-121 KONICA 9820 9825 DRUM CARTRIDGE BLACK 20k Each | $105.35 | SEE IT at<br>Extra Mile Toner |
| | **Konica 9820 9825 Drum Cartridge Black 20k**<br>New Genuine Original 950-121 KONICA 9820 9825 DRUM CARTRIDGE BLACK 20k Each | $188.02 | SEE IT at<br>Free Shipping<br>TonerMax v2.0 |

 

| | | | |
|---|---|---|---|
| | **Oce 3200 3210 3300 Toner**<br>New Genuine Original 26901-115 OCE 3200 3210 3300 TONER Each Surplus | $35.00 | SEE IT at<br>SurplusToner |

 

| | | | |
|---|---|---|---|
| | **Dell Optiplex 755 Software Bundle - 4 Cds**<br>SquareTrade AP6.0 New Dell OptiPlex 755 Software Bundle - 4 CDs Condition:Brand New, Never Used, Sealed, Military Surplus This is the original Dell so... | $29.99 | SEE IT at<br>ebay |
| | **Hp Vmware Infrastructure Enterprise Edition 430350-b21**<br>Visit my eBay Store: Surplus Computer Liquidator View all terms for Sale \|About Me Search in our eBay Store in titles descriptions HP VMWARE ESX VIN T... | $150.00 | SEE IT at<br>ebay |

▸ **See all 6 related deals!**

## Related Search Terms

windows xp   microsoft office 2003   microsoft office 2007   software   microsoft office 2007 software   adobe acrobat   microsoft office   norton antivirus 2007   quicken   intuit quicken deluxe   windows xp full version   windows xp professional   vista   microsoft word   toshiba satellite a135-s2386   one for all urc-9910   xp professional   microsoft streets and trips 2007   windows small business server 2003 premium   microsoft streets & trips 2007 with gps locator

Subscribe to More Reviews on Online Stores & Services
Get the RSS Feed: 🔶 - Add to My Yahoo! | 🔲MY YAHOO! | - Add to Google Homepage: ➕Google™



Help | Member Center | Message Boards | Site Rules | User Agreement | Privacy Policy | Site Index | Topic Index
About Epinions | Careers | Contact Epinions | Advertising

Epinions | Shopping.com | Rent.com | Free Classifieds | Price Comparison UK

🛒 Shopping.com Network

© 1999-2010 Shopping.com, Inc. Trademark Notice

Epinions.com periodically updates pricing and product information from third-party sources,

Exhibit D, Page 158

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 6 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 163 of 380

so some information may be slightly out-of-date. You should confirm all information before relying on it.

Exhibit D, Page 159

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE
SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

Katrina Bartolome

1   J. Andrew Coombs (SBN 123881)
    *andy@coombspc.com*
2   Annie S. Wang (SBN 243027)
    *annie@coombspc.com*
3   J. Andrew Coombs, A P. C.
    517 E. Wilson Ave., Suite 202
4   Glendale, California 91206
    Telephone:  (818) 500-3200
5   Facsimile:   (818) 500-3201

6   Designated Counsel:
    Bryce K. Earl (SBN 7685)
7   *bearl@nevadafirm.com*
    James D. Boyle (SBN 8384)
8   *jboyle@nevadafirm.com*
    Kimberly J. Cooper (SBN 9533)
9   *kcooper@nevadafirm.com*
    Santoro, Driggs, Walch, Kearney, Holley & Thompson
10  400 South Fourth Street, Third Floor
    Las Vegas, Nevada 89101
11  Telephone:     (702) 791-0308
    Facsimile:     (702) 791-1912
12
13  Attorneys for Plaintiff
    Adobe Systems Incorporated

14

15                   UNITED STATES DISTRICT COURT

16                      DISTRICT OF NEVADA

17
    Adobe Systems Incorporated,            )    Case No. 2:10-CV-0422-LRH-LRL
18                                         )
                          Plaintiff,       )    PLAINTIFF'S FIRST SET OF
19          v.                             )    REQUESTS FOR ADMISSION TO
                                           )    DEFENDANT CHRISTENSON
20  Joshua Christenson, et al.,            )
                                           )
21                        Defendants.      )
                                           )
22  ———————————————————                    )
                                           )
23  Joshua Christenson, et al.,            )
                                           )
24                        Counterclaimants,)
            v.                             )
25                                         )
    Adobe Systems Incorporated, et al.,    )
26                                         )
                          Counterdefendants.)
27  ———————————————————                    )

28

Adobe v. Christenson. et al.: Plaintiff's First Requests For        - 1 -
Admission (Christenson)

PROPOUNDING PARTY:       Adobe Systems Incorporated

RESPONDING PARTY:       Joshua Christenson, an individual and d/b/a

                                   www.softwaresurplus.com

SET NO.:                  One

Pursuant to Fed. R. Civ. P. 36, PLAINTIFF Adobe Systems Incorporated ("ADOBE" or "PLAINTIFF") hereby requests that Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com ("Defendant") answer the following admissions of fact.  The matters of which these admissions are requested shall be deemed admitted unless answered within thirty (30) days after service of this request, and served upon PLAINTIFF'S counsel at the offices of J. Andrew Coombs, J. Andrew Coombs, A Professional Corporation, 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

**A.**    **Definitions**

    1.    "ADOBE" or "PLAINTIFF" means and refers to Adobe Systems Incorporated.

    2.    "DEFENDANT" means and refers to Defendant Joshua Christenson, an individual and d/b/a www.softwaresurplus.com.

    3.    "DEFENDANTS" means and refers to DEFENDANT and co- Defendant Software Surplus Inc.

    4.    "COPYRIGHTS" means and refers to the copyrights owned by PLAINTIFF, including, but not limited to, those listed in Exhibit A attached hereto.

    5.    "TRADEMARKS" means and refers to the trademarks owned by PLAINTIFF, specifically including the trademarks evidenced by registrations listed in Exhibit B attached hereto.

    6.    "YOU" and "YOUR" mean and refer to DEFENDANT, YOUR predecessors and those persons, organizations or corporations in active concert or participation with YOU, or acting or purporting to act, directly or indirectly, on YOUR behalf, including officers, agents, servants, consultants, employees or representatives.

7.    "DISPUTED PRODUCT" means and refers to merchandise, manufactured, imported, sold and/or offered for sale, and/or distributed by YOU which uses, depicts, embodies, includes or reproduces any of the TRADEMARKS or COPYRIGHTS, confusingly similar reproductions of any of the TRADEMARKS or COPYRIGHTS, or any unauthorized copies of any of the TRADEMARKS or COPYRIGHTS.

8.    "COMPLAINT" means and refers to the Complaint filed by PLAINTIFF against DEFENDANT in this action.

9.    "ANSWER" or "COUNTERCLAIMS" means and refers to Defendants' "Answer, Counterclaim, and Third-Party Complaint" filed on or about May 4, 2010, and as amended on June 8, 2010, and improperly amended again on June 14, 2010.

10.   "PRESS RELEASE" means and refers to the press release referenced in Defendants' COUNTERCLAIMS.

11.   "NET PROFIT" means the total profit after deducting all costs from gross receipts.

**B.    Instructions**

1.    If YOU are unable to admit any of the following statements of fact, YOU are to specifically deny the statements of fact or set forth in detail the reasons why YOU cannot truthfully admit the truth of any such statements.  If YOU must qualify an answer or deny only a part of the statement of fact, YOU shall specify so much of it as is true and qualify or deny the remainder.  YOU may not give lack of information or knowledge as a reason for failure to admit or deny unless YOU state that YOU have made reasonable inquiry and that the information known or easily obtainable by YOU is insufficient to enable YOU to admit or deny the statement of fact.  If an objection is made, the reasons therefore shall be stated.

2.    In construing the following statements of fact: (a) the singular shall include the plural and the plural shall include the singular; (b) the masculine, feminine or neuter pronouns shall not exclude the other genders; and (c) regardless of the tense

employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

**C.     Requests for Admissions**

1.     PLAINTIFF owns valid and effective copyright registrations for the copyrights listed in Exhibit A attached hereto.

2.     PLAINTIFF owns valid and effective trademark registrations for the trademarks listed in Exhibit B attached hereto.

3.     Plaintiff owns copyright registration TX0004001286 for Acrobat Catalog for Windows.

4.     Plaintiff owns copyright registration TX0001644799 for Acrobat.

5.     Plaintiff owns copyright registration TX0006390830 for Adobe Acrobat 8 Professional for Macintosh.

6.     Plaintiff owns copyright registration TX0006390827 for Adobe Acrobat 8 Professional for Windows.

7.     Plaintiff owns copyright registration TX0006390829 for Adobe Acrobat 8 Standard for Macintosh.

8.     Plaintiff owns copyright registration TX0006390828 for Adobe Acrobat 8 Professional for Windows.

9.     Plaintiff owns copyright registration TX0006277334 for Adobe After Effects : 7.0 Professional for Windows.

10.     Plaintiff owns copyright registration TX0005777908 for Adobe After Effects : Version 6.0 for Macintosh.

11.     Plaintiff owns copyright registration TX0005777907 for Adobe After Effects : Version 6.0 for Windows.

12.     Plaintiff owns copyright registration TX0006277333 for Adobe After Effects 7.0 Standard for Macintosh.

13.     Plaintiff owns copyright registration TX0006277335 for Adobe After Effects 7.0 Standard for Windows.

14.     Plaintiff owns copyright registration TX0006457851 for Adobe After Effects CS3 Professional for Windows and Macintosh.

15.     Plaintiff owns copyright registration TX0006457918 for Adobe Creative Suite 3 Master Collection for Windows and Macintosh.

16.     Plaintiff owns copyright registration TX0006898921 for Adobe Creative Suite 4 Design Premium.

17.     Plaintiff owns copyright registration TX0006898808 for Adobe Creative Suite 4 Design Standard.

18.     Plaintiff owns copyright registration TX0006898920 for Adobe Creative Suite 4 Master Collection.

19.     Plaintiff owns copyright registration TX0006898757 for Adobe Creative Suite 4 Production Premium.

20.     Plaintiff owns copyright registration TX0006898805 for Adobe Creative Suite 4 Web Premium.

21.     Plaintiff owns copyright registration TX0005844481 for Adobe Creative Suite for Macintosh.

22.     Plaintiff owns copyright registration TX0005844480 for Adobe Creative Suite for Windows.

23.     Plaintiff owns copyright registration TX0006898688 for Adobe Dreamweaver CS4.

24.     Plaintiff owns copyright registration TX0006898725 for Adobe Encore CS4.

25.     Plaintiff owns copyright registration TX0006898722 for Adobe Fireworks CS4.

26.     Plaintiff owns copyright registration TX0006531604 for Adobe Flash CS3 Professional for Windows and Macintosh.

27.     Plaintiff owns copyright registration TX0006898680 for Adobe Flash CS4 Professional.

28.     Plaintiff owns copyright registration TX0006898753 for Adobe Illustrator CS4.

29.     Plaintiff owns copyright registration TX0003380406 for Adobe Illustrator.

30.     Plaintiff owns copyright registration TX0006898737 for Adobe InDesign CS4.

31.     Plaintiff owns copyright registration TX0006898756 for Adobe OnLocation CS4.

32.     Plaintiff owns copyright registration TX0006528611 for Adobe Photoshop CS3 for Windows and Macintosh.

33.     Plaintiff owns copyright registration TX0006898742 for Adobe Photoshop CS4.

34.     Plaintiff owns copyright registration TX0006898750 for Adobe Photoshop CS4 Extended.

35.     Plaintiff owns copyright registration TX0006277687 for Adobe Photoshop Elements : 4.0 for Macintosh.

36.     Plaintiff owns copyright registration TX0003551958 for Adobe Photoshop Macintosh.

37.     Plaintiff owns copyright registration TX0003596143 for Adobe Photoshop Windows.

38.     Plaintiff owns copyright registration TX0004068613 for Adobe Photoshop.

39.     Plaintiff owns copyright registration TX0003120306 for Adobe Photoshop.

40.     Plaintiff owns copyright registration TX0002897138 for Adobe Photoshop.

41.     Plaintiff owns copyright registration TX0006898667 for Adobe Premiere Pro CS4.

42.     Plaintiff owns copyright registration TX0006457903 for Adobe Soundbooth CS3 for Windows and Macintosh.

43.     Plaintiff owns copyright registration TX0006898727 for Adobe Soundbooth CS4.

44.     Plaintiff owns copyright registration TX0006471404 for Contribute 4 (Mac).

45.     Plaintiff owns copyright registration TX0006131282 for Illustrator CS2 (Mac).

46.     Plaintiff owns copyright registration TX0006131283 for Illustrator CS2 (Win).

47.     Plaintiff owns copyright registration TX0006139165 for InDesign CS2 (Mac).

48.     Plaintiff owns copyright registration TX0005777909 for Premiere 7.0.

49. Plaintiff owns copyright registration TX0006275628 for Premiere Pro 2.0.

50. Plaintiff owns trademark registration 2,081,343 for "A".

51. Plaintiff owns trademark registration 1,988,710 for "A".

52. Plaintiff owns trademark registration 3,032,288 for "A".

53. Plaintiff owns trademark registration 1,901,149 for "A Adobe".

54. Plaintiff owns trademark registration 1,852,943 for "A".

55. Plaintiff owns trademark registration 1,988,711 for "A".

56. Plaintiff owns trademark registration 2,068,523 for "ACROBAT".

57. Plaintiff owns trademark registration 1,833,219 for "ACROBAT".

58. Plaintiff owns trademark registration 1,475,793 for "ADOBE".

59. Plaintiff owns trademark registration 1,486,895 for "ADOBE".

60. Plaintiff owns trademark registration 1,956,216 for "ADOBE".

61. Plaintiff owns trademark registration 1,988,712 for "ADOBE".

62. Plaintiff owns trademark registration 3,029,061 for "ADOBE".

63. Plaintiff owns trademark registration 1,479,408 for "ADOBE ILLUSTRATOR".

64. Plaintiff owns trademark registration 1,651,380 for "ADOBE PHOTOSHOP".

65. Plaintiff owns trademark registration 1,769,184 for "ADOBE PREMIERE".

66. Plaintiff owns trademark registration 1,970,781 for "AFTER EFFECTS".

67. Plaintiff owns trademark registration 3,143,377 for "CONTRIBUTE".

68. Plaintiff owns trademark registration 3,111,341 for "CREATIVE SUITE".

69. Plaintiff owns trademark registration 2,294,926 for "DREAMWEAVER".

70. Plaintiff owns trademark registration 2,949,766 for "ENCORE".

71. Plaintiff owns trademark registration 2,043,911 for "FIREWORKS".

72. Plaintiff owns trademark registration 2,855,434 for "FLASH".

73. Plaintiff owns trademark registration 2,852,245 for "FLASH".

74. Plaintiff owns trademark registration 3,473,651 for "FLASH LITE".

75. Plaintiff owns trademark registration 2,060,488 for "ILLUSTRATOR".

76.     Plaintiff owns trademark registration 2,439,079 for "INDESIGN".

77.     Plaintiff owns trademark registration 3,288,605 for "LIGHTROOM".

78.     Plaintiff owns trademark registration 3,427,904 for "P".

79.     Plaintiff owns trademark registration 1,850,242 for "PHOTOSHOP".

80.     Plaintiff owns trademark registration 2,920,764 for "PHOTOSHOP".

81.     Plaintiff owns trademark registration 3,350,284 for "SOUNDBOOTH".

82.     YOU advertised DISPUTED PRODUCT.

83.     YOU offered for sale DISPUTED PRODUCT.

84.     YOU sold DISPUTED PRODUCT.

85.     YOU distributed DISPUTED PRODUCT.

86.     YOU did not have permission from PLAINTIFF to advertise the DISPUTED PRODUCT.

87.     YOU did not have permission from PLAINTIFF to offer for sale the DISPUTED PRODUCT.

88.     YOU did not have permission from PLAINTIFF to sell the DISPUTED PRODUCT.

89.     YOU did not have permission from PLAINTIFF to distribute the DISPUTED PRODUCT.

90.     YOU did not have permission from PLAINTIFF to advertise any product.

91.     YOU did not have permission from PLAINTIFF to offer for sale any product.

92.     YOU did not have permission from PLAINTIFF to sell any product.

93.     YOU did not have permission from PLAINTIFF to distribute any product.

94.     YOU earned a profit from the sale of the DISPUTED PRODUCT and each of them.

95.     YOU earned a NET PROFIT in excess of $50,000.00 from the sale of the DISPUTED PRODUCT.

96.     YOU earned a NET PROFIT in excess of $100,000.00 from the sale of the DISPUTED PRODUCT.

97.     YOU earned a NET PROFIT in excess of $200,000.00 from the sale of the DISPUTED PRODUCT.

98.     YOU earned a NET PROFIT in excess of $500,000.00 from the sale of the DISPUTED PRODUCT.

99.     YOU earned a NET PROFIT in excess of $1,000,000.00 from the sale of the DISPUTED PRODUCT.

100.    PLAINTIFF owns the exclusive rights to reproduce, distribute or license the reproduction and distribution of the COPYRIGHTS in the United States.

101.    YOUR advertisement of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

102.    YOUR offer for sale DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

103.    YOUR sale of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

104.    YOUR distribution of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

105.    PLAINTIFF owns the exclusive right to reproduce, distribute or license the reproduction and distribution of product bearing any of the TRADEMARKS in the United States.

106.    YOUR advertisement of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

107.    YOUR offer for sale DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

108.    YOUR sale of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

109.    YOUR distribution of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

110.    YOU sold unauthorized copies of PLAINTIFF'S software.

111.    YOU sold unlicensed product bearing at least one of the TRADEMARKS.

112.    YOU sold unlicensed product that contained at least one of the copyrighted software programs owned by PLAINTIFF.

113.    The DISPUTED PRODUCT was once licensed by Adobe.

114.    The license under which the DISPUTED PRODUCT was distributed prohibited its sale.

115.    The license under which the DISPUTED PRODUCT was distributed prohibited its sale by YOU.

116.    www.softwaresurplus.com is YOUR website.

117.    YOU own www.softwaresurplus.com.

118.    YOU operate www.softwaresurplus.com.

119.    www.softwaresurplus.com accepts payment using the services of PayPal, Inc.

120.    www.softwaresurplus.com accepts payment using the services of Google Checkout.

121.    www.softwaresurplus.com accepts payment using the services of Yahoo! Inc.

122.    Payment for sales on www.softwaresurplus.com were accepted using other accounts not listed herein.

123.    YOU facilitated the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

124.    YOU collected money from the sale of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

125.    YOU offered for sale DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

126.    YOU offered for sale DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

127.    YOU sold DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

128.    YOU sold DISPUTED PRODUCT through venues other than www.softwaresurplus.com.

129.    YOU purchased keywords that were the same as one of the TRADEMARKS for advertising purposes.

130.    YOU used at least one of the TRADEMARKS in YOUR listings for software on www.softwaresurplus.com.

131.    YOU completed sales of the DISPUTED PRODUCT through the website www.softwaresurplus.com.

132.    YOU completed sales of the DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

133.    Prior to the filing of the COMPLAINT against YOU, YOU knew that the DISPUTED PRODUCT constituted unauthorized product.

134.    Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted copyright infringement.

135.    Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted trademark infringement.

136.    Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to sell the DISPUTED PRODUCT.

137.    Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to advertise for sale the DISPUTED PRODUCT.

138.    At least some of the products advertised for sale by YOU are unauthorized copies of the COPYRIGHTS.

139.    At least some of the products advertised for sale by YOU use unauthorized copies of the TRADEMARKS.

140.    YOU purchased the DISPUTED PRODUCT at prices below retail prices at the time of purchase.

141.    YOU shipped the DISPUTED PRODUCT to YOUR customers.

142.   YOU imported DISPUTED PRODUCT.

143.   YOU exported DISPUTED PRODUCT.

144.   YOU did not always obtain proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

145.   YOU never obtained proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

146.   YOU did not always obtain proof of academic affiliation before shipping to a customer DISPUTED PRODUCT identified as an educational or academic version.

147.   YOU never obtained proof of academic affiliation before shipping DISPUTED PRODUCT identified as an educational or academic version to a customer.

148.   YOU advertised Adobe software product as a "Full" version when it was an academic version.

149.   YOU sold Adobe product in DVD cases alone.

150.   OEM software is distributed with specific hardware.

151.   OEM software is not to be unbundled from the hardware it came with.

152.   YOU sold OEM Adobe product without the accompanying original hardware.

153.   YOU sold Adobe product that differed from retail versions.

154.   YOU sold Adobe product with packaging that differed from their retail equivalents.

155.   YOU sold Adobe product that stated on its packaging that it was "Made in Singapore".

156.   Adobe did not draft the PRESS RELEASE.

157.   Adobe did not approve the PRESS RELEASE.

158.   Adobe's approval was never required for the PRESS RELEASE.

159.   Adobe did not issue the PRESS RELEASE.

160.   Adobe did not publish the PRESS RELEASE.

161.   Adobe did not comment in the PRESS RELEASE.

162.   Adobe did not have anything to do with the PRESS RELEASE.

163.    The reviews attached hereto as Exhibit C were posted on resellerratings.com.

164.    Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www.resellerratings.com/store/Software_Surplus (hereinafter "resellerratings.com").

165.    Individuals identifying themselves as YOUR customers have posted complaints about YOU at resellerratings.com.

166.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/19/10 that stated "THIS IS A SCAM!!"

167.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "These people are crooks and I should have heeded the warnings I read online and not purchased from them."

168.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "Deceptive business practices to be for sure!"

169.    The resellerratings.com reviews for softwaresurplus.com included one post dated 2/1/10 that stated "Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far.  I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes."

170.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER BEWARE!!!"

171.    The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "THEY ARE RUNNING A SCAM!!"

172.    The resellerratings.com reviews for softwaresurplus.com included one post dated 11/7/08 that stated "Like everyone else, I will never buy anything from this company again and strongly advise against anyone else doing so as well."

173.    The resellerratings.com reviews for softwaresurplus.com included one post dated 9/19/08 that stated "WARNING: THIS COMPANY IS NOT REPUTABLE."

174.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/23/08 that stated "I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney!"

175.    The resellerratings.com reviews for softwaresurplus.com included one post dated 12/19/06 that stated "Very confusing and deceptive."

176.    The resellerratings.com reviews for softwaresurplus.com included one post dated 6/6/05 that stated "DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY."

177.    The resellerratings.com reviews for softwaresurplus.com included one post dated 4/1/05 that stated "DO NOT USE THESE PEOPLE THEY LIE AND STEAL."

178.    The reviews attached hereto as Exhibit D were posted on epinions.com.

179.    Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list (hereinafter "epinions.com").

180.    Individuals identifying themselves as YOUR customers have posted complaints about YOU at epinions.com.

181.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 01 '06 that stated "TERRIBLE!!!! Stay away from this Online Retailer!"

182.    The epinions.com reviews for Software Surplus Online Store included one post dated Aug 16 '07 that stated "BEWARE OF THIS ILLEGITIMATE WEBSITE STORE!!"

183.    The epinions.com reviews for Software Surplus Online Store included one post dated Apr 11 '09 that stated "I wish I'd researched them more carefully, rather than taking the "unbiased reviews" on their website at face value. Caveat emptor!"

184.    The epinions.com reviews for Software Surplus Online Store included one post dated Jan 15 '07 that stated "A… for AWFUL !!"

185.    The epinions.com reviews for Software Surplus Online Store included one post dated May 18 '07 that stated **"MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS."**

186.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 1 '07 that stated "Lousy, Lousy company, unprincipaled & unworthy of public trust.**"**

187.    The epinions.com reviews for Software Surplus Online Store included one post dated Feb 6 '07 that stated **"They are bad!! This company is running an illegal scam. Too many shady things about this one!!!!"**

188.    The epinions.com reviews for Software Surplus Online Store included one post dated May 6 '09 that stated **"They are crooks and somehow they must be brought to light, prosecuted, and jailed."**

189.    The epinions.com reviews for Software Surplus Online Store included one post dated Dec 27 '07 that stated "I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!"

190.    The epinions.com reviews for Software Surplus Online Store included one post dated Jan 26 '09 that stated "**Nothing but crooks."**

191.    The epinions.com reviews for Software Surplus Online Store included one post dated Jul 23 '09 that stated "SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!"

192.    A link for the reviews at http://www.resellerratings.com/store/Software_Surplus appear on the first page of a Google search for the search terms "software surplus."

193.    A link for the reviews at http://www0.epinions.com/Software_Surplus_Online_Store/sec_~opinion_list/pp_~1/pa_~1#list appear on the first page of a Google search for the search terms "software surplus."

194.    YOU have not suffered any special damages as a result of the PRESS RELEASE.

195.    None of the statements made in the PRESS RELEASE were made with actual malice.

196.    The Software & Information Industry Association had a good faith belief in the truth of the statements contained in PRESS RELEASE.

197.    The PRESS RELEASE does not state that YOU sold counterfeits.

198.    YOU were sued by Adobe for copyright infringement among other things.

199.    YOU were sued by Adobe for trademark infringement among other things.

200.    YOU were sued by Adobe for the sale of unauthorized copies of Adobe's software.

201.    Adobe's COMPLAINT alleges that you knowingly sold unauthorized copies of Adobe's software.

202.    ADOBE's COMPLAINT charged YOU with knowingly engaging in copyright infringement through the fraudulent sale of Adobe software.

203.    All of the statements in the PRESS RELEASE were true.

DATED:   August 24, 2010          J. Andrew Coombs, A Professional Corp.

                                  By: _____
                                        J. Andrew Coombs
                                        Annie S. Wang
                                  Attorneys for Plaintiff and Counterdefendant Adobe
                                  Systems Incorporated

**EXHIBIT A**
**Copyright Registrations**

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |
| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |

| | |
|---|---|
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |

| | |
|---|---|
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 4 Design Premium | TX0006898921 |
| Adobe Creative Suite 4 Design Standard | TX0006898808 |
| Adobe Creative Suite 4 Master Collection | TX0006898920 |
| Adobe Creative Suite 4 Production Premium | TX0006898757 |
| Adobe Creative Suite 4 Web Premium | TX0006898805 |
| Adobe Creative Suite 4 Web Standard | TX0006898771 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Dreamweaver CS4 | TX0006898688 |
| Adobe Encore CS4 | TX0006898725 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Fireworks CS4 | TX0006898722 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS4 Professional | TX0006898680 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 10 | TX0006898686 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator CS4 | TX0006898753 |
| Adobe Illustrator. | TX0003380406 |
| Adobe InCopy CS4 | TX0006898732 |
| Adobe InDesign CS4 | TX0006898737 |
| Adobe OnLocation CS4 | TX0006898756 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |

| | |
|---|---|
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 Extended for Windows and Macintosh. | TX0006528612 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop CS4 | TX0006898742 |
| Adobe Photoshop CS4 Extended | TX0006898750 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Premiere Pro CS4 | TX0006898667 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobe Soundbooth CS4 | TX0006898727 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adobe PhotoDeluxe, V1.0. | TX0004809739 |
| Adobe Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |

| | |
|---|---|
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |
| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

**EXHIBIT B**
**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
| --- | --- | --- |
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |
| 2,980,999 | ULTRA | Adobe Systems Incorporated |
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |

Adobe v. Christenson. et al.: Plaintiff's First Requests For
Admission (Christenson)

- 25 -

| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
|-----------|---------------------|----------------------------|
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

# EXHIBIT C



## Active Discussions

- sell air force 1 nike shox hoody ba... (0)
- nikeec.com nike shoes clothes bags boots ... (0)
- nikeec.com sell nike shoes clothes bags b... (0)
- 39dollarglasses denies its guarantee (7)
- Pleasing A Women (0)
- Pleasing A Women (0)
- DigitalWay store (42)
- SiliconJon's House of Warez (stuffFS) (0)

## Participating Stores

These stores monitor their reviews & can resolve issues.



See all 622 Merchant Members!

company is about. You would not know to do this unless you were looking for it. The images of the product are incorrect & showed us the MS Office 2010 Pro version.

This review was modified by its author, rkeytech77, on 7/23/10 11:29 AM.

**Peavey revalver software**
lowest prices anywhere Complete selection of Peavey gear
www.maxxsound.net

 Ads by Google

    Reviewer: **detecsystems**    

4/20/10 6:11 PM
I am so fed up with this company! I ordered an academic version of Microsoft Project, not knowing it was academic, and returned is within a week. As of today (April 20, 2010) I still haven't received my refund.
I gave them 60 days to process the return before I contacted them at which time I was told they had no record of the return so I sent my UPS tracking information to them and they still haven't responded!
These people are crooks and I should have heeded the warnings I read online and not purchased from them.
There was nowhere on the description of the product that stated it was an academic version.
They said it's on the online store disclaimer that they are an academic software supplier but after searching the entire site, the only place I could find reference to that fact was on the academic tab. Who's going to look there unless that's what you're looking for?
Deceptive business practices to be sure!

    Reviewer: **uhhhwords**    

2/24/10 1:12 PM
I've bought from this company before back in 2007 or so and got CS3 Premium. There were no problems, they had phone service assuring me that the software was legal and I could even register it with Adobe. When CS4 Master came out, I tried to see from Adobe if I can get some sort of discount since I already had most of the CS3 programs and they referred me to Software Surplus.

Anyways, I bought the FULL CS4 Master Suite from SS on Feb. 4, 2010... received it and it looked as if it were passed around a bunch and when I called Adobe, SS sold me an educational version. I tried contacting them... no response. They didn't even give me a return label.

I filed a dispute on my credit card and contacted Google Checkout. For anyone that has experienced the same thing or similar, I suggest you do the same. Google Checkout is looking into it for me as well as the credit card company.

This review was modified by its author, uhhhwords, on 2/24/10 1:16 PM.

    Reviewer: **ANDRADE**
(read my 2 reviews)    

2/1/10 10:50 AM
Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far. I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes.

GAA

    Reviewer: **drummergirrl**

**7/22/09 11:48 AM**
SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER
BEWARE!!!I ordered Adobe CS4 online from Software Surplus & rec'd it
quickly enough but knew something was wrong when there was no box or
manual with the software, just a CD case. I contacted Adobe for help
when I had problems installing the software (an incompatibility with
Windows) but Adobe informed me the software was registered to someone
else and they would not support the software in the future. My computer's
hard drive died three months later and was replaced. But when I reloaded
the CS4 software, I was unable to register it because of the previous
ownership issue. So I contacted Software Surplus a number of times but
received no response. So I have paid almost $1000 for software I can't
use. Don't be taken in by their website, it looks legit & payment is made
through Google; THEY ARE RUNNING A SCAM!!

This review was modified by its author, drummergirrl, on 7/23/09 8:01 AM.



Reviewer: **gfd**

**11/7/08 7:27 PM**
Order was shipped ground when 2-day service was requested. When I
called to inquire about the order, I was told "their system was down,
they'll call me back when it's working again." Never heard from them. I
kept calling for 3 days to find out where the shipment was. Eventually
received the software, no box, no manuals, only discs in the plastic cases.
I haven't tried to install because I plan on returning it, but something tells
me the serial number doesn't work. This was for Adobe CS3 Master
collection, a $1500 software package. Like everyone else, I will never buy
anything from this company again and strongly advise against anyone else
doing so as well.



Reviewer: **rcullum**

**10/7/08 9:04 AM**
I ordered a copy of Acrobat Pro 8 from this company and they sent me the
"For Education Bundles Only" version of the software.

It clearly stated on the packaging that is was not to be sold separately. I
tried to install it on my computer but the license key on the packaging was
invalid. I followed their instructions and emailed them twice to get a valid
license number and they did not respond.

After 30 days of not hearing from them I returned the software and they
refunded my money less $6.95 shipping and a $20.00 restocking fee. I'll
never buy from them again, as I feel I paid $26.95 to play the "Place an
Order" game on their website.



Reviewer: **WARNING**

**9/19/08 12:00 PM**
WARNING: THIS COMPANY IS NOT REPUTABLE.
SOFTWARE SURPLUS IS USING GOOGLE'S NAME TO MAKE IT APPEAR TO
BE A LEGITIMATE ENTERPRISE!
NO COMPANY ADDRESS OR PHONE NUMBER IS PROVIDED BY COMPANY
ON WEB SITE OR AT GOOGLE!!!!!
Software Surplus made it appear as if it mailed my software by printing
out a mailing label, but never physically mailed the software that I had
ordered. USPS states, "The U.S. Postal Service was electronically notified
by the shipper on September 16, 2008 to expect your package for mailing.
This does not indicate receipt by the USPS or the actual mailing date."
Paid $4.95 for "Rush Handling." Was charged $6.95 for Priority Mail
service even though seller's policy states "all orders over $50.00 qualify
for free shipping." My order was for $239.95.

Exhibit D, Page 190

**Software Surplus's Shipping Policy**
Software Surplus ships orders directly, we do not rely on 3rd party drop shipping companies, and as a result have some of the fastest order turn around times available. Most orders ship in less than 1 business day. We offer 3 shipping options, and all orders over $50.00 qualify for free shipping. USPS Priority Mail ($6.95), which is usually delivered in less than 4 days from the date of sale UPS 2nd day Air which is usually delivered within 3 days of the date of sale. UPS 3 Day Select, which is usually delivered within 4 days of the date of sale.



Reviewer: **nayr**

PROFILE ≫

**4/23/08 8:31 PM**
I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney! The image of what was shown is different than what I got (red AE warning on top and bottom, but no such thing on the shown image). Software Surplus (or SoftwareSurplus) calls this "Visio 2007 Professional Full Install". Then they had 5 (printed) pages of stuff they probably copied off of Microsoft's web site, and in fine print at the bottom they say "Full Version for Windows, Priced for Academic Users". What a SCAM! You have to scroll down five pages just to get the truth, when the top of the page totally misrepresents what you are going to get!

Other reviews also talked about a "restocking fee", and I'll be posting this complaint everywhere (perhaps with my lawyer) if this is the case!!!



Reviewer: **rezachin**
(read my 2 reviews)

PROFILE ≫

**12/27/07 11:52 AM**
I bought software almost $ 660.00 but I haven't heard anything from them!!! I've sent them 3 e-mails but it never get reply!!! Anybody knows their real phone number? Thanks!



Reviewer: **implexant**
(read my 3 reviews)

PROFILE ≫

**12/19/06 12:27 PM**
Ordered Acrobat 7.0 Standard (Full Installation). Received Acrobat 8.0 Standard (Academic Version). They refuse to issue RMA without charging a 15% restocking fee. Calling them just wastes my time as I spend hours on hold. Their online system will NOT issue me an RMA number, and their phone system says that I can only obtain an RMA online. Very confusing and deceptive.

This review was modified by its author, implexant, on 12/19/06 12:29 PM.



Reviewer: **SoftPaw**
(read my 2 reviews)

PROFILE ≫

**6/6/05 5:19 PM**
Ordered Windows XP Professional CD full install with SP2 --- received the CD with product key for installation. Attempted to install on brand new computer and CD was defective and would not copy all files, message stating that file on CD was corrupt. Received RMA authorization and RMA number from Software Surplus. Returned defective CD via USPS registered mail with green signature return card affixed by post office to package. Post office was slow in delivering package, but package was delivered and signed for as received by Software Surplus and I received my green return signature card indicating acceptance of return in the mail. Software Surplus has ignored my RMA. I have emailed them numerous times with no response from them. I have attempted to telephone them several times and twice I got through to a message box where I left my name, telephone number, and reason for the call. They have not

Exhibit D, Page 191

responded. They are ignoring me totally. Their website, softwaresurplus.com is still active on the web and they appear to still be selling software. They are located in Las Vegas, Nevada. DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY.

    Reviewer: **pilartaylor**    

**4/1/05 9:01 AM**
i ordered FileMaker Pro 7.0 from Software Surplus after spending a considerable amount of time researching the product and prices. The product was advertised from Software Surplus as a full and registered copy. When I received the product, after paying only 20% less than full retail I received one CD no box and registration number on the sleeve. I could not register this product with FileMaker without the SKU numeber on the box.
Finally I called Filemaker and they informed me that the registration number was already in use by 7 OTHER PEOPLE. Neat trick, steal serials and sell them for real. I caleed, explained I wanted a refund and they hung up and refused to answer the phone ever again.
DO NOT USE THESE PEOPLE THEY LIE AND STEAL.

Page 1 of 1        ⚙ Write a Review





home | for merchants | advertise | trust & ethics | add a store
help/faq | privacy policy | terms of use | our reputation | contact us

ResellerRatings.com® Copyright 2010
All Enthusiast, Inc.

Deals and Bargains
Tech Support Forums

New York Attorney General partners with ResellerRatings to Protect Shoppers

"ResellerRatings Saved Me From Getting Bamboozled Online"

"ResellerRatings Cracks Down on Review Bribing"

"ResellerRatings Saved Me A From Digital Camera Scam"

Exhibit D, Page 192

# EXHIBIT D

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 1 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 198 of 380



Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 2 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 199 of 380

Overall Rating:

**My worst online shopping experience EVER!**
by sgjdgy , Apr 11 '09

I recently ordered a copy of the CS 3.3 Master Suite from Software Surplus. According to the product description and promotional copy on their website, they were selling the "full install" of the software "new in box." Only after I placed the order did I ...

**Read the full review**

Express Reviews

Overall Rating:

**A... for AWFUL !!**
by fanebrp ,Jan 15 '07

Never received my software. It has been 1 month now. My credit card was charged immediately. The phone no. they gave to Master Card was bogus. They never answered the phone, using the number on their site, nor did they return phone messages. Email to them went unanswered except for 1 nasty unsigned note calling me names. They had time for that.
Better to donate money to your favorite charity, rather than them. Buyer beware really applies here... Amen!

**Read more**

Overall Rating:

**Lousy, Lousy company, unprincipaled & unworthy of public trust.**
by victoraugustus ,Feb 01 '07

This retailer should be removed from the market. I ordered Norton Security Software that installs on up to 3 computers and their web page showed that and when it came it was not what I had ordered. I called them 3 separate days and got an answering machine and left a message. They refused to reply. I sent them an e-mail describing my problem and they replied by saying the software had to be installed on 3 computers of the same person because that was the way the manufacturer designed it. Not true. I went down to Staples and bought the correct version and installed it on 3 computers registered to 3 different persons and all is ok. I sent an e-mail requesting instructions to return their software for a refund and they will not reply. They have the money and to hell with the customer. This company is a no brainer! If you have a problem with your shipment you better forget it because you won't get any response from them. Go to another retailer for your product needs is my recommendation.

**Read more**

Overall Rating:

**MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS.**
by myopinion2007 ,May 18 '07

I purchased (through Google checkout) adobe acrobat software totaling $179.10. USPS tracking said it was delivered but it was not. The company has no way to contact them except email. I've emailed 4 times and gotten no response at all. I emailed Google checkout twice, the last time asking for their help in mediating. I have not heard from them yet. I am now in the process of submitting a disputed item form with my credit card company. Thankfully I used a virtual account number and not my real mastercard number. This company doesn't care about customer service at all!

**Read more**

Overall Rating:

**The worst!**
by didely ,Oct 30 '08

Sofware Surplus take syour money and doesn't ship you the product. They don't respont to your emails and don't have a phone number to call them. Don't ever buy from them!

**Read more**

Overall Rating:

**The absolute worst!!!!!**
by ssurplusenemy ,Feb 06 '07

Horrible!!!!!Buyer beware. This company not only takes your money, it sells you illegal software. I bought software for my daughter for a gift. I didn't buy the correct software. She wanted Adobe Photoshop, but I bought Adobe Professional. The day after Christmas, I tried to return the software. No reply. Several times I tried to return only to find out they don't respond. I went on their website and entered my order number, only to find out it doesn't exist. I tried calling the phone number listed on my bank statement of which my card was billed, and the phone number is bogus.
My original software was sent with a piece of hardware that is unrelated to the software. It is because of license laws with the OEM-labeled software, that requires software to be sold with specific hardware. This company doesn't do this. It sends you software with no retail box, no manufactures warranty, no activation key-code, and no manuel. Check out other reviews of this company SOFTWARE SURPLUS. They are bad!! This company is running an illegal scam. Too many shady things about this one!!!! Lost about $235.00

**Read more**

Overall Rating:

**The worst I ever have experienced.**
by organistgeorge ,May 06 '09

I ordered software for my Windows computer and they sent a Mac version. I wrote to them and their E-mail reply said that upon return of the wrong shipment, they would send the

Exhibit D, Page 195

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...    Page 3 of 6

Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 200 of 380

Windows version plus a check for $30 to compensate me for my troubles. We returned the software by insured mail, signature required, and the returned card was stamped as received by the UPS store but with no signature. I have sent Software Surplus four E-mails which they have not answered. This morning's was an ultimatum to respond by 3.00 PM Easter Standard Time or I would take action. There has been no reply. They are crooks and somehow they must be brought to light, prosecuted, and jailed.

Read more

Overall Rating:   **Very BAD!!!!!!! DON'T DEAL WITH THEM!!!!!**
by rezachin ,Dec 27 '07

I bought almost $ 660.00 using my CC. I've never heard anything back from them for the past 3 days and I've sent 3 e-mail messages, none of them get a reply!!! How come this store still exists??? Is there anybody knows the real phone number???

UPDATE 12-28-07:
Finally Josh replied to my e-mail after 3 days (sent 3 e-mail messages) and he said "he's on Christmas Vacation!" Wow, how should the customer know because there's no indication on their website that saying "all order will be process on such and such date..."!!! Josh will also refund my CC but I checked with my CC this morning, NOTHING! I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!

Read more

Overall Rating:   **Like to give money away for nothing in return? Here's your place!**
by pennep ,Jan 26 '09

I used to think I was a savvy online shopper, but was too stupid to check these reviews before ordering from Software Surplus. Since I was purchasing something for work I felt compelled to go with the lowest price. They told me CS4 was in stock, took my $975, even charged me for rush shipping. Then sent an immediate email saying it was out of stock and would arrive, oddly enough, on a date seven days prior to when I ordered it. Tens of emails, three voicemail messages and at least 20 minutes on hold, and I still never spoken with anyone there. But they've got my almost thousand dollars, and I'm dealing with filling out paperwork to get my credit card company to dispute the charge. **Nothing but crooks.**

Read more

Overall Rating:   **I will never order from this company again.**
by rcullum ,Oct 07 '08

I ordered Acrobat 8.0 Professional from this company and they shipped me the Educational Version of the software. It clearly states on the packaging that it is not to be sold separately.

I installed the software and the license key on the packaging was invalid. I followed Software Surplus intructions to get a valid license key by emailing them twice. They did not respond.

After 30 days I returned the product and my money was refunded LESS a $20.00 restocking charge and $6.95 shipping. I feel like I paid $26.95 to play a game at their website called "Place an Order"

I will never order from this company again.

Read more

Overall Rating:   **Do not use this vendor!**
by stormtech ,May 23 '07

We are VERY unsatisfied with Software Surplus. We ordered a copy of Dreamweaver 8, which was shipped promptly, and downloaded fine. However, once we tried to enter the serial number, we realized that number was missing one character. We e-mailed their company, since that is one of the only ways to contact them, and received one reply, That sounds strange we will contact our vendor. Since then we have sent several e-mails, and once we realized they weren't going to write back, we called 411 with their address, and found they aren't listed. So we tried the phone number listed as their business phone number, and found out that was a jewelry store phone number. Then we tried another phone number listed on their website. That number had been disconnected. We still are not able to use the software.

Read more

Overall Rating:   **Excellent bargain!**
by welcome34 ,Jun 10 '10

I was really scared when I read all of these reviews but I'd already ordered so oh well! Well, we received our copy of Adobe 9 within a week of ordering, it downloaded fine w/ no issues and it was a real copy not educational or anything odd. They also responded to an emailed inquiry regarding shipping within 2 hours so I have to say they were fine to work with in my book and we saved a lot of money using them to buy the software!

Read more

Overall Rating:   **Terrible. They play up customer service but don't deliver.**
by sammontross ,May 18 '09

Exhibit D, Page 196

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...    Page 4 of 6

Case 2:10-cv-00422-LRH-GWF    Document 73    Filed 12/20/10    Page 201 of 380

Below grade service.  Even though their invoice clearly stated my software order was for MAC they sent me a PC version.  Not easy to find their phone number to call for help, but once I tracked them down they promised to remedy it immediately. I never heard from them again and it has been 5 weeks. I had bought InDesign and paid rush because we had a specific project.  I lost time, money and the cost to rush.  Sam Montross

**Read more**

Overall Rating: ✔✔◻◻◻   **WHY IS THIS COMPANY STILL IN BUSINESS????**
by drummergirrl ,Jul 23 '09

I ordered Adobe CS4 online from Software Surplus & rec'd it quickly enough but knew something was wrong when there was no box or manual with the software, just a CD case. I contacted Adobe for help when I had problems installing the software (an incompatibility with Windows) but Adobe informed me the software was registered to someone else and they would not support the software in the future. My computer's hard drive died three months later and was replaced. But when I reloaded the CS4 software, I was unable to register it because of the previous ownership issue. So I contacted Software Surplus a number of times but received no response. So I have paid almost $1000 for software I can't use. Their website looks legit & payment is made through Google so it's easy to be taken in. SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!

**Read more**

Overall Rating: ✔✔✔✔◻   **Very good price's**
by sa9332 ,Mar 23 '08

Great service with great price. My order was processed quickly, and i'm very happy. With these price's there is nothing to complain about. I looked around everywhere and i couldn't find a better price. Package was shipped from california and arrived in 3 days. I paid 159.95 for Adobe acrobat professional 8.0 and got free shipping. I can certainly recommend everybody to order from this web site.

**Read more**

Overall Rating: ✔✔◻◻◻   **Misleading**
by holly14 ,Jun 29 '08

Be careful!! I didn't see anything on their site that indicated there software was for educational purposes only. I didn't find that out until I received the disc. The disc was also labeled that it was part of a bundle and was not to be sold separately. I sent it back since I didn't plan to use it for educational purposes - and that money back guarantee they offer, is minus a $20 restocking fee!

**Read more**

Overall Rating: ✔✔✔✔◻   **Amazing deals and fast shipping!**
by stevenbrown020 ,Nov 03 '09

I have purchaced several items from these guys and they're great. The online store is simple and works for me. I've been scammed by others usually because the price is to good to be true, but everything has worked out great with these guys so far!

**Read more**

Overall Rating: ✔◻◻◻◻   **CAUTION! CAUTION! CAUTION!**
by logicalts ,Jul 03 '09

I would only purchase from this company if you like to be ripped-off, recevie no response to request and have to be Sherlock Holmes to track down a phone number. I attempted three separate times to find out why my overnight order from two weeks ago still hasn't shown-up.  To date, I have received zero response.  Google their company name and you will see that I am not the first one to have a problem with them.  I will NEVER purchase from them again.

**Read more**

Showing 1-22 of 22 reviews                                    Back to paged view

Ads by Google

**Business eStore Builder**
The eStore Builder Made For Small Businesses! All for $19.98/month.
www.CityMax.com

**Online Shop Software**
User-Friendly Store Designs With Custom Cart & Integrated Marketing!.
www.1SCStores.com

**Online Website Software**
Which Website Software is Best? Read reviews & 5 must-know secrets.
StoreBuilderSecrets.com

Exhibit D, Page 197

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 5 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 202 of 380

**Software Online Shops**
Web Software To Build A Website In Minutes. Fast & Easy - Try Free!.
Intuit.com/website-software

**Rackspace SaaS**
Deliver your software over the Internet. Find out more..
www.Rackspace.com/SaaS-Hosting

### Related Deals



**Konica 9820 9825 Drum Cartridge Black 20k**
100% New Compatible 950-121 KONICA 9820 9825 DRUM CARTRIDGE BLACK 20k Each

$105.35


SEE IT at
Extra Mile Toner

**Konica 9820 9825 Drum Cartridge Black 20k**
New Genuine Original 950-121 KONICA 9820 9825 DRUM CARTRIDGE BLACK 20k Each

$188.02


SEE IT at
Free Shipping
TonerMax

**Oce 3200 3210 3300 Toner**
New Genuine Original 26901-115 OCE 3200 3210 3300 TONER Each Surplus

$35.00


SEE IT at
SurplusToner



**Dell Optiplex 755 Software Bundle - 4 Cds**
SquareTrade AP6.0 New Dell OptiPlex 755 Software Bundle - 4 CDs Condition:Brand New, Never Used, Sealed, Military Surplus This is the original Dell so...

$29.99


SEE IT at
eBay



**Hp Vmware Infrastructure Enterprise Edition 430350-b21**
Visit my eBay Store: Surplus Computer Liquidator View all terms for Sale |About Me Search in our eBay Store in titles descriptions HP VMWARE ESX VIN T...

$150.00


SEE IT at
eBay

▶ See all 6 related deals!

### Related Search Terms

windows xp | microsoft office 2003 | microsoft office 2007 | software | microsoft office 2007 software | adobe acrobat | microsoft office | norton antivirus 2007 | quicken | intuit quicken deluxe | windows xp full version | windows xp professional | vista | microsoft word | toshiba satellite a135-s2386 | one for all urc-9910 | xp professional | microsoft streets and trips 2007 | windows small business server 2003 premium | microsoft streets & trips 2007 with gps locator

Subscribe to More Reviews on Online Stores & Services
Get the RSS Feed: 🔊 - Add to My Yahoo!: - Add to Google Homepage:




Help | Member Center | Message Boards | Site Rules | User Agreement | Privacy Policy | Site Index | Topic Index
About Epinions | Careers | Contact Epinions | Advertising

Epinions | Shopping.com | Rent.com | Free Classifieds | Price Comparison UK

Shopping.com Network

© 1999-2010 Shopping.com, Inc. Trademark Notice

Epinions.com periodically updates pricing and product information from third-party sources,

Exhibit D, Page 198

Software Surplus Online Store Reviews. Buying guides & consumer product reviews at E...   Page 6 of 6

Case 2:10-cv-00422-LRH-GWF   Document 73   Filed 12/20/10   Page 203 of 380

so some information may be slightly out-of-date. You should confirm all information before relying on it.

Exhibit D, Page 199

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am a member of the Bar of the United States District Court of Nevada. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On August 24, 2010, I served on the interested parties in this action with the:

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOFTWARE SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE
SURPLUS INC.
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
CHRISTENSON
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
SOFTWARE SURPLUS INC.

for the following civil action:

Adobe Systems Incorporated v. Christenson, et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, NV 89101

Place of Mailing: Glendale, California
Executed on August 24, 2010, at Glendale, California

*Katrina Bartolome*
Katrina Bartolome

# EXHIBIT E

1
LISA A. RASMUSSEN
LAW OFFICE OF LISA RASMUSSEN, PC
2
California Bar No. 207026
Nevada Bar No. 007491
3
616 South 8th Street
Las Vegas, NV 89101
4
(702) 471-1436; (702) 471-6540 (FAX)
lisa@lrasmussenlaw.com
5
Attorneys for Joshua Christenson
and Software Surplus, Inc.
6

7
IN THE UNITED STATE DISTRICT COURT

8
DISTRICT OF NEVADA

9
ADOBE SYSTEMS INCORPORATED

10
        Plaintiff,

11
    vs.

12
Joshua Christenson, et al.

13
        Defendants.

14
Joshua Christenson, an individual;
SOFTWARE SURPLUS, INC., a Nevada
15
corporation,

16
        Counterclaimant,

17
    v.

18
ADOBE SYSTEMS INCORPORATED, a
Delaware corporation; and Does I - 10,
19
inclusive,

20
        Counterdefendants.

21
Joshua Christenson, an individual;
SOFTWARE SURPLUS, INC., a Nevada
22
corporation,

23
        Third-Party Plaintiff,

    v.

24
SOFTWARE PUBLISHERS
ASSOCIATION d/b/a SOFTWARE
25
INFORMATION INDUSTRY
ASSOCIATION, a not-for-profit trade
26
association organized pursuant to Section
501(c)(6) of the Internal Revenue Code;
27
and Roes 1 - 10, inclusive,

28
        Third-Party Defendants.

Case No. 2:10-CV-0422-LRH-LRL

**DEFENDANT SOFTWARE
SURPLUS, INC.'S RESPONSES TO
PLAINTIFF ADOBE'S FIRST SET
OF INTERROGATORIES TO
DEFENDANT SOFTWARE
SURPLUS, INC.**

Exhibit E, Page 201

# RESPONSES TO INTERROGATORIES

**A.      DEFINITIONS**

    1.      "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1).

    2.      "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

    3.      "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

    4.      "Disclosure" or "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

    5.      "Interrogatory" or "Interrogatories" means the Plaintiff's First Set of Interrogatories to Defendant Christenson.

**C.      PRELIMINARY RESPONSES**

    1.      The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

    2.      Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

    3.      DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

**D.      STANDING OBJECTIONS**

    DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the interrogatories as applicable, and Standing Objection #1 applies to all Interrogatories which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Interrogatory Nos. 1-11.

    1.      The definition of the term DISPUTED PRODUCT as used in the Interrogatory Definition No. 7 incorporates the definitions of COPYRIGHTS and TRADEMARKS as set forth in Interrogatory Definitions Nos. 4 and 5, respectively.  In turn, the definition of

2

COPYRIGHTS incorporates a list of alleged copyrights allegedly owned by PLAINTIFF attached to the Interrogatories as Exhibit A. Likewise, the definition TRADEMARKS incorporates a list of trademarks allegedly owned by PLAINTIFF attached to the Interrogatories as Exhibit B. The use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the alleged TRADEMARKS listed in Exhibit B are valid and legally sufficient in all respects and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also vague and ambiguous because it fails to identify the time period during which the TRADEMARKS and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

2.     DEFENDANT objects to Plaintiff's Definitions and Instructions to the extent that they are not susceptible to reasonable interpretation or limitation and to the extent that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

3.     DEFENDANT has not completed his investigation and discovery into the subject matter of this litigation. The following responses to the Interrogatories are based on the information available to DEFENDANT at the time he provides these responses. Therefore, DEFENDANT reserves the right to supplement or modify the information contained in these responses, as appropriate, should additional information become available through discovery or otherwise.

4.     Without admitting that any documents are required to be produced, or are relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000 pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for $6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay DEFENDANT for the reasonable cost of production of such documents. Therefore, DEFENDANT maintains a standing objection to any and all requests for records based on PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in

3

the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**INTERROGATORY  NO. 1:**

IDENTIFY all DISPUTED PRODUCT offered for sale by YOU at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 1:**

Objections:  This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 2:**

IDENTIFY all DISPUTED PRODUCT sold by YOU at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 2:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 3:**

If YOU did not manufacture the DISPUTED PRODUCT sold by YOU, IDENTIFY YOUR source of the DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY  NO. 3:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it make no reference to time frames.

4

**INTERROGATORY NO. 4:**

IDENTIFY all accounts that ever came into contact with any money connected to the sale of DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY NO. 4:**

Objections: This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it make no reference to time frames.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS to whom YOU sold the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Objections: This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY NO. 6:**

State the total number of sales made by YOU of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Objections: This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY NO. 7:**

State the revenues received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 7:**

5

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 8:**

State the dollar amount of all profits received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 8:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.  The term "profit" is vague and ambiguous.

**INTERROGATORY  NO. 9:**

IDENTIFY the location and custodian of any records evidencing any transaction involving the DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY  NO. 9:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 10:**

IDENTIFY all the means by which YOU accepted payment for YOUR sales of any product.

**RESPONSE TO INTERROGATORY  NO. 10:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

6

The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.   The Interrogatory is overbroad and seeks information that is not Relevant because in seeking information concerning sales of "any product," it seeks information beyond the subject matter of the COMPLAINT.

**INTERROGATORY  NO. 11:**

IDENTIFY all channels through which YOU sold the DISPUTED PRODUCT other than through softwaresurplus.com.

**RESPONSE TO INTERROGATORY  NO. 11:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 12:**

IDENTIFY the name, address and telephone number of any and all individuals assisting in answering these interrogatories.

**RESPONSE TO INTERROGATORY  NO. 12:**

Lisa Rasmussen, Esq. (see caption for name, address and phone number)

Joshua Christenson, c/o Lisa Rasmussen, Esq.

**INTERROGATORY  NO. 13:**

IDENTIFY all facts that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

**RESPONSE TO INTERROGATORY  NO. 13:**

Objection:  Respondent objects that this interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

To the best DEFENDANT'S knowledge, neither DEFENDANT nor SSI ever knowingly distributed unauthorized copies of Adobe software, and therefore, no evidence of

7

such distribution could or should exist.  PLAINTIFF was fully aware of DEFENDANT'S business operations for many years, and to the degree DEFENDANT sold or distributed any products in any way related to PLAINTIFF, PLAINTIFF ratified and approved those sales. The ratification was made, inter alia, by telephone communication from Adobe or its agents. See also Third, Fourth, Fifth, Sixth, Seventh, Fifteenth, Seventeenth, Eighteenth, and Twenty-First Affirmative Defenses.

**INTERROGATORY  NO. 14:**

IDENTIFY all facts that support YOUR claim for "Aiding and Abetting".

**RESPONSE TO INTERROGATORY  NO. 14:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See response to Interrogatory Nos. 13 and 16.

**INTERROGATORY  NO. 15:**

IDENTIFY all facts that support YOUR claim for "Civil Conspiracy".

**RESPONSE TO INTERROGATORY  NO. 15:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

See Response to Interrogatory Nos. 13 and 16.

**INTERROGATORY  NO. 16:**

IDENTIFY all facts that support YOUR claim for "Alter Ego / Instrumentality."

**RESPONSE TO INTERROGATORY  NO. 16:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See generally, Disclosures at 269-326.   An Adobe executive sits on the SIIA Board of Directors.  See Disclosures at 223.  SIIA operates as Adobes agent and "promotes and protects its interests."  Id. at 224.  Adobe is a member of SIIA's Education Division and Software Division, .  Id. at 245, 264.  SIIA promotes Adobe's products.  Id. at 268.

8

SIIA repeatedly conducts investigations for, sues and takes other legal action on behalf of Adobe.  Id. at 269-76, 315-16.  SIIA receives funds in its legal proceedings which it initiates in the name of and on behalf of its members such as Adobe, and uses those funds to promote its own operations.  Id. at 269-70.  SIIA offers monetary rewards to informants as part of these investigations, and operates in conjunction with law enforcement agencies.  Id. at 269-70.273, 292.  SIIA has alleged that it "investigated and filed" the instant lawsuit on behalf of Adobe.  Id. at 275.

**INTERROGATORY  NO. 17:**

IDENTIFY all facts that support YOUR contentions that Adobe had anything to do with the press release referenced in the COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY  NO. 17:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

See Response to Interrogatory No. 16.

**INTERROGATORY  NO. 18:**

IDENTIFY all facts that support any damages claimed by YOU.

**RESPONSE TO INTERROGATORY  NO. 18:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

Damage of reputation.  Loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $100,000.00.

**INTERROGATORY  NO. 19:**

IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were false.

**RESPONSE TO INTERROGATORY  NO. 19:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

The statements are patently false because DEFENDANT has never knowingly sold or distributed, let alone created, any unauthorized product, whether it be a product for which

Adobe allegedly holds a copyright or trademark, or any other product.

See Response to Interrogatory No. 13.

**INTERROGATORY  NO. 20:**

IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were made with malice.

**RESPONSE TO INTERROGATORY  NO. 20:**

Objection:  Respondent objects that this interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Responses to Interrogatories Nos. 13 and 16.  See also Disclosure at 269-326. Adobe has engaged in a systematic scheme to prevent the legitimate sales of its products, because it is not satisfied with the status of the law as to the sale of such products.

I, JOSHUA CHRISTENSON, President of Software Surplus, Inc.,  hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED this 12th day of October, 2010.

/s/ Joshua Christenson

JOSHUA CHRISTENSON
(Original signature to follow)

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October, 2010, I served a copy of the

foregoing:

**DEFENDANT SOFTWARE SURPLUS, INC.'S RESPONSES TO PLAINTIFF**

**ADOBE'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOFTWARE**

**SURPLUS, INC.**

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

J.  Andrew Coombs, Esq.
Annie S. Wang, Esq.

/s/   *Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.

1    LISA A. RASMUSSEN
     LAW OFFICE OF LISA RASMUSSEN, PC
2    California Bar No. 207026
     Nevada Bar No. 007491
3    616 South 8th Street
     Las Vegas, NV 89101
4    (702) 471-1436; (702) 471-6540 (FAX)
     lisa@lrasmussenlaw.com
5    Attorneys for Joshua Christenson
     and Software Surplus, Inc.
6

7            IN THE UNITED STATE DISTRICT COURT

8                    DISTRICT OF NEVADA

9    ADOBE SYSTEMS INCORPORATED          Case No. 2:10-CV-0422-LRH-LRL

10                   Plaintiff,           **DEFENDANT JOSHUA**
                                          **CHRISTENSON'S RESPONSES TO**
11            vs.                         **PLAINTIFF ADOBE'S FIRST SET**
                                          **OF INTERROGATORIES TO**
12   Joshua Christenson, et al.           **DEFENDANT CHRISTENSON**

13                   Defendants.

14   Joshua Christenson, an individual;
     SOFTWARE SURPLUS, INC., a Nevada
15   corporation,

16                   Counterclaimant,
              v.
17
     ADOBE SYSTEMS INCORPORATED, a
18   Delaware corporation; and Does I - 10,
     inclusive,
19
                     Counterdefendants.
20
     Joshua Christenson, an individual;
21   SOFTWARE SURPLUS, INC., a Nevada
     corporation,
22
                     Third-Party Plaintiff,
23            v.

24   SOFTWARE PUBLISHERS
     ASSOCIATION d/b/a SOFTWARE
25   INFORMATION INDUSTRY
     ASSOCIATION, a not-for-profit trade
26   association organized pursuant to Section
     501(c)(6) of the Internal Revenue Code;
27   and Roes 1 - 10, inclusive,

28                   Third-Party Defendants.

## RESPONSES TO INTERROGATORIES

**A.    DEFINITIONS**

1.    "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1).

2.    "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

3.    "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

4.    "Disclosure" or "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

5.    "Interrogatory" or "Interrogatories" means the Plaintiff's First Set of Interrogatories to Defendant Christenson.

**C.    PRELIMINARY RESPONSES**

1.    The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

2.    Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

3.    DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

**D.    STANDING OBJECTIONS**

DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the interrogatories as applicable, and Standing Objection #1 applies to all Interrogatories which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Interrogatory Nos. 1-11.

1.    The definition of the term DISPUTED PRODUCT as used in the Interrogatory Definition No. 7 incorporates the definitions of COPYRIGHTS and TRADEMARKS as set forth in Interrogatory Definitions Nos. 4 and 5, respectively.  In turn, the definition of

2

COPYRIGHTS incorporates a list of alleged copyrights allegedly owned by PLAINTIFF attached to the Interrogatories as Exhibit A.  Likewise, the definition TRADEMARKS incorporates a list of trademarks allegedly owned by PLAINTIFF attached to the Interrogatories as Exhibit B.  The use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the alleged TRADEMARKS listed in Exhibit B  are valid and legally sufficient in all respects and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also  vague and ambiguous because it  fails to identify the time period during which the TRADEMARKS and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

    2.    DEFENDANT objects to Plaintiff's Definitions and Instructions to the extent that they are not susceptible to reasonable interpretation or limitation and to the extent that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

    3.    DEFENDANT has not completed his investigation and discovery into the subject matter of this litigation.  The following responses to The Interrogatories are based on the information available to DEFENDANT at the time he provides these responses. Therefore, DEFENDANT reserves the right to supplement or modify the information contained in these responses, as appropriate, should additional information become available through discovery or otherwise.

    4.    Without admitting that any documents are required to be produced, or are relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000 pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for $6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay DEFENDANT for the reasonable cost of production of such documents.  Therefore, DEFENDANT maintains a standing objection to any and all requests for records based on PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in

3

the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**INTERROGATORY  NO. 1:**

IDENTIFY all DISPUTED PRODUCT offered for sale by YOU at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 1:**

Objections:  This Interrogatory is vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 2:**

IDENTIFY all DISPUTED PRODUCT sold by YOU at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 2:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 3:**

If YOU did not manufacture the DISPUTED PRODUCT sold by YOU, IDENTIFY YOUR source of the DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY  NO. 3:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it make no reference to time frames.

4

**INTERROGATORY  NO. 4:**

IDENTIFY all accounts that ever came into contact with any money connected to the sale of DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY  NO. 4:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence, because like the COMPLAINT, it make no reference to time frames.

**INTERROGATORY  NO. 5:**

IDENTIFY all PERSONS to whom YOU sold the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 5:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 6:**

State the total number of sales made by YOU of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 6:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 7:**

State the revenues received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 7:**

5

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 8:**

State the dollar amount of all profits received by YOU from the sale of the DISPUTED PRODUCT at any time since 2006 to the present.

**RESPONSE TO INTERROGATORY  NO. 8:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.  The term "profit" is vague and ambiguous.

**INTERROGATORY  NO. 9:**

IDENTIFY the location and custodian of any records evidencing any transaction involving the DISPUTED PRODUCT.

**RESPONSE TO INTERROGATORY  NO. 9:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 10:**

IDENTIFY all the means by which YOU accepted payment for YOUR sales of any product.

**RESPONSE TO INTERROGATORY  NO. 10:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

6

The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.   The Interrogatory is overbroad and seeks information that is not Relevant because in seeking information concerning sales of "any product," it seeks information beyond the subject matter of the COMPLAINT.

**INTERROGATORY  NO. 11:**

IDENTIFY all channels through which YOU sold the DISPUTED PRODUCT other than through softwaresurplus.com.

**RESPONSE TO INTERROGATORY  NO. 11:**

Objections:  This Interrogatory is vague, ambiguous, seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Interrogatory is irrelevant without a proper time context in the COMPLAINT.

**INTERROGATORY  NO. 12:**

IDENTIFY the name, address and telephone number of any and all individuals assisting in answering these interrogatories.

**RESPONSE TO INTERROGATORY  NO. 12:**

Lisa Rasmussen, Esq. (see caption for name, address and phone number)

Joshua Christenson, c/o Lisa Rasmussen, Esq.

**INTERROGATORY  NO. 13:**

IDENTIFY all facts that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

**RESPONSE TO INTERROGATORY  NO. 13:**

Objection:  Respondent objects that this interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

To the best DEFENDANT'S knowledge, neither DEFENDANT nor SSI ever knowingly distributed unauthorized copies of Adobe software, and therefore, no evidence of

such distribution could or should exist.  PLAINTIFF was fully aware of DEFENDANT'S business operations for many years, and to the degree DEFENDANT sold or distributed any products in any way related to PLAINTIFF, PLAINTIFF ratified and approved those sales. The ratification was made, inter alia, by telephone communication from Adobe or its agents. See also Third, Fourth, Fifth, Sixth, Seventh, Fifteenth, Seventeenth, Eighteenth, and Twenty-First Affirmative Defenses.

**INTERROGATORY  NO. 14:**

IDENTIFY all facts that support YOUR claim for "Aiding and Abetting".

**RESPONSE TO INTERROGATORY  NO. 14:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See response to Interrogatory Nos. 13 and 16.

**INTERROGATORY  NO. 15:**

IDENTIFY all facts that support YOUR claim for "Civil Conspiracy".

**RESPONSE TO INTERROGATORY  NO. 15:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

See Response to Interrogatory Nos. 13 and 16.

**INTERROGATORY  NO. 16:**

IDENTIFY all facts that support YOUR claim for "Alter Ego / Instrumentality."

**RESPONSE TO INTERROGATORY  NO. 16:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See generally, Disclosures at 269-326.   An Adobe executive sits on the SIIA Board of Directors.  See Disclosures at 223.  SIIA operates as Adobes agent and "promotes and protects its interests."  Id. at 224.  Adobe is a member of SIIA's Education Division and Software Division, .  Id. at 245, 264.  SIIA promotes Adobe's products.  Id. at 268.

8

SIIA repeatedly conducts investigations for, sues and takes other legal action on behalf of Adobe.  Id. at 269-76, 315-16.  SIIA receives funds in its legal proceedings which it initiates in the name of and on behalf of its members such as Adobe, and uses those funds to promote its own operations.  Id. at 269-70.  SIIA offers monetary rewards to informants as part of these investigations, and operates in conjunction with law enforcement agencies.  Id. at 269-70.273, 292.  SIIA has alleged that it "investigated and filed" the instant lawsuit on behalf of Adobe.  Id. at 275.

**INTERROGATORY  NO. 17:**

IDENTIFY all facts that support YOUR contentions that Adobe had anything to do with the press release referenced in the COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY  NO. 17:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

See Response to Interrogatory No. 16.

**INTERROGATORY  NO. 18:**

IDENTIFY all facts that support any damages claimed by YOU.

**RESPONSE TO INTERROGATORY  NO. 18:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

Damage of reputation.  Loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $100,000.00.

**INTERROGATORY  NO. 19:**

IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were false.

**RESPONSE TO INTERROGATORY  NO. 19:**

Objection:  Respondent objects that this Interrogatory is overbroad, vague and unduly burdensome.  Notwithstanding that objection, Respondent answers as follows:

The statements are patently false because DEFENDANT has never knowingly sold or distributed, let alone created, any unauthorized product, whether it be a product for which

9

Adobe allegedly holds a copyright or trademark, or any other product.

<u>See</u> Response to Interrogatory No. 13.

**INTERROGATORY  NO. 20:**

IDENTIFY all facts that support YOUR contentions that the statements contained in the press release referenced in the COUNTERCLAIMS were made with malice.

**RESPONSE TO INTERROGATORY  NO. 20**:

Objection:  Respondent objects that this interrogatory is overbroad, vague and unduly burdensome.  The Interrogatory calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

<u>See</u> Responses to Interrogatories Nos. 13 and 16.  <u>See</u> <u>also</u> Disclosure at 269-326. Adobe has engaged in a systematic scheme to prevent the legitimate sales of its products, because it is not satisfied with the status of the law as to the sale of such products.

I, JOSHUA CHRISTENSON, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED this 12th day of October, 2010.

/s/ Joshua Christenson

_____
JOSHUA CHRISTENSON
(Original signature to follow)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October, 2010, I served a copy of the foregoing:

**DEFENDANT JOSHUA CHRISTENSON'S RESPONSES TO PLAINTIFF ADOBE'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHRISTENSON**

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

J. Andrew Coombs, Esq.
Annie S. Wang, Esq.

/s/  *Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.

Exhibit E, Page 222

1   LISA A.  RASMUSSEN
    LAW OFFICE OF LISA RASMUSSEN, PC
2   California Bar No. 207026
    Nevada Bar No. 007491
3   616 South 8th Street
    Las Vegas, NV 89101
4   (702) 471-1436; (702) 471-6540 (FAX)
    lisa@lrasmussenlaw.com
5   Attorneys for Joshua Christenson
    and Software Surplus, Inc.
6

7                    IN THE UNITED STATE DISTRICT COURT

8                             DISTRICT OF NEVADA

9
    ADOBE SYSTEMS INCORPORATED            Case No.  2:10-CV-0422-LRH-LRL
10
                  Plaintiff,              **DEFENDANT SOFTWARE
11        vs.                            SURPLUS, INC.'S RESPONSES TO
                                         PLAINTIFF ADOBE'S FIRST SET
12   Joshua Christenson, et al.          OF REQUESTS FOR PRODUCTION
                                         OF DOCUMENTS TO DEFENDANT
13                Defendants.            SOFTWARE SURPLUS, INC.**

14   Joshua Christenson, an individual;
     SOFTWARE SURPLUS, INC., a Nevada
15   corporation,

16                Counterclaimant,
          v.
17
     ADOBE SYSTEMS INCORPORATED, a
18   Delaware corporation; and Does I - 10,
     inclusive,
19
                  Counterdefendants.
20
     Joshua Christenson, an individual;
21   SOFTWARE SURPLUS, INC., a Nevada
     corporation,
22
                  Third-Party Plaintiff,
23        v.

24   SOFTWARE PUBLISHERS
     ASSOCIATION d/b/a SOFTWARE
25   INFORMATION INDUSTRY
     ASSOCIATION, a not-for-profit trade
26   association organized pursuant to Section
     501(c)(6) of the Internal Revenue Code;
27   and Roes 1 - 10, inclusive,

28                Third-Party Defendants.

## RESPONSES TO REQUESTS FOR PRODUCTION

**A.    DEFINITIONS**

    1.     "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1).

    2.     "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

    3.     "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

    4.     "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

    5.     "Request," "Requests," "Request for Production," or "Requests for Production" means the Plaintiff's First Set of Requests for Production to Defendant Christenson.

**C.    PRELIMINARY RESPONSES**

    1.     The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

    2.     Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

    3.     DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

**D.    STANDING OBJECTIONS**

    DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the Requests as applicable, and Standing Objection #1 applies to all Requests which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Request Nos. 3, 4, 6, 7, 10-13, 15, 17-26, and 29-33.

    **1.**     The definition of the term DISPUTED PRODUCT as used in the Requests

2

Definition No. 7 incorporates the definitions of COPYRIGHTS and TRADEMARKS as set forth in Request Definitions Nos. 4 and 5, respectively.  In turn, the definition of COPYRIGHTS incorporates a list of alleged copyrights allegedly owned by PLAINTIFF attached to the Requests as Exhibit A.  Likewise, the definition TRADEMARKS incorporates a list of trademarks allegedly owned by PLAINTIFF attached to the Requests as Exhibit B.  The use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the alleged TRADEMARKS listed in Exhibit B  are valid and legally sufficient in all respects and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also  vague and ambiguous because it  fails to identify the time period during which the TRADEMARKS and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

2.      DEFENDANT objects to Plaintiff's Definitions and Instructions to the extent that they are not susceptible to reasonable interpretation or limitation and to the extent that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

3.      DEFENDANT has not completed his investigation and discovery into the subject matter of this litigation.  The following responses to the Requests are based on the information available to DEFENDANT at the time he provides these responses.  Therefore, DEFENDANT reserves the right to supplement or modify the information contained in these responses, as appropriate, should additional information become available through discovery or otherwise.

4.      Without admitting that any documents are required to be produced, or are relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000 pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for $6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay DEFENDANT for the reasonable cost of production of such documents.  Therefore, DEFENDANT maintains a standing objection to any and all requests for records based on PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly

3

burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**REQUEST NO. 1:**

DOCUMENTS RELATING TO any litigation with which YOU have ever been involved, whether as plaintiff or defendant, which involve or relate to legal or factual matters similar to those in this litigation, including, but not limited to, issues of copyright, trademark, service mark and unfair competition violations.  The Request calls for a legal conclusion.

**RESPONSE TO REQUEST NO. 1:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  The Request calls for a legal conclusion.

**REQUEST NO. 2:**

DOCUMENTS RELATING TO any United States Customs Ruling or inquiry RELATING TO YOU regarding copyrights, trademarks, service marks or any other intel1ectual property rights.

**RESPONSE TO REQUEST NO. 2:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

4

**REQUEST NO. 3:**

DOCUMENTS RELATING TO importation into the United States of America of the DISPUTED PRODUCT and its component parts, if any, including, but not limited to, letters of credit, transactions, bills of lading, customs declarations, invoices, purchase orders, certification documents, weight documentation, container identification documents and government authorization documents.  The Request calls for a legal conclusion.

**RESPONSE TO REQUEST NO. 3:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 4:**

DOCUMENTS sufficient to IDENTIFY the addresses for facilities which YOU use for receiving, processing, and/or warehousing the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 4:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT'S business address is 9360 W.  Flamingo Road, Ste. 110-422, Las Vegas, NV 89147.

**REQUEST NO. 5:**

DOCUMENTS RELATING TO PLAINTIFF.

**RESPONSE TO REQUEST NO. 5:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a

5

proper time context in the COMPLAINT.

**REQUEST NO. 6:**

DOCUMENTS RELATING TO the COPYRIGHTS.

**RESPONSE TO REQUEST NO. 6:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 7:**

DOCUMENTS RELATING TO the TRADEMARKS.

**RESPONSE TO REQUEST NO. 7:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 8:**

DOCUMENTS RELATING TO the creation and maintenance of www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 8:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT will produce such documents in the near future.

**REQUEST NO. 9**:

DOCUMENTS RELATING TO YOUR affiliation with co-Defendant Software

6

Surplus Inc.

**RESPONSE TO REQUEST NO. 9:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT admits that he is the President of Software Surplus, Inc.

**REQUEST NO. 10**:

DOCUMENTS RELATING TO any shipment by YOU of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 10:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 11:**

DOCUMENTS RELATING TO any copyright owned by PLAINTIFF.

**RESPONSE TO REQUEST NO. 11:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT has no such documents.

**REQUEST NO. 12:**

DOCUMENTS RELATING TO any trademark owned by PLAINTIFF.

Exhibit E, Page 229

**RESPONSE TO REQUEST NO. 12:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT has no such documents.

**REQUEST NO. 13:**

Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 13:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT is not a manufacturer and does not manufacture products.

**REQUEST NO. 14:**

Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of any software.

**RESPONSE TO REQUEST NO. 14:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 15:**

DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the DISPUTED PRODUCT.

8

**RESPONSE TO REQUEST NO. 15:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 16:**

DOCUMENTS RELATING TO any licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell any product YOU distribute.

**RESPONSE TO REQUEST NO. 16:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 17:**

Any and all DOCUMENTS, including emails, reflecting any financial gain received by YOU RELATING TO the purchase, sale, offer for sale, distributing and/or manufacturing of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 17:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 18:**

DOCUMENTS RELATING TO the cost incurred by YOU in connection with the purchase, sale, offer for sale, manufacture and/or distribution of the DISPUTED PRODUCT.

9

**RESPONSE TO REQUEST NO. 18:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 19:**

DOCUMENTS RELATING TO any and all changes, "running changes," alterations, modifications and/or variations of the design of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 19:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 20:**

DOCUMENTS including, but not limited to, drawings, artwork, models, molds, screens, patterns, plans, guides, matrices, mattes, forms, negatives, directions, instructions or any other material used in connection with the creation or manufacture of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 20:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 21:**

DOCUMENTS RELATING TO the design, manufacture, distribution, sale, offer for sale, delivery, storage and/or inventory of the DISPUTED PRODUCT, including, but not

10

limited to, invoices, contracts and correspondence.

**RESPONSE TO REQUEST NO. 21:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 22:**

DOCUMENTS RELATING TO any advertising of the DISPUTED PRODUCT on www.softwaresurplus.com or elsewhere.

**RESPONSE TO REQUEST NO. 22:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 23:**

DOCUMENTS RELATING TO the PERSONS who designed, manufactured, distributed, sold, offered for sale, shipped or otherwise supplied the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 23:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 24:**

DOCUMENTS RELATING TO the PERSONS who purchased the DISPUTED PRODUCT from YOU.

11

**RESPONSE TO REQUEST NO. 24:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 25:**

Contracts or agreements YOU have with any third party(ies) RELATING TO the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 25:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 26:**

DOCUMENTS RELATING TO and representative samples of each variation of any advertising or promotional materials used by YOU in connection with the promotion, marketing or sale of the DISPUTED PRODUCT, including, but not limited to, price displays and/or lists, labels and/or emblems, signs and displays, stationery and business cards, catalogues, flyers, brochures, letters, memoranda and packaging.

**RESPONSE TO REQUEST NO. 26:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 27:**

DOCUMENTS reflecting YOUR financial statements for calendar or fiscal years

12

2006 through the present.

**RESPONSE TO REQUEST NO. 27:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 28:**

DOCUMENTS RELATING TO the transfer of any assets by YOU to any third party(ies) from 2006 until the present.

**RESPONSE TO REQUEST NO. 28:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 29:**

DOCUMENTS RELATING TO the revenue YOU received from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 29:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 30:**

DOCUMENTS RELATING TO all of the costs incurred by YOU from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 30:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 31:**

DOCUMENTS RELATING TO all YOUR purchases of the DISPUTED PRODUCT from YOUR suppliers.

**RESPONSE TO REQUEST NO. 31:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 32:**

DOCUMENTS RELATING TO any importation or exportation of the DISPUTED PRODUCT by YOU.

**RESPONSE TO REQUEST NO. 32:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 33:**

DOCUMENTS RELATING TO all profits received by YOU from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 33:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks

14

information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  The term "profit" is not sufficiently defined or identified.

**REQUEST NO. 34:**

Insurance policies RELATING TO the claims asserted by PLAINTIFF against YOU in this lawsuit.

**RESPONSE TO REQUEST NO. 34:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 35:**

DOCUMENTS establishing, referring to or RELATING TO ALL PERSONS who have personal knowledge of facts concerning this action or the subject matter of this action, and the substance of those facts.

**RESPONSE TO REQUEST NO. 35:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 36:**

DOCUMENTS RELATING TO, identifying or referring to all PERSONS YOU expect to call as expert witnesses at trial, the area(s) of expertise and subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, all written reports of each expert, the most recent resume or curriculum vitae of each expert and

15

all notes, diagrams, photographs, videotapes or other documents prepared or reviewed by each expert.

**RESPONSE TO REQUEST NO. 36:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Without such context, the DEFENDANT has been unable to sufficiently prepare his defense.  Notwithstanding the objection, the time for production of such documents has not expired, and any such documents, if any, will be produced according to the relevant procedural time frame.

**REQUEST NO. 37:**

Written or recorded statements and DOCUMENTS concerning this action or the subject matter of this action.

**RESPONSE TO REQUEST NO. 37:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 38:**

All DOCUMENTS that support the COUNTERCLAIMS.

**RESPONSE TO REQUEST NO. 38:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.

**REQUEST NO. 39:**

All DOCUMENTS that support YOUR contention in paragraph 15 of the

16

COUNTERCLAIMS that "Adobe published the press release to third parties, including, inter alia, news media outlets, news services, and publications."

**RESPONSE TO REQUEST NO. 39:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 269-336.

**REQUEST NO. 40:**

All DOCUMENTS that support YOUR contention in paragraph 16 of the COUNTERCLAIMS that "Adobe and SIIA, acting in concert, published the press release to third parties, including, inter alia, news media outlets, news services, and publications."

**RESPONSE TO REQUEST NO. 40:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request Nos. 47 and 52.

**REQUEST NO. 41:**

All DOCUMENTS that support YOUR contention in paragraph 17 of the COUNTERCLAIMS that "The statements in the press release concerning Christenson and SSI were false and defamatory."

**RESPONSE TO REQUEST NO. 41:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 42:**

All DOCUMENTS that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

17

**RESPONSE TO REQUEST NO. 42:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 43:**

All DOCUMENTS that support YOUR contention in paragraph 26 of the COUNTERCLAIMS that "Adobe and SIIA knowingly and maliciously made and published false, defamatory, and unprivileged statements to third parties ..."

**RESPONSE TO REQUEST NO. 43:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 44:**

All DOCUMENTS that support YOUR contention in paragraph 33 of the COUNTERCLAIMS that "As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000."

**RESPONSE TO REQUEST NO. 44:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 45:**

All DOCUMENTS that support any damage sustained by YOU at all.

18

**RESPONSE TO REQUEST NO. 45:**

See Response to Request No. 44.

**REQUEST NO. 46:**

All DOCUMENTS that support YOUR contention in paragraph 38 of the COUNTERCLAIMS that YOU "...and SSI are entitled to recover punitive damages."

**RESPONSE TO REQUEST NO. 46:**

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 47:**

All DOCUMENTS that support YOUR contention in paragraph 63 of the COUNTERCLAIMS that "At all times relevant herein, SIIA was an alter ego and / or instrumentality of Adobe and its principals."

**RESPONSE TO REQUEST NO. 47:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See generally, Disclosures at 269-326.   An Adobe executive sits on the SIIA Board of Directors.  See Disclosures at 223.  SIIA operates as Adobes agent and "promotes and protects its interests."  Id. at 224.  Adobe is a member of SIIA's Education Division and Software Division, .  Id. at 245, 264.  SIIA promotes Adobe's products.  Id. at 268. SIIA repeatedly conducts investigations for, sues and takes other legal action on behalf of Adobe.  Id. at 269-76, 315-16.  SIIA receives funds in its legal proceedings which it initiates in the name of and on behalf of its members such as Adobe, and uses those funds to promote its own operations.  Id. at 269-70.  SIIA offers monetary rewards to informants as part of these investigations, and operates in conjunction with law enforcement agencies.  Id. at 269-70.273, 292.  SIIA has alleged that it "investigated and filed" the instant lawsuit on behalf of Adobe.  Id. at 275.

19

**REQUEST NO. 48:**

All DOCUMENTS that support YOUR contention in paragraph 64 of the COUNTERCLAIMS that "SIIA is so influenced, governed, and controlled by Adobe and its principals, that SIIA is the alter ego and / or instrumentality of Adobe and its principals.

**RESPONSE TO REQUEST NO. 49:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 50:**

All DOCUMENTS that support YOUR contention in paragraph 65 of the COUNTERCLAIMS that "There is such unity of interest and ownership and control between Adobe and its principals, and SIIA, that they are inseparable from each other."

**RESPONSE TO REQUEST NO. 50:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 51:**

All DOCUMENTS that support YOUR contention in paragraph 66 of the COUNTERCLAIMS that "Adherence to the fiction of separate entity between Adobe and its principals, and SIIA, would, under the circumstances, sanction a fraud or promote injustice to the detriment of Christenson and SIIA."

**RESPONSE TO REQUEST NO. 51:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 51:**

All DOCUMENTS that support YOUR contention in paragraph 67 of the COUNTERCLAIMS that "By reason of the foregoing, it has been necessary for Christenson and SIIA to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs."

**RESPONSE TO REQUEST NO. 53:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

DEFENDANT is not an attorney or schooled in the law, and therefore was required

to hire an attorney to protect his legal rights.

**REQUEST NO. 52:**

All DOCUMENTS that support "Defamation and Defamation Per Se" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 52:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

The statements complained of in the COMPLAINT are patently false because DEFENDANT has never knowingly sold or distributed, let alone created, any unauthorized product, whether it be a product for which Adobe allegedly holds a copyright or trademark, or any other product.  PLAINTIFF knew these facts, knew its allegations were false, and published the statements complained of and  pursued this action nevertheless.

PLAINTIFF was fully aware of DEFENDANT'S business operations for many years, and to the degree DEFENDANT sold or distributed any products in any way related to PLAINTIFF, PLAINTIFF ratified and approved those sales.  The ratification was made, inter alia, by telephone communication from Adobe or its agents.  See also Third, Fourth, Fifth, Sixth, Seventh, Fifteenth, Seventeenth, Eighteenth, and Twenty-First Affirmative Defenses.  See also Response to Request No. 47.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 53:**

All DOCUMENTS that support "False Light" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 53:**

See Response to Request No. 52.

**REQUEST NO. 54:**

All DOCUMENTS that support "Business Disparagement" as a proper claim brought

21

by YOU against Adobe.

**RESPONSE TO REQUEST NO. 54:**

See Response to Request No. 52.

**REQUEST NO. 55:**

All DOCUMENTS that support "Aiding and Abetting" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 55:**

See Response to Request No. 52.

**REQUEST NO. 56:**

All DOCUMENTS that support any claim for "Aiding and Abetting".

**RESPONSE TO REQUEST NO. 56:**

See Response to Request No. 52.

**REQUEST NO. 57:**

All DOCUMENTS that support "Civil Conspiracy" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 57:**

See Response to Request No. 52.

**REQUEST NO. 58:**

All DOCUMENTS that support any claim for "Civil Conspiracy".

**RESPONSE TO REQUEST NO. 58:**

See Response to Request No. 52.

**REQUEST NO. 59:**

All DOCUMENTS that support "Alter Ego / Instrumentality" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 59:**

See Response to Request No. 52.

**REQUEST NO. 60:**

All DOCUMENTS that support any claim for "Alter Ego / Instrumentality".

**RESPONSE TO REQUEST NO. 60:**

22

See Response to Request No. 52.

**REQUEST NO. 61:**

DOCUMENTS that provide evidentiary support for the factual basis for the allegations of YOUR affirmative defenses contained in YOUR ANSWER.

**RESPONSE TO REQUEST NO. 61:**

See Disclosures.

**REQUEST NO. 62:**

All DOCUMENTS any witness identified by YOU in YOUR initial disclosures or any supplemental disclosures intends to authenticate, introduce, or reference at trial.

**RESPONSE TO REQUEST NO. 62:**

See Disclosures.

**REQUEST NO. 63:**

DOCUMENTS that support any of YOUR affirmative defenses contained in YOUR ANSWER.

**RESPONSE TO REQUEST NO. 63:**

See Disclosures.

**REQUEST NO. 64:**

DOCUMENTS, demonstrative aids, summaries or other items that YOU intend to utilize at the trial of this action, whether as an exhibit or to assist in any way the testimony of any witness.

**RESPONSE TO REQUEST NO. 64:**

See Disclosures.

**REQUEST NO. 65:**

DOCUMENTS not previously identified in these requests which RELATE TO or support any claims relevant to YOUR responses to the Interrogatories.

**RESPONSE TO REQUEST NO. 65:**

None at this time.

**REQUEST NO. 66:**

DOCUMENTS not previously identified in these requests which RELATE TO or

23

support any claims or denials relevant to YOUR responses to the Requests for Admission.

**RESPONSE TO REQUEST NO. 66:**

    None at this time.

**REQUEST NO. 67:**

    DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or defenses relevant to the COMPLAINT.

**RESPONSE TO REQUEST NO. 67:**

    None at this time.

**REQUEST NO. 68:**

    All DOCUMENTS identified in YOUR initial disclosures.

**RESPONSE TO REQUEST NO. 68:**

    <u>See</u> Disclosures.

    DATED this 12th day of October, 2010.

                     **LAW OFFICE OF LISA RASMUSSEN, PC**

                          /s/ *Lisa A. Rasmussen*

               BY:_____

                   Lisa A.  Rasmussen, Esq.

               Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

               **ROBERT L. LANGFORD & ASSOCIATES**

                       /s/ *Robert L. Langford*
               BY:_____
                   Robert L. Langford, Esq.

               Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

1

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th  day of October, 2010, I served a copy of the

3

foregoing:

4

**DEFENDANT SOFTWARE SURPLUS, INC.'S RESPONSES TO PLAINTIFF**

5

**ADOBE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**

6

**DEFENDANT SOFTWARE SURPLUS, INC.**

7

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

8

J.  Andrew Coombs, Esq.
Annie S. Wang, Esq.

9

10

/s/  *Lisa A. Rasmussen*

11

Lisa A. Rasmussen, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LISA A. RASMUSSEN
    LAW OFFICE OF LISA RASMUSSEN, PC
2   California Bar No. 207026
    Nevada Bar No. 007491
3   616 South 8th Street
    Las Vegas, NV 89101
4   (702) 471-1436; (702) 471-6540 (FAX)
    lisa@lrasmussenlaw.com
5   Attorneys for Joshua Christenson
    and Software Surplus, Inc.
6

7              IN THE UNITED STATE DISTRICT COURT

8                    DISTRICT OF NEVADA

9
    ADOBE SYSTEMS INCORPORATED          Case No. 2:10-CV-0422-LRH-LRL
10
              Plaintiff,                **DEFENDANT JOSHUA**
11       vs.                            **CHRISTENSON'S RESPONSES TO**
                                        **PLAINTIFF ADOBE'S FIRST SET**
12   Joshua Christenson, et al.         **OF REQUESTS FOR PRODUCTION**
                                        **OF DOCUMENTS TO DEFENDANT**
13            Defendants.               **CHRISTENSON**

14   Joshua Christenson, an individual;
     SOFTWARE SURPLUS, INC., a Nevada
15   corporation,

16            Counterclaimant,
         v.
17
     ADOBE SYSTEMS INCORPORATED, a
18   Delaware corporation; and Does I - 10,
     inclusive,
19
              Counterdefendants.
20
     Joshua Christenson, an individual;
21   SOFTWARE SURPLUS, INC., a Nevada
     corporation,
22
              Third-Party Plaintiff,
23       v.

24   SOFTWARE PUBLISHERS
     ASSOCIATION d/b/a SOFTWARE
25   INFORMATION INDUSTRY
     ASSOCIATION, a not-for-profit trade
26   association organized pursuant to Section
     501(c)(6) of the Internal Revenue Code;
27   and Roes 1 - 10, inclusive,

28            Third-Party Defendants.

## RESPONSES TO REQUESTS FOR PRODUCTION

**A.  DEFINITIONS**

1.     "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1).

2.     "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

3.     "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

4.     "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

5.     "Request," "Requests," "Request for Production," or "Requests for Production" means the Plaintiff's First Set of Requests for Production to Defendant Christenson.

**C.  PRELIMINARY RESPONSES**

1.     The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

2.     Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

3.     DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

**D.  STANDING OBJECTIONS**

DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the Requests as applicable, and Standing Objection #1 applies to all Requests which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Request Nos. 3, 4, 6, 7, 10-13, 15, 17-26, and 29-33.

1.     The definition of the term DISPUTED PRODUCT as used in the Requests

2

Definition No. 7 incorporates the definitions of COPYRIGHTS and TRADEMARKS as set forth in Request Definitions Nos. 4 and 5, respectively.  In turn, the definition of COPYRIGHTS incorporates a list of alleged copyrights allegedly owned by PLAINTIFF attached to the Requests as Exhibit A.  Likewise, the definition TRADEMARKS incorporates a list of trademarks allegedly owned by PLAINTIFF attached to the Requests as Exhibit B.  The use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the alleged TRADEMARKS listed in Exhibit B  are valid and legally sufficient in all respects and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also  vague and ambiguous because it  fails to identify the time period during which the TRADEMARKS and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

      2.      DEFENDANT objects to Plaintiff's Definitions and Instructions to the extent that they are not susceptible to reasonable interpretation or limitation and to the extent that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

      3.      DEFENDANT has not completed his investigation and discovery into the subject matter of this litigation.  The following responses to the Requests are based on the information available to DEFENDANT at the time he provides these responses.  Therefore, DEFENDANT reserves the right to supplement or modify the information contained in these responses, as appropriate, should additional information become available through discovery or otherwise.

      4.      Without admitting that any documents are required to be produced, or are relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000 pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for $6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay DEFENDANT for the reasonable cost of production of such documents.  Therefore, DEFENDANT maintains a standing objection to any and all requests for records based on PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly

3

burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**REQUEST NO. 1:**

DOCUMENTS RELATING TO any litigation with which YOU have ever been involved, whether as plaintiff or defendant, which involve or relate to legal or factual matters similar to those in this litigation, including, but not limited to, issues of copyright, trademark, service mark and unfair competition violations.  The Request calls for a legal conclusion.

**RESPONSE TO REQUEST NO. 1:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  The Request calls for a legal conclusion.

**REQUEST NO. 2:**

DOCUMENTS RELATING TO any United States Customs Ruling or inquiry RELATING TO YOU regarding copyrights, trademarks, service marks or any other intel1ectual property rights.

**RESPONSE TO REQUEST NO. 2:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

4

**REQUEST NO. 3:**

DOCUMENTS RELATING TO importation into the United States of America of the DISPUTED PRODUCT and its component parts, if any, including, but not limited to, letters of credit, transactions, bills of lading, customs declarations, invoices, purchase orders, certification documents, weight documentation, container identification documents and government authorization documents.  The Request calls for a legal conclusion.

**RESPONSE TO REQUEST NO. 3:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 4:**

DOCUMENTS sufficient to IDENTIFY the addresses for facilities which YOU use for receiving, processing, and/or warehousing the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 4:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT'S business address is 9360 W.  Flamingo Road, Ste. 110-422, Las Vegas, NV 89147.

**REQUEST NO. 5:**

DOCUMENTS RELATING TO PLAINTIFF.

**RESPONSE TO REQUEST NO. 5:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a

5

proper time context in the COMPLAINT.

**REQUEST NO. 6:**

DOCUMENTS RELATING TO the COPYRIGHTS.

**RESPONSE TO REQUEST NO. 6:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 7:**

DOCUMENTS RELATING TO the TRADEMARKS.

**RESPONSE TO REQUEST NO. 7:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 8:**

DOCUMENTS RELATING TO the creation and maintenance of www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 8:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT will produce such documents in the near future.

**REQUEST NO. 9:**

DOCUMENTS RELATING TO YOUR affiliation with co-Defendant Software

6

Surplus Inc.

**RESPONSE TO REQUEST NO. 9:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT admits that he is the President of Software Surplus, Inc.

**REQUEST NO. 10**:

DOCUMENTS RELATING TO any shipment by YOU of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 10:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 11:**

DOCUMENTS RELATING TO any copyright owned by PLAINTIFF.

**RESPONSE TO REQUEST NO. 11:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT has no such documents.

**REQUEST NO. 12:**

DOCUMENTS RELATING TO any trademark owned by PLAINTIFF.

7

**RESPONSE TO REQUEST NO. 12:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT has no such documents.

**REQUEST NO. 13:**

Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 13:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Notwithstanding the objection, DEFENDANT is not a manufacturer and does not manufacture products.

**REQUEST NO. 14:**

Any and all DOCUMENTS, including emails, RELATING TO YOUR purchase, sale, offering for sale, distributing, and/or manufacturing of any software.

**RESPONSE TO REQUEST NO. 14:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 15:**

DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 15:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 16:**

DOCUMENTS RELATING TO any licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell any product YOU distribute.

**RESPONSE TO REQUEST NO. 16:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 17:**

Any and all DOCUMENTS, including emails, reflecting any financial gain received by YOU RELATING TO the purchase, sale, offer for sale, distributing and/or manufacturing of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 17:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 18:**

DOCUMENTS RELATING TO the cost incurred by YOU in connection with the purchase, sale, offer for sale, manufacture and/or distribution of the DISPUTED PRODUCT.

9

**RESPONSE TO REQUEST NO. 18:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 19:**

DOCUMENTS RELATING TO any and all changes, "running changes," alterations, modifications and/or variations of the design of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 19:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 20:**

DOCUMENTS including, but not limited to, drawings, artwork, models, molds, screens, patterns, plans, guides, matrices, mattes, forms, negatives, directions, instructions or any other material used in connection with the creation or manufacture of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 20:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 21:**

DOCUMENTS RELATING TO the design, manufacture, distribution, sale, offer for sale, delivery, storage and/or inventory of the DISPUTED PRODUCT, including, but not

10

limited to, invoices, contracts and correspondence.

**RESPONSE TO REQUEST NO. 21:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 22:**

DOCUMENTS RELATING TO any advertising of the DISPUTED PRODUCT on www.softwaresurplus.com or elsewhere.

**RESPONSE TO REQUEST NO. 22:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 23:**

DOCUMENTS RELATING TO the PERSONS who designed, manufactured, distributed, sold, offered for sale, shipped or otherwise supplied the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 23:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 24:**

DOCUMENTS RELATING TO the PERSONS who purchased the DISPUTED PRODUCT from YOU.

11

**RESPONSE TO REQUEST NO. 24:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 25:**

Contracts or agreements YOU have with any third party(ies) RELATING TO the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 25:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 26:**

DOCUMENTS RELATING TO and representative samples of each variation of any advertising or promotional materials used by YOU in connection with the promotion, marketing or sale of the DISPUTED PRODUCT, including, but not limited to, price displays and/or lists, labels and/or emblems, signs and displays, stationery and business cards, catalogues, flyers, brochures, letters, memoranda and packaging.

**RESPONSE TO REQUEST NO. 26:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 27:**

DOCUMENTS reflecting YOUR financial statements for calendar or fiscal years

12

2006 through the present.

**RESPONSE TO REQUEST NO. 27:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 28:**

DOCUMENTS RELATING TO the transfer of any assets by YOU to any third party(ies) from 2006 until the present.

**RESPONSE TO REQUEST NO. 28:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 29:**

DOCUMENTS RELATING TO the revenue YOU received from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 29:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 30:**

DOCUMENTS RELATING TO all of the costs incurred by YOU from the sale of the DISPUTED PRODUCT.

13

**RESPONSE TO REQUEST NO. 30:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 31:**

DOCUMENTS RELATING TO all YOUR purchases of the DISPUTED PRODUCT from YOUR suppliers.

**RESPONSE TO REQUEST NO. 31:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 32:**

DOCUMENTS RELATING TO any importation or exportation of the DISPUTED PRODUCT by YOU.

**RESPONSE TO REQUEST NO. 32:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 33:**

DOCUMENTS RELATING TO all profits received by YOU from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 33:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks

14

information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  The term "profit" is not sufficiently defined or identified.

**REQUEST NO. 34:**

Insurance policies RELATING TO the claims asserted by PLAINTIFF against YOU in this lawsuit.

**RESPONSE TO REQUEST NO. 34:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 35:**

DOCUMENTS establishing, referring to or RELATING TO ALL PERSONS who have personal knowledge of facts concerning this action or the subject matter of this action, and the substance of those facts.

**RESPONSE TO REQUEST NO. 35:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 36:**

DOCUMENTS RELATING TO, identifying or referring to all PERSONS YOU expect to call as expert witnesses at trial, the area(s) of expertise and subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, all written reports of each expert, the most recent resume or curriculum vitae of each expert and

15

all notes, diagrams, photographs, videotapes or other documents prepared or reviewed by each expert.

**RESPONSE TO REQUEST NO. 36:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.  Without such context, the DEFENDANT has been unable to sufficiently prepare his defense.  Notwithstanding the objection, the time for production of such documents has not expired, and any such documents, if any, will be produced according to the relevant procedural time frame.

**REQUEST NO. 37:**

Written or recorded statements and DOCUMENTS concerning this action or the subject matter of this action.

**RESPONSE TO REQUEST NO. 37:**

Objection:  This Request is unduly burdensome, vague, ambiguous, and seeks information that is not Relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  The COMPLAINT sets forth no time frames for any of the acts alleged therein, and therefore, the information sought in the Request is irrelevant without a proper time context in the COMPLAINT.

**REQUEST NO. 38:**

All DOCUMENTS that support the COUNTERCLAIMS.

**RESPONSE TO REQUEST NO. 38:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.

**REQUEST NO. 39:**

All DOCUMENTS that support YOUR contention in paragraph 15 of the

16

COUNTERCLAIMS that "Adobe published the press release to third parties, including, inter alia, news media outlets, news services, and publications."

**RESPONSE TO REQUEST NO. 39:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 269-336.

**REQUEST NO. 40:**

All DOCUMENTS that support YOUR contention in paragraph 16 of the COUNTERCLAIMS that "Adobe and SIIA, acting in concert, published the press release to third parties, including, inter alia, news media outlets, news services, and publications."

**RESPONSE TO REQUEST NO. 40:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request Nos. 47 and 52.

**REQUEST NO. 41:**

All DOCUMENTS that support YOUR contention in paragraph 17 of the COUNTERCLAIMS that "The statements in the press release concerning Christenson and SSI were false and defamatory."

**RESPONSE TO REQUEST NO. 41:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 42:**

All DOCUMENTS that support YOUR contention in paragraph 22 of the COUNTERCLAIMS that "Adobe has no evidence or any good faith basis upon which to assert that Christenson or SSI ever distributed unauthorized copies of Adobe software."

17

**RESPONSE TO REQUEST NO. 42:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 43:**

All DOCUMENTS that support YOUR contention in paragraph 26 of the COUNTERCLAIMS that "Adobe and SIIA knowingly and maliciously made and published false, defamatory, and unprivileged statements to third parties ..."

**RESPONSE TO REQUEST NO. 43:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

**REQUEST NO. 44:**

All DOCUMENTS that support YOUR contention in paragraph 33 of the COUNTERCLAIMS that "As a result of the actions of Adobe and SIIA, Christenson and SSI have been harmed and damaged as alleged above, in an amount in excess of $75,000."

**RESPONSE TO REQUEST NO. 44:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

See Disclosures at 222-336.  See Response to Request No. 47 and 52.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 45:**

All DOCUMENTS that support any damage sustained by YOU at all.

18

**RESPONSE TO REQUEST NO. 45:**

<u>See</u> Response to Request No. 44.

**REQUEST NO. 46:**

All DOCUMENTS that support YOUR contention in paragraph 38 of the COUNTERCLAIMS that YOU "...and SSI are entitled to recover punitive damages."

**RESPONSE TO REQUEST NO. 46:**

<u>See</u> Disclosures at 222-336.  <u>See</u> Response to Request No. 47 and 52.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 47:**

All DOCUMENTS that support YOUR contention in paragraph 63 of the COUNTERCLAIMS that "At all times relevant herein, SIIA was an alter ego and / or instrumentality of Adobe and its principals."

**RESPONSE TO REQUEST NO. 47:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

<u>See</u> generally, Disclosures at 269-326.   An Adobe executive sits on the SIIA Board of Directors. <u>See</u> Disclosures at 223.  SIIA operates as Adobes agent and "promotes and protects its interests."  <u>Id.</u> at 224.  Adobe is a member of SIIA's Education Division and Software Division, .  <u>Id.</u> at 245, 264.  SIIA promotes Adobe's products.  <u>Id.</u> at 268. SIIA repeatedly conducts investigations for, sues and takes other legal action on behalf of Adobe.  <u>Id.</u> at 269-76, 315-16.  SIIA receives funds in its legal proceedings which it initiates in the name of and on behalf of its members such as Adobe, and uses those funds to promote its own operations.  <u>Id.</u> at 269-70.  SIIA offers monetary rewards to informants as part of these investigations, and operates in conjunction with law enforcement agencies.  <u>Id.</u> at 269-70.273, 292.  SIIA has alleged that it "investigated and filed" the instant lawsuit on behalf of Adobe.  <u>Id.</u> at 275.

19

**REQUEST NO. 48:**

All DOCUMENTS that support YOUR contention in paragraph 64 of the COUNTERCLAIMS that "SIIA is so influenced, governed, and controlled by Adobe and its principals, that SIIA is the alter ego and / or instrumentality of Adobe and its principals.

**RESPONSE TO REQUEST NO. 49:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 50:**

All DOCUMENTS that support YOUR contention in paragraph 65 of the COUNTERCLAIMS that "There is such unity of interest and ownership and control between Adobe and its principals, and SIIA, that they are inseparable from each other."

**RESPONSE TO REQUEST NO. 50:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 51:**

All DOCUMENTS that support YOUR contention in paragraph 66 of the COUNTERCLAIMS that "Adherence to the fiction of separate entity between Adobe and its principals, and SIIA, would, under the circumstances, sanction a fraud or promote injustice to the detriment of Christenson and SIIA."

**RESPONSE TO REQUEST NO. 51:**

<u>See</u> Response to Request No. 47.

**REQUEST NO. 51:**

All DOCUMENTS that support YOUR contention in paragraph 67 of the COUNTERCLAIMS that "By reason of the foregoing, it has been necessary for Christenson and SIIA to obtain the services of an attorney to prosecute this action, and Christenson and SSI are entitled to recover their reasonable attorney's fees and costs."

**RESPONSE TO REQUEST NO. 53:**

Objection: Respondent objects that this Request is overbroad, vague and unduly burdensome. The Request calls for a legal conclusion. Notwithstanding that objection, Respondent answers as follows:

DEFENDANT is not an attorney or schooled in the law, and therefore was required

20

to hire an attorney to protect his legal rights.

**REQUEST NO. 52:**

All DOCUMENTS that support "Defamation and Defamation Per Se" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 52:**

Objection:  Respondent objects that this Request is overbroad, vague and unduly burdensome.  The Request calls for a legal conclusion.  Notwithstanding that objection, Respondent answers as follows:

The statements complained of in the COMPLAINT are patently false because DEFENDANT has never knowingly sold or distributed, let alone created, any unauthorized product, whether it be a product for which Adobe allegedly holds a copyright or trademark, or any other product.  PLAINTIFF knew these facts, knew its allegations were false, and published the statements complained of and  pursued this action nevertheless.

PLAINTIFF was fully aware of DEFENDANT'S business operations for many years, and to the degree DEFENDANT sold or distributed any products in any way related to PLAINTIFF, PLAINTIFF ratified and approved those sales.  The ratification was made, inter alia, by telephone communication from Adobe or its agents.  See also Third, Fourth, Fifth, Sixth, Seventh, Fifteenth, Seventeenth, Eighteenth, and Twenty-First Affirmative Defenses.  See also Response to Request No. 47.

DEFENDANT has suffered damage of reputation to his business, and loss of sales due to damage of reputation.  The estimated loss of sales since the relevant publication in the fall of 2009 is in excess of $200,000.00.

**REQUEST NO. 53:**

All DOCUMENTS that support "False Light" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 53:**

See Response to Request No. 52.

**REQUEST NO. 54:**

All DOCUMENTS that support "Business Disparagement" as a proper claim brought

21

by YOU against Adobe.

**RESPONSE TO REQUEST NO. 54:**

See Response to Request No. 52.

**REQUEST NO. 55:**

All DOCUMENTS that support "Aiding and Abetting" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 55:**

See Response to Request No. 52.

**REQUEST NO. 56:**

All DOCUMENTS that support any claim for "Aiding and Abetting".

**RESPONSE TO REQUEST NO. 56:**

See Response to Request No. 52.

**REQUEST NO. 57:**

All DOCUMENTS that support "Civil Conspiracy" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 57:**

See Response to Request No. 52.

**REQUEST NO. 58:**

All DOCUMENTS that support any claim for "Civil Conspiracy".

**RESPONSE TO REQUEST NO. 58:**

See Response to Request No. 52.

**REQUEST NO. 59:**

All DOCUMENTS that support "Alter Ego / Instrumentality" as a proper claim brought by YOU against Adobe.

**RESPONSE TO REQUEST NO. 59:**

See Response to Request No. 52.

**REQUEST NO. 60:**

All DOCUMENTS that support any claim for "Alter Ego / Instrumentality".

**RESPONSE TO REQUEST NO. 60:**

22

See Response to Request No. 52.

**REQUEST NO. 61:**

DOCUMENTS that provide evidentiary support for the factual basis for the allegations of YOUR affirmative defenses contained in YOUR ANSWER.

**RESPONSE TO REQUEST NO. 61:**

See Disclosures.

**REQUEST NO. 62:**

All DOCUMENTS any witness identified by YOU in YOUR initial disclosures or any supplemental disclosures intends to authenticate, introduce, or reference at trial.

**RESPONSE TO REQUEST NO. 62:**

See Disclosures.

**REQUEST NO. 63:**

DOCUMENTS that support any of YOUR affirmative defenses contained in YOUR ANSWER.

**RESPONSE TO REQUEST NO. 63:**

See Disclosures.

**REQUEST NO. 64:**

DOCUMENTS, demonstrative aids, summaries or other items that YOU intend to utilize at the trial of this action, whether as an exhibit or to assist in any way the testimony of any witness.

**RESPONSE TO REQUEST NO. 64:**

See Disclosures.

**REQUEST NO. 65:**

DOCUMENTS not previously identified in these requests which RELATE TO or support any claims relevant to YOUR responses to the Interrogatories.

**RESPONSE TO REQUEST NO. 65:**

None at this time.

**REQUEST NO. 66:**

DOCUMENTS not previously identified in these requests which RELATE TO or

23

support any claims or denials relevant to YOUR responses to the Requests for Admission.

**RESPONSE TO REQUEST NO. 66:**

    None at this time.

**REQUEST NO. 67:**

    DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or defenses relevant to the COMPLAINT.

**RESPONSE TO REQUEST NO. 67:**

    None at this time.

**REQUEST NO. 68:**

    All DOCUMENTS identified in YOUR initial disclosures.

**RESPONSE TO REQUEST NO. 68:**

    <u>See</u> Disclosures.

    DATED this 12th day of October, 2010.

                    **LAW OFFICE OF LISA RASMUSSEN, PC**

                        /s/ *Lisa A. Rasmussen*

              BY:_____

                  Lisa A.  Rasmussen, Esq.

              Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

                    **ROBERT L. LANGFORD & ASSOCIATES**

                        */s/ Robert L. Langford*

              BY:_____

                  Robert L. Langford, Esq.

              Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October, 2010, I served a copy of the foregoing:

**DEFENDANT JOSHUA CHRISTENSON'S RESPONSES TO PLAINTIFF ADOBE'S**

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**

**DEFENDANT CHRISTENSON**

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

J. Andrew Coombs, Esq.
Annie S. Wang, Esq.

/s/  *Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.

1   LISA A. RASMUSSEN
    LAW OFFICE OF LISA RASMUSSEN, PC
2   California Bar No. 207026
    Nevada Bar No. 007491
3   616 South 8th Street
    Las Vegas, NV 89101
4   (702) 471-1436; (702) 471-6540 (FAX)
    lisa@lrasmussenlaw.com
5   Attorneys for Joshua Christenson
    and Software Surplus, Inc.

6

7           IN THE UNITED STATE DISTRICT COURT

8                DISTRICT OF NEVADA

9   ADOBE SYSTEMS INCORPORATED      Case No. 2:10-CV-0422-LRH-LRL

10          Plaintiff,        **DEFENDANT SOFTWARE**

11      vs.          **SURPLUS, INC.'S RESPONSES TO**
                   **ADOBE'S FIRST SET OF**
12   Joshua Christenson, et al.     **REQUESTS FOR ADMISSION TO**
                   **DEFENDANT SOFTWARE**
13         Defendants.    **SURPLUS, INC.**

14   Joshua Christenson, an individual;
    SOFTWARE SURPLUS, INC., a Nevada
15   corporation,

16          Counterclaimant,
       v.
17
   ADOBE SYSTEMS INCORPORATED, a
18   Delaware corporation; and Does I - 10,
    inclusive,
19
          Counterdefendants.
20
21   Joshua Christenson, an individual;
    SOFTWARE SURPLUS, INC., a Nevada
    corporation,
22
23        Third-Party Plaintiff,
       v.
24
   SOFTWARE PUBLISHERS
25   ASSOCIATION d/b/a SOFTWARE
    INFORMATION INDUSTRY
26   ASSOCIATION, a not-for-profit trade
    association organized pursuant to Section
    501(c)(6) of the Internal Revenue Code;
27   and Roes 1 - 10, inclusive,

28        Third-Party Defendants.

## RESPONSES TO REQUESTS FOR ADMISSION

A.    **DEFINITIONS**

 1. "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1). It also means information reasonably calculated to lead to the discovery of admissible evidence.

 2. "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

 3. "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

 4. "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

 5. "Request," "Requests," "Request for Admission," or "Requests for Admission" means the Plaintiff's First Set of Requests for Admission to Defendant Christenson.

C.    **PRELIMINARY RESPONSES**

 1. The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

 2. Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

 3. DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

D.    **STANDING OBJECTIONS**

 DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the Requests as applicable, and Standing Objection #1 applies to all Requests for Admission which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Requests for Admission Nos. 82-89, 94-115, and 123-147.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.      The definition of the term DISPUTED PRODUCT as used in the Requests for Admission Definition No. 7 incorporates the definitions of COPYRIGHTS and TRADEMARKS as set forth in Requests for Admission Definitions Nos. 4 and 5, respectively.  In turn, the definition of  COPYRIGHTS incorporates a list of alleged copyrights allegedly owned by PLAINTIFF attached to the Requests for Admission as Exhibit A.  Likewise, the definition TRADEMARKS incorporates a list of trademarks allegedly owned by PLAINTIFF attached to the Requests for Admission as Exhibit B.  The use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the alleged TRADEMARKS listed in Exhibit B are valid and legally sufficient in all respects and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also  vague and ambiguous because it  fails to identify the time period during which the TRADEMARKS and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

2.      DEFENDANT objects to PLAINTIFF'S Definitions and Instructions to the extent that they are not susceptible to reasonable interpretation or limitation and to the extent that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

3.      DEFENDANT has not completed his investigation and discovery into the subject matter of this litigation.  The following responses to the Requests are based on the information available to DEFENDANT at the time he provides these responses.  Therefore, DEFENDANT reserves the right to supplement or modify the information contained in these responses, as appropriate, should additional information become available through discovery or otherwise.

4.      Without admitting that any documents are required to be produced, or are relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000 pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for $6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay DEFENDANT for the reasonable cost of production of such documents.  Therefore, DEFENDANT maintains a standing objection to any and all requests for records based on

3

PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**REQUEST NOS. 1:**

PLAINTIFF owns valid and effective copyright registrations for the copyrights listed in Exhibit A attached hereto.

**RESPONSE TO REQUEST NO. 1:**

Objection:  This Request for Admission calls for a legal conclusion.  The admission request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, neither the Request nor the "Exhibit A" referred to make any reference to time frames.  Plaintiff is without information sufficient to respond to this request, and denies the request on this basis.

**REQUEST NO. 2:**

PLAINTIFF owns valid and effective trademark registrations for the trademarks listed in Exhibit B attached hereto.

**RESPONSE TO REQUEST NO. 2**:

Objection:  This Request for Admission calls for a legal conclusion.  The admission request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, neither the Request nor the "Exhibit B" referred to make any reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 3 THROUGH 49:**

Plaintiff owns copyright registration . . . [each Request referencing a number and a name in quotation marks]

4

**RESPONSE TO REQUEST NOS. 3 THROUGH 49:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 50 THROUGH 81:**

Plaintiff owns trademark registration . . . [each Request referencing a number and a name in quotation marks]

**RESPONSE TO REQUEST NOS. 50 THROUGH 81:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 82-85:**

YOU . . . (advertised / offered for sale / sold / distributed) . . . DISPUTED PRODUCT.

**RESPONSE TO REQUEST NOS. 82-85:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NOS. 86-89:**

YOU did not have permission from PLAINTIFF . . . to (advertise / offer for sale / sell / distribute) . . . DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 89-89:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 90-93:**

YOU did not have permission from PLAINTIFF . . . to ( advertise / offer for sale /

5

sell / distribute) . . . any product.

**RESPONSE TO REQUEST NOS. 90-93**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information Requested is also beyond the scope of discovery because the reference to "any product" is overbroad, beyond the scope of the claims in the Complaint, and irrelevant.

**REQUEST NO. 94-99:**

YOU earned a NET PROFIT in excess of . . .($50,000.00 / $100,000.00 / $200,000.00 / $500,000.00 / $1,000,000.00) from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 94-99**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 100:**

Plaintiff owns the exclusive rights to reproduce, distribute or license the reproduction and distribution of the COPYRIGHTS in the United States.

**RESPONSE TO REQUEST NO. 100:**

Objection:  This Request for Admission calls for a legal conclusion.  The admission Request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, the Request makes no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 101-104:**

YOUR . . . ( advertisement / offer for sale / sale / distribution) . . . of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

**RESPONSE TO REQUEST NO. 101-104:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they makes no reference to time frames.

6

**REQUEST NO. 105:**

Plaintiff owns the exclusive right to reproduce, distribute or license the reproduction and distribution of product bearing any of the TRADEMARKS in the United States.

**RESPONSE TO REQUEST NO. 105:**

Objection:  The Request for Admission calls for a legal conclusion.  The admission Request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 106-109:**

YOUR . . . ( advertisement / offer for sale / sale / distribution) . . . of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

**RESPONSE TO REQUEST NOS. 106-109:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 110:**

YOU sold unauthorized copies of PLAINTIFF'S software.

**RESPONSE TO REQUEST NO. 110:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 111:**

YOU sold unlicensed product bearing at least one of the TRADEMARKS.

**RESPONSE TO REQUEST NO. 111:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 112:**

YOU sold unlicensed product that contained at least one of the copyrighted software programs owned by PLAINTIFF.

7

**RESPONSE TO REQUEST NO. 112:**

     Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because "copyrighted software programs owned by PLAINTIFF" are not sufficiently identified.

**REQUEST NO. 113:**

     The DISPUTED PRODUCT was once licensed by Adobe.

**RESPONSE TO REQUEST NO. 113:**

     Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NOS. 114-115:**

     The license under which the DISPUTED PRODUCT was distributed prohibited its sale . . . (its sale by YOU).

**RESPONSE TO REQUEST NO. 114-115:**

     Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 116:**

     www.softwaresurplus.com is YOUR website.

**RESPONSE TO REQUEST NO. 116:**

     Defendant admits www.softwaresurplus.com is owned by Software Surplus, Inc.

**REQUEST NO. 117:**

     YOU own www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 117:**

     Defendant admits www.softwaresurplus.com is owned by Software Surplus, Inc.

**REQUEST NO. 118:**

     YOU operate www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 118:**

     Defendant admits www.softwaresurplus.com is operated by Software Surplus, Inc.

8

**REQUEST NO. 119-122:**

www.softwaresurplus.com accepts payment using the services of . . . (PayPal, Inc. / Google Checkout / Yahoo! Inc. / other accounts not listed herein).

**RESPONSE TO REQUEST NO. 119-122:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information requested is also beyond the scope of discovery because it is overbroad and irrelevant.  The Request is overbroad and unduly burdensome.

**REQUEST NO. 123-124:**

YOU . . . (facilitated the sale / collected money from the sale) . . . of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 123-124:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 125-126:**

YOU offered for sale DISPUTED PRODUCT through . . . (websites / venues) . . . other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 125-126:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 127-128:**

YOU sold DISPUTED PRODUCT through . . . (websites / venues) . . . other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 127-128:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

9

**REQUEST NO. 129:**

YOU purchased keywords that were the same as one of the TRADEMARKS for advertising purposes.

**RESPONSE TO REQUEST NO. 129:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 130:**

YOU used at least one of the TRADEMARKS in YOUR listings for software on www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 130:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 131:**

YOU completed sales of the DISPUTED PRODUCT through the website www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 131:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 132:**

YOU completed sales of the DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 132:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 133:**

Prior to the filing of the COMPLAINT against YOU, YOU knew that the DISPUTED PRODUCT constituted unauthorized product.

**RESPONSE TO REQUEST NO. 133:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information

10

that is not Relevant, because like the Complaint, it make no reference to time frames.   The Request for Admission is vague and ambiguous because the term "unauthorized product" is vague and ambiguous as compared to the DISPUTED PRODUCT identified in the Request for Admission.  Notwithstanding the response, Defendant denies ever knowingly selling any unauthorized products.

**REQUEST NO. 134:**

Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted copyright infringement.

**RESPONSE TO REQUEST NO. 134:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames. Notwithstanding the response, DEFENDANT has no recollection of receiving any such notice.

**REQUEST NO. 135:**

Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted trademark infringement.

**RESPONSE TO REQUEST NO. 135:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames. Notwithstanding the response, Defendant has no recollection of receiving any such notice.

**REQUEST NOS. 136-137:**

Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to . . .  (sell / advertise for sale) the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NOS. 136-137:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous because the term "learning of concerns regarding the legitimacy" is vague and ambiguous.

11

**REQUEST NOS. 138-139:**

At least some of the products advertised for sale by YOU . . . (are unauthorized copies of the COPYRIGHTS / use unauthorized copies of the TRADEMARKS).

**RESPONSE TO REQUEST NOS. 138-139:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. Notwithstanding the response, DEFENDANT never knowingly advertised unauthorized copies of any copyrighted or trademarked products.

**REQUEST NO. 140:**

YOU purchased the DISPUTED PRODUCT at prices below retail prices at the time of purchase.

**RESPONSE TO REQUEST NO. 140:**

Objection:  The Request for Admission is vague, ambiguous, and seek information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 141:**

YOU shipped the DISPUTED PRODUCT to YOUR customers.

**RESPONSE TO REQUEST NO. 141:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 142-143:**

YOU (imported / exported) DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 142-143:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 144-145:**

YOU . . . (did not always / never) obtain(ed) proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

12

**RESPONSE TO REQUEST NO. 144-145:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous, because they do not specifically identify the DISPUTED PRODUCT referred to.  Notwithstanding the response, Defendant admits that persons purchasing products from the website agree to their academic affiliation as a condition of purchase as appropriate.

**REQUEST NO. 146-147:**

YOU . . . (did not always / never) obtain(ed) proof of academic affiliation before shipping to a customer DISPUTED PRODUCT identified as an educational or academic version.

**RESPONSE TO REQUEST NO. 146-147:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous, because they do not specifically identify the DISPUTED PRODUCT referred to.   Notwithstanding the response, Defendant admits that persons purchasing products from the website agree to their academic affiliation as a condition of purchase as appropriate.

**REQUEST NO. 148:**

YOU advertised Adobe software product as a "Full" version when it was an academic version.

**RESPONSE TO REQUEST NO. 148:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.  The Requests for Admission are vague and ambiguous, because they do not specifically identify the product referred to as "Full" or "academic version."

13

**REQUEST NO. 149:**

YOU sold Adobe product in DVD cases alone.

**RESPONSE TO REQUEST NO. 149:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 150:**

OEM software is distributed with specific hardware.

**RESPONSE TO REQUEST NO. 150:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.

**REQUEST NO. 151:**

OEM software is not to be unbundled from the hardware it came with.

**RESPONSE TO REQUEST NO. 151:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.

**REQUEST NO. 152:**

YOU sold OEM Adobe product without the accompanying original hardware.

**RESPONSE TO REQUEST NO. 152:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to. The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED

14

PRODUCT.

**REQUEST NO. 153:**

YOU sold Adobe product that differed from retail versions.

**RESPONSE TO REQUEST NO. 153:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to, and fails to define "retail versions."  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 154:**

YOU sold Adobe product with packaging that differed from their retail equivalents.

**RESPONSE TO REQUEST NO. 154:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to, and fails to define "retail equivalents."  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 155:**

YOU sold Adobe product that stated on its packaging that it was "Made in Singapore."

**RESPONSE TO REQUEST NO. 154:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to.  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 156-57:**

Adobe did not . . .(draft / approve) the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 156-157:**

Denied.

**REQUEST NO. 158:**

Adobe's approval was never required for the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 158:**

Denied.

**REQUEST NO. 159-160:**

Adobe did not . . .(issue / publish) . . . the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 159-160:**

Denied.

**REQUEST NO. 161-162:**

Adobe did not . . . (comment in / have anything to do with) . . . the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 161-162:**

Denied.

**REQUEST NO. 163:**

The reviews attached hereto as Exhibit C were posted on resellerratings.com.

**RESPONSE TO REQUEST NO. 163:**

Objection:  The "Exhibit C" referred to is unauthenticated.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 164:**

Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www.resellerratings.com/store/Software_Surplus (hereinafter "resellerratings.com").

**RESPONSE TO REQUEST NO. 164:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant,

16

because like the Complaint, it makes no reference to time frames, and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 165:**

Individuals identifying themselves as YOUR customers have posted complaints about YOU at resellerratings.com.

**RESPONSE TO REQUEST NO. 165:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 166:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/19/10 that stated "THIS IS A SCAM!!"

**RESPONSE TO REQUEST NO. 166:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 167:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "These people are crooks and I should have heeded the warnings I read online and not purchased from them."

**RESPONSE TO REQUEST NO. 167:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in

17

the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 168:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "Deceptive business practices to be for sure!"

**RESPONSE TO REQUEST NO. 168:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 169:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 2/1/10 that stated "Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far. I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes."

**RESPONSE TO REQUEST NO. 169:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.    Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 170:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER BEWARE!!!"

**RESPONSE TO REQUEST NO. 170:**

Objection:  The Request for Admission seeks information that is not Relevant.  The

18

Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 171:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "THEY ARE RUNNING A SCAM!!"

**RESPONSE TO REQUEST NO. 171:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 172:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 11/7/08 that stated "Like everyone else, I will never buy anything from this company again and strongly advise against anyone else doing so as well."

**RESPONSE TO REQUEST NO. 172:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 173:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 9/19/08 that stated "WARNING: THIS COMPANY IS NOT REPUTABLE."

**RESPONSE TO REQUEST NO. 173:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant,

19

because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 174:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/23/08 that stated "I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney!"

**RESPONSE TO REQUEST NO. 174:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 175:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 12/19/06 that stated "Very confusing and deceptive."

**RESPONSE TO REQUEST NO. 175:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 176:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 6/6/05 that stated "DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY."

**RESPONSE TO REQUEST NO. 176:**

Objection:  The Request for Admission seeks information that is not Relevant.  The

Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 177:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/1/05 that stated "DO NOT USE THESE PEOPLE THEY LIE AND STEAL."

**RESPONSE TO REQUEST NO. 177:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 178:**

The reviews attached hereto as Exhibit D were posted on epinions.com.

**RESPONSE TO REQUEST NO. 178:**

Objection:  The "Exhibit D" referred to is unauthenticated.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 179:**

Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://wwwO.epinions.com/Software_SurpIus_Online_Store/sec_-opinion_Iistipp_-1 /pa_-1 #list (hereinafter "epinions.com").

**RESPONSE TO REQUEST NO. 179:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 180:**

Individuals identifying themselves as YOUR customers have posted complaints about YOU at epinions.com.

**RESPONSE TO REQUEST NO. 180:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 181:**

The epinions.com reviews for Software Surplus Online Store included one post dated Feb 01 '06 that stated "TERRIBLE!!!! Stay away from this Online Retailer!"

**RESPONSE TO REQUEST NO. 181:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 182:**

The epinions.com reviews for Software Surplus Online Store included one post dated Aug 16 '07 that stated "BEWARE OF THIS ILLEGITIMATE WEBSITE STORE!!"

**RESPONSE TO REQUEST NO. 182:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 183:**

The epinions.com reviews for Software Surplus Online Store included one post dated

22

Apr 11 '09 that stated "I wish I'd researched them more carefully, rather than taking the "unbiased reviews" on their website at face value. Caveat emptor!"

## RESPONSE TO REQUEST NO. 183:

Objection:  The Request for Admission seeks information that is not Relevant The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

## REQUEST NO. 184:

The epinions.com reviews for Software Surplus Online Store included one post dated Jan 15 '07 that stated '·A... for AWFUL!!"

## RESPONSE TO REQUEST NO. 184:

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

## REQUEST NO. 185:

The epinions.com reviews for Software Surplus Online Store included one post dated May 18 '07 that stated "MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS."

## RESPONSE TO REQUEST NO. 185:

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

## REQUEST NO. 186:

The epinions.com reviews for Software Surplus Online Store included one post dated

23

Feb 1 '07 that stated "Lousy, Lousy company, unprincipaled & unworthy of public trust."

**RESPONSE TO REQUEST NO. 186:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 187:**

The epinions.com reviews for Software Surplus Online Store included one post dated Feb 6 '07 that stated "They are bad!! This company is running an illegal scam. Too many shady things about this one!!!!"

**RESPONSE TO REQUEST NO. 187:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 188:**

The epinions.com reviews for Software Surplus Online Store included one post dated May 6 '09 that stated "They are crooks and somehow they must be brought to light, prosecuted, and jailed."

**RESPONSE TO REQUEST NO. 188:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 189:**

The epinions.com reviews for Software Surplus Online Store included one post dated

24

Dec 27 '07 that stated "I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!"

**RESPONSE TO REQUEST NO. 189:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 190:**

The epinions.com reviews for Software Surplus Online Store included one post dated Jan 26 '09 that stated "Nothing but crooks."

**RESPONSE TO REQUEST NO. 190:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 191:**

The epinions.com reviews for Software Surplus Online Store included one post dated July  23 '09 that stated "SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!"

**RESPONSE TO REQUEST NO. 191:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 192:**

A link for the reviews at http://www.resellerratings.com/store/Software_Surplus appear on the first page of a Google search for the search terms "software surplus."

**RESPONSE TO REQUEST NO. 192:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames, and fails to sufficiently identify or authenticate the link referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 193:**

A link for the reviews at http://wwwO.epinions.com/Software_Surplus_Online_Store/sec_-opinion_Iistipp_-l/pa_-1 #list appear on the first page of a Google search for the search terms "software surplus."

**RESPONSE TO REQUEST NO. 193:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the link referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 194:**

YOU have not suffered any special damages as a result of the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 194:**

Denied.

**REQUEST NO. 195:**

None of the statements made in the PRESS RELEASE were made with actual malice.

**RESPONSE TO REQUEST NO. 195:**

Denied.

**REQUEST NO. 196:**

The Software & Information Industry Association had a good faith belief in the truth of the statements contained in PRESS RELEASE.

**RESPONSE TO REQUEST NO. 196:**

Denied.

**REQUEST NO. 197:**

The PRESS RELEASE does not state that YOU sold counterfeits.

**RESPONSE TO REQUEST NO. 197:**

The PRESS RELEASE speaks for itself.

**REQUEST NO. 198:**

YOU were sued by Adobe for copyright infringement among other things.

**RESPONSE TO REQUEST NO. 198:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 199:**

YOU were sued by Adobe for trademark infringement among other things.

**RESPONSE TO REQUEST NO. 199:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 200:**

YOU were sued by Adobe for the sale of unauthorized copies of Adobe's software.

**RESPONSE TO REQUEST NO. 200:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 201:**

Adobe's COMPLAINT alleges that you knowingly sold unauthorized copies of Adobe's software.

**RESPONSE TO REQUEST NO. 201:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 202:**

Adobe's COMPLAINT charged YOU with knowingly engaging in copyright

infringement through the fraudulent sale of Adobe software.

**RESPONSE TO REQUEST NO. 202:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 203:**

All of the statements in the PRESS RELEASE were true.

**RESPONSE TO REQUEST NO. 203:**

Denied.

DATED this 12th day of October, 2010.

LAW OFFICE OF LISA RASMUSSEN, PC

/s/ *Lisa A. Rasmussen*

BY:_____
      Lisa A.  Rasmussen, Esq.

Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

ROBERT L. LANGFORD & ASSOCIATES

/s/ *Robert L. Langford*

BY:_____
      Robert L. Langford, Esq.

Attorneys for Defendants Joshua Christenson and Software Surplus, Inc.

28

1

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October, 2010, I served a copy of the foregoing:

**DEFENDANT SOFTWARE SURPLUS, INC.'S RESPONSES TO ADOBE'S FIRST**

**SET OF REQUESTS FOR ADMISSION TO**

**DEFENDANT SOFTWARE SURPLUS, INC.**

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

J.  Andrew Coombs, Esq.
Annie S. Wang, Esq.

/s/   *Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LISA A. RASMUSSEN
    LAW OFFICE OF LISA RASMUSSEN, PC
2   California Bar No. 207026
    Nevada Bar No. 007491
3   616 South 8th Street
    Las Vegas, NV 89101
4   (702) 471-1436; (702) 471-6540 (FAX)
    lisa@lrasmussenlaw.com
5   Attorneys for Joshua Christenson
    and Software Surplus, Inc.
6

7                  IN THE UNITED STATE DISTRICT COURT

8                         DISTRICT OF NEVADA

9   ADOBE SYSTEMS INCORPORATED          Case No.  2:10-CV-0422-LRH-LRL

10              Plaintiff,              **DEFENDANT JOSHUA**
                                        **CHRISTENSON'S RESPONSES TO**
11         vs.                          **ADOBE'S FIRST SET OF**
                                        **REQUESTS FOR ADMISSION TO**
12  Joshua Christenson, et al.          **DEFENDANT CHRISTENSON**

13              Defendants.

14  Joshua Christenson, an individual;
    SOFTWARE SURPLUS, INC., a Nevada
15  corporation,

16              Counterclaimant,
17         v.

    ADOBE SYSTEMS INCORPORATED, a
18  Delaware corporation; and Does I - 10,
    inclusive,
19
                Counterdefendants.
20

21  Joshua Christenson, an individual;
    SOFTWARE SURPLUS, INC., a Nevada
22  corporation,

23              Third-Party Plaintiff,
           v.
24
    SOFTWARE PUBLISHERS
25  ASSOCIATION d/b/a SOFTWARE
    INFORMATION INDUSTRY
26  ASSOCIATION, a not-for-profit trade
    association organized pursuant to Section
27  501(c)(6) of the Internal Revenue Code;
    and Roes 1 - 10, inclusive,
28
                Third-Party Defendants.

## RESPONSES TO REQUESTS FOR ADMISSION

A.   **DEFINITIONS**

1.   "Relevant" or "Relevance" has the same meaning as in the Federal Rules of Civil Procedure Rule 26(b)(1).  It also means information reasonably calculated to lead to the discovery of admissible evidence.

2.   "Answer" means the Answer, Counterclaim, and Third-Party Complaint filed in this action on May 4, 2010, docket number 39.

3.   "Affirmative Defenses" or "Affirmative Defenses" means one or more of the Affirmative Defenses set forth in the Answer.

4.   "Disclosures" means the documents produced to PLAINTIFF by way of Defendants' Voluntary Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

5.   "Request," "Requests," "Request for Admission," or "Requests for Admission" means the Plaintiff's First Set of Requests for Admission to Defendant Christenson.

C.   **PRELIMINARY RESPONSES**

1.   The information supplied in these responses is not based solely upon the knowledge of the responding party, but may include the knowledge of their representatives and agents, unless privileged.

2.   Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality.

3.   DEFENDANT reserves the right to supplement his responses with additional information to the extent discovered or obtained hereafter.

D.   **STANDING OBJECTIONS**

DEFENDANT sets forth herein certain general objections, which are incorporated into each of his responses to the Requests as applicable, and Standing Objection #1 applies to all Requests for Admission which use the terms DISPUTED PRODUCT, COPYRIGHTS, or TRADEMARKS, including without limitation, Requests for Admission Nos. 82-89, 94-115, and 123-147.

2

1     **1.**     The definition of the term DISPUTED PRODUCT as used in the Requests for
Admission Definition No. 7 incorporates the definitions of COPYRIGHTS and
TRADEMARKS as set forth in Requests for Admission Definitions Nos. 4 and 5,
respectively.  In turn, the definition of COPYRIGHTS incorporates a list of alleged
copyrights allegedly owned by PLAINTIFF attached to the Requests for Admission as
Exhibit A.  Likewise, the definition TRADEMARKS incorporates a list of trademarks
allegedly owned by PLAINTIFF attached to the Requests for Admission as Exhibit B.  The
use of the term DISPUTED PRODUCT thus calls for a legal conclusions and relies on the
unverified factual assertion that the alleged COPYRIGHTS listed in Exhibit A and the
alleged TRADEMARKS listed in Exhibit B are valid and legally sufficient in all respects
and actually owned by PLAINTIFF. The term DISPUTED PRODUCT is also  vague and
ambiguous because it  fails to identify the time period during which the TRADEMARKS
and COPYRIGHTS were allegedly held and / or owned by PLAINTIFF.

    **2.**     DEFENDANT objects to PLAINTIFF'S Definitions and Instructions to the
extent that they are not susceptible to reasonable interpretation or limitation and to the extent
that they impose a greater burden than that imposed by the Federal Rules of Civil Procedure.

    **3.**     DEFENDANT has not completed his investigation and discovery into the
subject matter of this litigation.  The following responses to the Requests are based on the
information available to DEFENDANT at the time he provides these responses.  Therefore,
DEFENDANT reserves the right to supplement or modify the information contained in these
responses, as appropriate, should additional information become available through discovery
or otherwise.

    **4.**     Without admitting that any documents are required to be produced, or are
relevant or discoverable, DEFENDANT has attempted to provide approximately 44,000
pages of records, subject to redaction, to PLAINTIFF: (1) in hard copy at $0.15 per page for
$6,600.00 or (2) scanned in searchable "OCR" (Optical Character Recognition) database
format for a cost of $9,500.00, but PLAINTIFF'S have been unwilling to pay
DEFENDANT for the reasonable cost of production of such documents.  Therefore,
DEFENDANT maintains a standing objection to any and all requests for records based on

3

PLAINTIFF'S unwillingness to pay such reasonable costs, as such request(s) are unduly burdensome and / or costly, and the burden or expense outweighs its likely benefit, considering the need of the case, the amount in controversy, the parties resources, the importance of the issue at stake in the action, and the importance or the discover in resolving the issues.  This is especially true in light of the fact that the COMPLAINT sets forth no time limits whatsoever as to the subject matter of the action.  See Fed. R. Civ. P. 26(b)(2)(B) and (b)(2)(C)(iii).

Notwithstanding those objections, DEFENDANT responds as follow:

**REQUEST NOS. 1:**

PLAINTIFF owns valid and effective copyright registrations for the copyrights listed in Exhibit A attached hereto.

**RESPONSE TO REQUEST NO. 1:**

Objection:  This Request for Admission calls for a legal conclusion.  The admission request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, neither the Request nor the "Exhibit A" referred to make any reference to time frames.  Plaintiff is without information sufficient to respond to this request, and denies the request on this basis.

**REQUEST NO. 2:**

PLAINTIFF owns valid and effective trademark registrations for the trademarks listed in Exhibit B attached hereto.

**RESPONSE TO REQUEST NO. 2**:

Objection:  This Request for Admission calls for a legal conclusion.  The admission request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, neither the Request nor the "Exhibit B" referred to make any reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 3 THROUGH 49:**

Plaintiff owns copyright registration . . . [each Request referencing a number and a name in quotation marks]

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST NOS. 3 THROUGH 49:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 50 THROUGH 81:**

Plaintiff owns trademark registration . . . [each Request referencing a number and a name in quotation marks]

**RESPONSE TO REQUEST NOS. 50 THROUGH 81:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 82-85:**

YOU . . . (advertised / offered for sale / sold / distributed) . . . DISPUTED PRODUCT.

**RESPONSE TO REQUEST NOS. 82-85**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NOS. 86-89:**

YOU did not have permission from PLAINTIFF . . . to (advertise / offer for sale / sell / distribute) . . . DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 89-89**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 90-93:**

YOU did not have permission from PLAINTIFF . . . to ( advertise / offer for sale /

5

sell / distribute) . . . any product.

**RESPONSE TO REQUEST NOS. 90-93**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information Requested is also beyond the scope of discovery because the reference to "any product" is overbroad, beyond the scope of the claims in the Complaint, and irrelevant.

**REQUEST NO. 94-99:**

YOU earned a NET PROFIT in excess of . . .($50,000.00 / $100,000.00 / $200,000.00 / $500,000.00 / $1,000,000.00) from the sale of the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 94-99**:

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 100:**

Plaintiff owns the exclusive rights to reproduce, distribute or license the reproduction and distribution of the COPYRIGHTS in the United States.

**RESPONSE TO REQUEST NO. 100:**

Objection:  This Request for Admission calls for a legal conclusion.  The admission Request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, the Request makes no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 101-104:**

YOUR . . . ( advertisement / offer for sale / sale / distribution) . . . of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the COPYRIGHTS.

**RESPONSE TO REQUEST NO. 101-104:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they makes no reference to time frames.

6

**REQUEST NO. 105:**

Plaintiff owns the exclusive right to reproduce, distribute or license the reproduction and distribution of product bearing any of the TRADEMARKS in the United States.

**RESPONSE TO REQUEST NO. 105:**

Objection:  The Request for Admission calls for a legal conclusion.  The admission Request is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NOS. 106-109:**

YOUR . . . ( advertisement / offer for sale / sale / distribution) . . . of DISPUTED PRODUCT infringed PLAINTIFF'S exclusive rights in the TRADEMARKS.

**RESPONSE TO REQUEST NOS. 106-109:**

Objection:  These Requests for Admission call for legal conclusions.  The admission Requests are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 110:**

YOU sold unauthorized copies of PLAINTIFF'S software.

**RESPONSE TO REQUEST NO. 110:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 111:**

YOU sold unlicensed product bearing at least one of the TRADEMARKS.

**RESPONSE TO REQUEST NO. 111:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 112:**

YOU sold unlicensed product that contained at least one of the copyrighted software programs owned by PLAINTIFF.

7

**RESPONSE TO REQUEST NO. 112:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because "copyrighted software programs owned by PLAINTIFF" are not sufficiently identified.

**REQUEST NO. 113:**

The DISPUTED PRODUCT was once licensed by Adobe.

**RESPONSE TO REQUEST NO. 113:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NOS. 114-115:**

The license under which the DISPUTED PRODUCT was distributed prohibited its sale . . . (its sale by YOU).

**RESPONSE TO REQUEST NO. 114-115:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 116:**

www.softwaresurplus.com is YOUR website.

**RESPONSE TO REQUEST NO. 116:**

Defendant admits www.softwaresurplus.com is owned by Software Surplus, Inc.

**REQUEST NO. 117:**

YOU own www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 117:**

Defendant admits www.softwaresurplus.com is owned by Software Surplus, Inc.

**REQUEST NO. 118:**

YOU operate www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 118:**

Defendant admits www.softwaresurplus.com is operated by Software Surplus, Inc.

8

**REQUEST NO. 119-122:**

www.softwaresurplus.com accepts payment using the services of . . . (PayPal, Inc. / Google Checkout / Yahoo! Inc. / other accounts not listed herein).

**RESPONSE TO REQUEST NO. 119-122:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.  The information requested is also beyond the scope of discovery because it is overbroad and irrelevant.  The Request is overbroad and unduly burdensome.

**REQUEST NO. 123-124:**

YOU . . . (facilitated the sale / collected money from the sale) . . . of DISPUTED PRODUCT through YOUR website, www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 123-124:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 125-126:**

YOU offered for sale DISPUTED PRODUCT through . . . (websites / venues) . . . other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 125-126:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 127-128:**

YOU sold DISPUTED PRODUCT through . . . (websites / venues) . . . other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 127-128:**

Objection:  These Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

9

**REQUEST NO. 129:**

YOU purchased keywords that were the same as one of the TRADEMARKS for advertising purposes.

**RESPONSE TO REQUEST NO. 129:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 130:**

YOU used at least one of the TRADEMARKS in YOUR listings for software on www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 130:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 131:**

YOU completed sales of the DISPUTED PRODUCT through the website www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 131:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 132:**

YOU completed sales of the DISPUTED PRODUCT through websites other than www.softwaresurplus.com.

**RESPONSE TO REQUEST NO. 132:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames.

**REQUEST NO. 133:**

Prior to the filing of the COMPLAINT against YOU, YOU knew that the DISPUTED PRODUCT constituted unauthorized product.

**RESPONSE TO REQUEST NO. 133:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information

10

that is not Relevant, because like the Complaint, it make no reference to time frames.   The Request for Admission is vague and ambiguous because the term "unauthorized product" is vague and ambiguous as compared to the DISPUTED PRODUCT identified in the Request for Admission.  Notwithstanding the response, Defendant denies ever knowingly selling any unauthorized products.

**REQUEST NO. 134:**

Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted copyright infringement.

**RESPONSE TO REQUEST NO. 134:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames. Notwithstanding the response, DEFENDANT has no recollection of receiving any such notice.

**REQUEST NO. 135:**

Prior to the filing of the COMPLAINT against YOU, YOU received notice that the sale of at least some of the DISPUTED PRODUCT constituted trademark infringement.

**RESPONSE TO REQUEST NO. 135:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it make no reference to time frames. Notwithstanding the response, Defendant has no recollection of receiving any such notice.

**REQUEST NOS. 136-137:**

Even after learning of concerns regarding the legitimacy of the DISPUTED PRODUCT, YOU continued to . . .  (sell / advertise for sale) the DISPUTED PRODUCT.

**RESPONSE TO REQUEST NOS. 136-137:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous because the term "learning of concerns regarding the legitimacy" is vague and ambiguous.

11

**REQUEST NOS. 138-139:**

At least some of the products advertised for sale by YOU . . . (are unauthorized copies of the COPYRIGHTS / use unauthorized copies of the TRADEMARKS).

**RESPONSE TO REQUEST NOS. 138-139:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. Notwithstanding the response, DEFENDANT never knowingly advertised unauthorized copies of any copyrighted or trademarked products.

**REQUEST NO. 140:**

YOU purchased the DISPUTED PRODUCT at prices below retail prices at the time of purchase.

**RESPONSE TO REQUEST NO. 140:**

Objection:  The Request for Admission is vague, ambiguous, and seek information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 141:**

YOU shipped the DISPUTED PRODUCT to YOUR customers.

**RESPONSE TO REQUEST NO. 141:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.

**REQUEST NO. 142-143:**

YOU (imported / exported) DISPUTED PRODUCT.

**RESPONSE TO REQUEST NO. 142-143:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames.

**REQUEST NO. 144-145:**

YOU . . . (did not always / never) obtain(ed) proof of academic affiliation before accepting payment for DISPUTED PRODUCT identified as an educational or academic version.

12

**RESPONSE TO REQUEST NO. 144-145:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous, because they do not specifically identify the DISPUTED PRODUCT referred to.  Notwithstanding the response, Defendant admits that persons purchasing products from the website agree to their academic affiliation as a condition of purchase as appropriate.

**REQUEST NO. 146-147:**

YOU . . . (did not always / never) obtain(ed) proof of academic affiliation before shipping to a customer DISPUTED PRODUCT identified as an educational or academic version.

**RESPONSE TO REQUEST NO. 146-147:**

Objection:  The Requests for Admission are vague, ambiguous, and seek information that is not Relevant, because like the Complaint, they make no reference to time frames. The Requests for Admission are vague and ambiguous, because they do not specifically identify the DISPUTED PRODUCT referred to.   Notwithstanding the response, Defendant admits that persons purchasing products from the website agree to their academic affiliation as a condition of purchase as appropriate.

**REQUEST NO. 148:**

YOU advertised Adobe software product as a "Full" version when it was an academic version.

**RESPONSE TO REQUEST NO. 148:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the request, as opposed to the references to DISPUTED PRODUCT.  The Requests for Admission are vague and ambiguous, because they do not specifically identify the product referred to as "Full" or "academic version."

13

**REQUEST NO. 149:**

YOU sold Adobe product in DVD cases alone.

**RESPONSE TO REQUEST NO. 149:**

Objection: The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames. The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 150:**

OEM software is distributed with specific hardware.

**RESPONSE TO REQUEST NO. 150:**

Objection: The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames. The Request for Admission is vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.

**REQUEST NO. 151:**

OEM software is not to be unbundled from the hardware it came with.

**RESPONSE TO REQUEST NO. 151:**

Objection: The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames. The Request for Admission is vague and ambiguous because it fails to sufficiently identify the specific software it is referring to.

**REQUEST NO. 152:**

YOU sold OEM Adobe product without the accompanying original hardware.

**RESPONSE TO REQUEST NO. 152:**

Objection: The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames. The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to. The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED

14

PRODUCT.

**REQUEST NO. 153:**

YOU sold Adobe product that differed from retail versions.

**RESPONSE TO REQUEST NO. 153:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to, and fails to define "retail versions."  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 154:**

YOU sold Adobe product with packaging that differed from their retail equivalents.

**RESPONSE TO REQUEST NO. 154:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to, and fails to define "retail equivalents."  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 155:**

YOU sold Adobe product that stated on its packaging that it was "Made in Singapore."

**RESPONSE TO REQUEST NO. 154:**

Objection:  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames.  The Request for Admission is vague and ambiguous because it fails to specify the specific software it is referring to.  The Request for Admission is vague and ambiguous because "Adobe product" is not defined in the Request, as opposed to the references to DISPUTED PRODUCT.

**REQUEST NO. 156-57:**

Adobe did not . . .(draft / approve) the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 156-157:**

Denied.

**REQUEST NO. 158:**

Adobe's approval was never required for the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 158:**

Denied.

**REQUEST NO. 159-160:**

Adobe did not . . .(issue / publish) . . . the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 159-160:**

Denied.

**REQUEST NO. 161-162:**

Adobe did not . . . (comment in / have anything to do with) . . . the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 161-162:**

Denied.

**REQUEST NO. 163:**

The reviews attached hereto as Exhibit C were posted on resellerratings.com.

**RESPONSE TO REQUEST NO. 163:**

Objection:  The "Exhibit C" referred to is unauthenticated.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 164:**

Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://www.resellerratings.com/store/Software_Surplus (hereinafter "resellerratings.com").

**RESPONSE TO REQUEST NO. 164:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant,

16

because like the Complaint, it makes no reference to time frames, and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 165:**

Individuals identifying themselves as YOUR customers have posted complaints about YOU at resellerratings.com.

**RESPONSE TO REQUEST NO. 165:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 166:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/19/10 that stated "THIS IS A SCAM!!"

**RESPONSE TO REQUEST NO. 166:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 167:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "These people are crooks and I should have heeded the warnings I read online and not purchased from them."

**RESPONSE TO REQUEST NO. 167:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in

17

the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 168:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/20/10 that stated "Deceptive business practices to be for sure!"

**RESPONSE TO REQUEST NO. 168:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 169:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 2/1/10 that stated "Still waiting on refund for MS Office 2007 "Academic" version that was a double-charged item and one of those items was returned on 1/11/2010 proof on USPS site but no refund has been forthcoming thus far. I'm prepared to disclose their reputation and file a complaint across the whole WWW if thats what it takes."

**RESPONSE TO REQUEST NO. 169:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 170:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "SOFTWARE SURPLUS IS SELLING ILLEGITIMATE SOFTWARE. BUYER BEWARE!!!"

**RESPONSE TO REQUEST NO. 170:**

Objection:  The Request for Admission seeks information that is not Relevant.  The

18

Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 171:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 7/22/09 that stated "THEY ARE RUNNING A SCAM!!"

**RESPONSE TO REQUEST NO. 171:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 172:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 11/7/08 that stated "Like everyone else, I will never buy anything from this company again and strongly advise against anyone else doing so as well."

**RESPONSE TO REQUEST NO. 172:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 173:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 9/19/08 that stated "WARNING: THIS COMPANY IS NOT REPUTABLE."

**RESPONSE TO REQUEST NO. 173:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant,

19

because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 174:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/23/08 that stated "I ordered Visio 2007 Professional, and received Visio 2007 Professional ACADEMIC VERSION!!! What baloney!"

**RESPONSE TO REQUEST NO. 174:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 175:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 12/19/06 that stated "Very confusing and deceptive."

**RESPONSE TO REQUEST NO. 175:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 176:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 6/6/05 that stated "DO NOT EVEN CONSIDER PURCHASING FROM THIS SELLER AS THEY ARE NOT HONEST AND IF YOU HAVE A PROBLEM THEY WILL KEEP BOTH THE SOFTWARE YOU RETURN AND YOUR MONEY."

**RESPONSE TO REQUEST NO. 176:**

Objection:  The Request for Admission seeks information that is not Relevant.  The

Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 177:**

The resellerratings.com reviews for softwaresurplus.com included one post dated 4/1/05 that stated "DO NOT USE THESE PEOPLE THEY LIE AND STEAL."

**RESPONSE TO REQUEST NO. 177:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 178:**

The reviews attached hereto as Exhibit D were posted on epinions.com.

**RESPONSE TO REQUEST NO. 178:**

Objection:  The "Exhibit D" referred to is unauthenticated.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 179:**

Individuals identifying themselves as YOUR customers have posted complaints about YOUR company at http://wwwO.epinions.com/Software_SurpIus_Online_Store/sec_-opinion_Iistipp_-1 /pa_-1 #list (hereinafter "epinions.com").

**RESPONSE TO REQUEST NO. 179:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

21

**REQUEST NO. 180:**

Individuals identifying themselves as YOUR customers have posted complaints about YOU at epinions.com.

**RESPONSE TO REQUEST NO. 180:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the postings referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 181:**

The epinions.com reviews for Software Surplus Online Store included one post dated Feb 01 '06 that stated "TERRIBLE!!!! Stay away from this Online Retailer!"

**RESPONSE TO REQUEST NO. 181:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 182:**

The epinions.com reviews for Software Surplus Online Store included one post dated Aug 16 '07 that stated "BEWARE OF THIS ILLEGITIMATE WEBSITE STORE!!"

**RESPONSE TO REQUEST NO. 182:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 183:**

The epinions.com reviews for Software Surplus Online Store included one post dated

22

Apr 11 '09 that stated "I wish I'd researched them more carefully, rather than taking the "unbiased reviews" on their website at face value. Caveat emptor!"

**RESPONSE TO REQUEST NO. 183:**

Objection:  The Request for Admission seeks information that is not Relevant The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request. Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 184:**

The epinions.com reviews for Software Surplus Online Store included one post dated Jan 15 '07 that stated '·A... for AWFUL!!"

**RESPONSE TO REQUEST NO. 184:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 185:**

The epinions.com reviews for Software Surplus Online Store included one post dated May 18 '07 that stated "MERCHANDISE NOT RECEIVED; NO RESPONSE. THEY ARE SCAMMERS OR JUST DON'T CARE ABOUT THEIR CUSTOMERS."

**RESPONSE TO REQUEST NO. 185:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 186:**

The epinions.com reviews for Software Surplus Online Store included one post dated

Feb 1 '07 that stated "Lousy, Lousy company, unprincipaled & unworthy of public trust."

**RESPONSE TO REQUEST NO. 186:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 187:**

The epinions.com reviews for Software Surplus Online Store included one post dated Feb 6 '07 that stated "They are bad!! This company is running an illegal scam. Too many shady things about this one!!!!"

**RESPONSE TO REQUEST NO. 187:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 188:**

The epinions.com reviews for Software Surplus Online Store included one post dated May 6 '09 that stated "They are crooks and somehow they must be brought to light, prosecuted, and jailed."

**RESPONSE TO REQUEST NO. 188:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 189:**

The epinions.com reviews for Software Surplus Online Store included one post dated

24

Dec 27 '07 that stated "I already file a dispute and reported this company to Google, FTC & BBB. DON'T EVER EVER BUY FROM THIS COMPANY!!!"

**RESPONSE TO REQUEST NO. 189:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 190:**

The epinions.com reviews for Software Surplus Online Store included one post dated Jan 26 '09 that stated "Nothing but crooks."

**RESPONSE TO REQUEST NO. 190:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.   Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 191:**

The epinions.com reviews for Software Surplus Online Store included one post dated July  23 '09 that stated "SOFTWARE SURPLUS - A BIG SCAM. BUYER BEWARE!!!"

**RESPONSE TO REQUEST NO. 191:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because it fails to sufficiently identify or authenticate the posting or the time referenced in the Request.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 192:**

A link for the reviews at http://www.resellerratings.com/store/Software_Surplus appear on the first page of a Google search for the search terms "software surplus."

**RESPONSE TO REQUEST NO. 192:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames, and fails to sufficiently identify or authenticate the link referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 193:**

A link for the reviews at http://wwwO.epinions.com/Software_Surplus_Online_Store/sec_-opinion_Iistipp_-l/pa_-1 #list appear on the first page of a Google search for the search terms "software surplus."

**RESPONSE TO REQUEST NO. 193:**

Objection:  The Request for Admission seeks information that is not Relevant.  The Request for Admission is vague, ambiguous, and seeks information that is not Relevant, because like the Complaint, it makes no reference to time frames and fails to sufficiently identify or authenticate the link referred to.  Plaintiff is without information sufficient to respond to this Request, and denies the Request on this basis.

**REQUEST NO. 194:**

YOU have not suffered any special damages as a result of the PRESS RELEASE.

**RESPONSE TO REQUEST NO. 194:**

Denied.

**REQUEST NO. 195:**

None of the statements made in the PRESS RELEASE were made with actual malice.

**RESPONSE TO REQUEST NO. 195:**

Denied

**REQUEST NO. 196:**

The Software & Information Industry Association had a good faith belief in the truth of the statements contained in PRESS RELEASE.

26

**RESPONSE TO REQUEST NO. 196:**

Denied.

**REQUEST NO. 197:**

The PRESS RELEASE does not state that YOU sold counterfeits.

**RESPONSE TO REQUEST NO. 197:**

The PRESS RELEASE speaks for itself.

**REQUEST NO. 198:**

YOU were sued by Adobe for copyright infringement among other things.

**RESPONSE TO REQUEST NO. 198:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 199:**

YOU were sued by Adobe for trademark infringement among other things.

**RESPONSE TO REQUEST NO. 199:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 200:**

YOU were sued by Adobe for the sale of unauthorized copies of Adobe's software.

**RESPONSE TO REQUEST NO. 200:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 201:**

Adobe's COMPLAINT alleges that you knowingly sold unauthorized copies of Adobe's software.

**RESPONSE TO REQUEST NO. 201:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 202:**

Adobe's COMPLAINT charged YOU with knowingly engaging in copyright

infringement through the fraudulent sale of Adobe software.

**RESPONSE TO REQUEST NO. 202:**

Objection:  The Request for Admission is vague and ambiguous because the Complaint makes no reference to time frames.  The Complaint speaks for itself.

**REQUEST NO. 203:**

All of the statements in the PRESS RELEASE were true.

**RESPONSE TO REQUEST NO. 203:**

Denied.

DATED this 12th day of October, 2010.

LAW OFFICE OF LISA RASMUSSEN, PC

/s/ *Lisa A. Rasmussen*

BY:_____
　　　Lisa A.  Rasmussen, Esq.

Attorneys for Defendants Joshua Christenson
and Software Surplus, Inc.

ROBERT L. LANGFORD & ASSOCIATES

/s/ *Robert L. Langford*

BY:_____
　　　Robert L. Langford, Esq.

Attorneys for Defendants Joshua Christenson
and Software Surplus, Inc.

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of October, 2010, I served a copy of the foregoing:

**DEFENDANT JOSHUA CHRISTENSON'S RESPONSES TO ADOBE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT CHRISTENSON**

via CM/ECF, as authorized by local rule, and by first class mail, upon the following persons:

J.  Andrew Coombs, Esq.
Annie S. Wang, Esq.

/s/  *Lisa A. Rasmussen*
_____
Lisa A. Rasmussen, Esq.

# EXHIBIT F

**Annie Wang**

| | |
|---|---|
| **From:** | Lisa Rasmussen [Lisa@lrasmussenlaw.com] |
| **Sent:** | Tuesday, October 19, 2010 5:25 PM |
| **To:** | Annie Wang |
| **Cc:** | Andy Coombs; 'Jim Boyle' |
| **Subject:** | RE: Adobe v. Christenson - Discovery and Deposition |

I will get the information for you and respond right away.   I'm not sure what all of the documents are.

Late December will work well for me.  I will get you dates for that as well.

Lisa

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Tuesday, October 19, 2010 5:05 PM
**To:** Lisa Rasmussen
**Cc:** Andy Coombs; Jim Boyle
**Subject:** Adobe v. Christenson - Discovery and Deposition

Hi Lisa,

Aside from the fact I think we will have to do a motion to compel here, in regards to the "44,000 pages" of documents you reference in the discovery responses, I believe I have asked this before, but can you give me a general description of what those documents are?  For example, are the documents printed out pages of excel spreadsheets that did not fit on one page?  Are the documents invoices?  Are the documents print outs of the website?  Please advise.  Please also let me know when you are available to do a meet and confer.  I am available tomorrow afternoon, Thursday and Friday generally.

Also, can you please provide some possible dates that work for you and your client for deposition?  I think we would be looking for a date either in December or early January.  If you could provide some options that would be helpful.

Thanks,
Annie

# Annie S. Wang

Law Offices of J. Andrew Coombs, A P.C.

517 East Wilson Avenue, Suite 202

Glendale, California 91206

Telephone: (818) 500-3200

Facsimile: (818) 500-3201

Email: annie@coombspc.com

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 immediately and delete or destroy all copies of this transmission.

**EXHIBIT G**

**Annie Wang**

---

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Thursday, October 21, 2010 2:55 PM |
| **To:** | 'Lisa Rasmussen' |
| **Cc:** | Andy Coombs; 'Jim Boyle' |
| **Subject:** | RE: Adobe v. Christenson - Discovery and Deposition |

Hi Lisa,

I didn't hear from you on this.  Please advise.

Are you free tomorrow morning for a meet and confer re discovery?

Thanks,
Annie

---

**From:** Lisa Rasmussen [mailto:Lisa@lrasmussenlaw.com]
**Sent:** Tuesday, October 19, 2010 5:25 PM
**To:** Annie Wang
**Cc:** Andy Coombs; 'Jim Boyle'
**Subject:** RE: Adobe v. Christenson - Discovery and Deposition

I will get the information for you and respond right away.   I'm not sure what all of the documents are.

Late December will work well for me.  I will get you dates for that as well.

Lisa

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Tuesday, October 19, 2010 5:05 PM
**To:** Lisa Rasmussen
**Cc:** Andy Coombs; Jim Boyle
**Subject:** Adobe v. Christenson - Discovery and Deposition

Hi Lisa,

Aside from the fact I think we will have to do a motion to compel here, in regards to the "44,000 pages" of documents you reference in the discovery responses, I believe I have asked this before, but can you give me a general description of what those documents are?  For example, are the documents printed out pages of excel spreadsheets that did not fit on one page?  Are the documents invoices?  Are the documents print outs of the website?  Please advise.  Please also let me know when you are available to do a meet and confer.  I am available tomorrow afternoon, Thursday and Friday generally.

Also, can you please provide some possible dates that work for you and your client for deposition?  I think we would be looking for a date either in December or early January.  If you could provide some options that would be helpful.

Thanks,
Annie

Exhibit G, Page 333

**Annie S. Wang**

Law Offices of J. Andrew Coombs, A P.C.

517 East Wilson Avenue, Suite 202

Glendale, California 91206

Telephone: (818) 500-3200

Facsimile: (818) 500-3201

Email: annie@coombspc.com

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 immediately and delete or destroy all copies of this transmission.

2

**EXHIBIT H**

**Annie Wang**

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Monday, November 01, 2010 4:50 PM |
| **To:** | 'Lisa Rasmussen' |
| **Cc:** | Andy Coombs; 'Jim Boyle'; alexander.loglia@gmail.com |
| **Subject:** | RE: Adobe v. Christenson - Discovery and Deposition |

I'll call you at 10 am.  If this is not good for you for any reason, just let me know and we can reschedule.

Thanks,
Annie

---

**From:** Lisa Rasmussen [mailto:Lisa@lrasmussenlaw.com]
**Sent:** Monday, November 01, 2010 5:03 PM
**To:** Annie Wang
**Cc:** Andy Coombs; 'Jim Boyle'; alexander.loglia@gmail.com
**Subject:** RE: Adobe v. Christenson - Discovery and Deposition

Hi Annie,

I am available Wednesday, anytime EXCEPT:
11:45 to 1:15  or  3-4 pm

Lisa

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Monday, November 01, 2010 4:06 PM
**To:** Lisa Rasmussen
**Cc:** Andy Coombs; Jim Boyle; alexander.loglia@gmail.com
**Subject:** RE: Adobe v. Christenson - Discovery and Deposition

Lisa,

I did not hear from you on the below.  Please advise re Defendants' proposed document production.

Also, are you available for a meet and confer tomorrow or Wednesday re Defendants' discovery responses?  We need to move forward with a motion to compel if we are unable to agree on supplemental responses.

Thanks,
Annie

---

**From:** Annie Wang
**Sent:** Thursday, October 21, 2010 2:55 PM
**To:** 'Lisa Rasmussen'
**Cc:** Andy Coombs; 'Jim Boyle'
**Subject:** RE: Adobe v. Christenson - Discovery and Deposition

Hi Lisa,

I didn't hear from you on this.  Please advise.

Are you free tomorrow morning for a meet and confer re discovery?

Thanks,

1

Annie

**From:** Lisa Rasmussen [mailto:Lisa@lrasmussenlaw.com]
**Sent:** Tuesday, October 19, 2010 5:25 PM
**To:** Annie Wang
**Cc:** Andy Coombs; 'Jim Boyle'
**Subject:** RE: Adobe v. Christenson - Discovery and Deposition

I will get the information for you and respond right away.   I'm not sure what all of the documents are.

Late December will work well for me.  I will get you dates for that as well.

Lisa

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Tuesday, October 19, 2010 5:05 PM
**To:** Lisa Rasmussen
**Cc:** Andy Coombs; Jim Boyle
**Subject:** Adobe v. Christenson - Discovery and Deposition

Hi Lisa,

Aside from the fact I think we will have to do a motion to compel here, in regards to the "44,000 pages" of documents you reference in the discovery responses, I believe I have asked this before, but can you give me a general description of what those documents are?  For example, are the documents printed out pages of excel spreadsheets that did not fit on one page?  Are the documents invoices?  Are the documents print outs of the website?  Please advise.  Please also let me know when you are available to do a meet and confer.  I am available tomorrow afternoon, Thursday and Friday generally.

Also, can you please provide some possible dates that work for you and your client for deposition?  I think we would be looking for a date either in December or early January.  If you could provide some options that would be helpful.

Thanks,
Annie

## Annie S. Wang

Law Offices of J. Andrew Coombs, A P.C.

517 East Wilson Avenue, Suite 202

Glendale, California 91206

Telephone: (818) 500-3200

Facsimile: (818) 500-3201

Email: annie@coombspc.com

2

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 immediately and delete or destroy all copies of this transmission.

**EXHIBIT I**

LAW OFFICES

# J. ANDREW COOMBS

A PROFESSIONAL CORPORATION

517 EAST WILSON AVENUE, SUITE 202

GLENDALE, CALIFORNIA 91206-5902

TELEPHONE (818) 500-3200

FACSIMILE (818) 500-3201

November 4, 2010

**Via First Class Mail**
**and eMail**
*Lisa@lrasmussenlaw.com*

Lisa A. Rasmussen
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, Nevada 89101

           Re:    **Adobe Systems Incorporated v. Christenson, et al.**
                   **Case No.: 2:10-cv-00422-LRH-LRL**

Dear Ms. Rasmussen:

    This letter is to briefly summarize the understandings and agreements reached by counsel as to Defendants' discovery responses following the Parties' pre-filing telephonic conference of November 3, 2010.

    The Parties have agreed to confer again on Friday, November 5, 2010, at 4:00 p.m., as to the substance and format of Defendants' document production. It is the Parties' understanding that certain accounting records may be obtainable in an electronic spreadsheet format, thereby reducing the number of pages at issue and drastically reducing the costs for production of all involved. Defendants are in the process of conferring with Google re the production of accounting records. Plaintiff previously expressed its desire to obtain the document production in an electronic format if possible. Defendants have agreed to cover the costs of this production if reasonable.

    The Parties have agreed that for purposes of responding to discovery, the default time frame applicable will be October 30, 2006, to the present. Plaintiff will again review the need to amend the complaint to add dates. Defendants will supplement their responses based on this understanding.

    The Parties have agreed that "DISPUTED PRODUCT" and "Adobe product" means and refers to any product that is labeled with an "ADOBE" trademark or under the plain meaning of any product believed to be distributed or licensed by Adobe. Enclosed are a sample of Adobe's

Ms. Lisa Rasmussen
November 4, 2010
Page 2 of 2

trademarks for your reference, with reservation of rights as to all other trademarks and copyrights at issue.

Defendants agreed to review and supplement their responses re "OEM" products.

Defendants agreed to supplement their responses, subject to objections, regarding website printouts of customer reviews, or Requests for Admissions 163-193.

Defendants agreed to produce documents in response to Requests for Production of Documents 8 and 9.

Defendants agreed to make such supplemental responses and document production before November 16th if possible, otherwise before November 30th.

If any of the above is inconsistent with your understanding, please let me know as soon as possible.

Nothing contained herein is a waiver of any right or remedy of Plaintiff, all of which are expressly reserved.

Very truly yours,

J. Andrew Coombs,
A Professional Corporation

By:  Annie S. Wang
Counsel for Plaintiff Adobe Systems Incorporated

ASW/bm

Enclosure



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: _____ OR Jump to record: _____ **Record 279 out of 282**

---

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | ADOBE |
| **Goods and Services** | IC 009. US 038. G & S: COMPUTER PROGRAMS. FIRST USE: 19860131. FIRST USE IN COMMERCE: 19860131 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73668884 |
| **Filing Date** | June 23, 1987 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 17, 1987 |
| **Registration Number** | 1475793 |
| **Registration Date** | February 9, 1988 |
| **Owner** | (REGISTRANT) ADOBE SYSTEMS INCORPORATED CORPORATION CALIFORNIA 345 Park Avenue Legal Department San Jose CALIFORNIA 95110 |
| | (LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION DELAWARE 345 PARK AVENUE LEGAL DEPARTMENT SAN JOSE CALIFORNIA 95110 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Daniel C. Poliak |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20080131. |

Exhibit I, Page 340

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Renewal** | 1ST RENEWAL 20080131 |
| **Live/Dead Indicator** | **LIVE** |

---

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP    PREV LIST    CURR LIST
NEXT LIST    FIRST DOC    PREV DOC    NEXT DOC    LAST DOC

---

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start**  List At: _____  OR  **Jump**  to record: _____  **Record 275 out of 282**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | ADOBE |
| **Goods and Services** | IC 016. US 038. G & S: MANUALS FOR COMPUTER SOFTWARE. FIRST USE: 19860131. FIRST USE IN COMMERCE: 19860131 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73668891 |
| **Filing Date** | June 23, 1987 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 9, 1988 |
| **Registration Number** | 1486895 |
| **Registration Date** | May 3, 1988 |
| **Owner** | (REGISTRANT) ADOBE SYSTEMS INCORPORATED CORPORATION CALIFORNIA 345 Park Avenue Legal Department San Jose CALIFORNIA 95110 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Daniel C. Poliak |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20080412. |
| **Renewal** | 1ST RENEWAL 20080412 |
| **Live/Dead Indicator** | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP    PREV LIST    CURR LIST

NEXT LIST    FIRST DOC    PREV DOC    NEXT DOC    LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: _____  OR  Jump  to record: _____  **Record 239 out of 282**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | A |
| **Goods and Services** | IC 009. US 038. G & S: computer programs in the field of electronic document storage, manipulation, transfer, and retrieval and manuals for use therewith, sold as a unit. FIRST USE: 19930615. FIRST USE IN COMMERCE: 19930615 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 74321614 |
| **Filing Date** | October 13, 1992 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 5, 1993 |
| **Registration Number** | 1852943 |
| **Registration Date** | September 6, 1994 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION CALIFORNIA 1585 Charleston Road P.O. Box 7900 Mountain View CALIFORNIA 940397900 |
| | (LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION BY MERGER DELAWARE 345 PARK AVENUE SAN JOSE CALIFORNIA 95110 |

Exhibit I, Page 344

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | DANIEL C. POLIAK |
| **Description of Mark** | The mark consists of a stylized letter "A". |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20040122. |
| **Renewal** | 1ST RENEWAL 20040122 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [        ] OR Jump to record: **Record 209 out of 282**

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | ADOBE |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: books and magazines relating to graphic design; books, magazines and manuals relating to the use of computers and computer software; and books and magazines for the computer hardware and software industries. FIRST USE: 19860131. FIRST USE IN COMMERCE: 19860131. |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74644579 |
| **Filing Date** | March 10, 1995 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 21, 1995 |
| **Registration Number** | 1956216 |
| **Registration Date** | February 13, 1996 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION CALIFORNIA 345 PARK AVENUE SAN JOSE CALIFORNIA 95110 |
| | (LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION DELAWARE 345 PARK AVENUE SAN JOSE CALIFORNIA 95110 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1475793;1479408;1482233;1486895;1487549;AND OTHERS |
| **Type of Mark** | TRADEMARK |

Exhibit I, Page 346

| | |
|---|---|
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050531. |
| **Renewal** | 1ST RENEWAL 20050531 |
| **Live/Dead Indicator** | LIVE |

Exhibit I, Page 347



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ___ OR Jump to record: ___ **Record 205 out of 282**

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | A |
| **Goods and Services** | IC 042. US 100 101. G & S: computer software technical support services; computer software development and design for others; consulting services in the field of computer software; consulting services in the field of computer software development and design; providing on-line support services for computer software users; providing access to computer bulletin boards for the transfer and dissemination of a wide range of information. FIRST USE: 19930601. FIRST USE IN COMMERCE: 19930601 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 74731002 |
| **Filing Date** | September 19, 1995 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 30, 1996 |
| **Registration Number** | 1988710 |
| **Registration Date** | July 23, 1996 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION CALIFORNIA 1585 Charleston Road P.O. Box 7900 Mountain View CALIFORNIA 94039 |

Exhibit I, Page 348

(LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION BY MERGER DELAWARE 345 PARK AVENUE SAN JOSE CALIFORNIA 95110

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lynne E. Graybeal |
| **Prior Registrations** | 1901149 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20060917. |
| **Renewal** | 1ST RENEWAL 20060917 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: _____  OR  Jump  to record: _____  **Record 204 out of 282**

---

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | A |
| **Goods and Services** | IC 042. US 100 101. G & S: computer software technical support services; computer software development and design for others; consulting services in the field of computer software; consulting services in the field of computer software development and design; providing on-line support services for computer software users; providing access to computer bulletin boards for the transfer and dissemination of a wide range of information. FIRST USE: 19930615. FIRST USE IN COMMERCE: 19930615 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 74731003 |
| **Filing Date** | September 19, 1995 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 30, 1996 |
| **Registration Number** | 1988711 |
| **Registration Date** | July 23, 1996 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION CALIFORNIA 1585 Charleston Road P.O. Box 7900 Mountain View CALIFORNIA 94039 |

Exhibit I, Page 350

(LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION BY MERGER DELAWARE 345 PARK AVENUE SAN JOSE CALIFORNIA 95110

| | |
|---|---|
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | DANIEL C. POLIAK |
| Prior Registrations | 1852943 |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20060921. |
| Renewal | 1ST RENEWAL 20060921 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: _____   OR   Jump   to record: _____   **Record 196 out of 282**

TARR Status | ASSIGN Status | TDR | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

![Adobe]

| | |
|---|---|
| **Word Mark** | A ADOBE |
| **Goods and Services** | IC 009. US 021 026 038. G & S: computer programs for use in creating, viewing, manipulating, distributing, printing, storing, transferring and retrieving computer-aided graphics, text documents, fonts, multi-media applications, digital movies, video images, audio recordings, animation and still images; computer hardware; namely, computer peripherals, integrated circuits and facsimile machines. FIRST USE: 19930601. FIRST USE IN COMMERCE: 19930601 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.09.21 - Squares that are completely or partially shaded |
| **Serial Number** | 74367971 |
| **Filing Date** | March 15, 1993 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 19, 1993 |
| **Registration Number** | 1901149 |
| **Registration Date** | June 20, 1995 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION CALIFORNIA 1585 Charleston |

Exhibit I, Page 352

Road P.O. Box 7900 Mountain View CALIFORNIA 940397900

(LAST LISTED OWNER) ADOBE SYSTEMS INCORPORATED CORPORATION BY MERGER DELAWARE LEGAL DEPARTMENT 345 PARK AVENUE SAN JOSE CALIFORNIA 95110

| | |
|---|---|
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | DANIEL C. POLIAK |
| Prior Registrations | 1475793;1486895;AND OTHERS |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050506. |
| Renewal | 1ST RENEWAL 20050506 |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: _____  OR  Jump  to record: _____  **Record 29 out of 282**

---

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# ADOBE

| | |
|---|---|
| **Word Mark** | ADOBE |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Educational and training services, namely classroom training, online training, web-based training, and video training in the fields of computer software, desktop publishing, digital publishing, electronic publishing, graphic design, business document and forms creation, and automation of business document and forms processing and workflow; Educational services, namely, arranging professional workshops and training courses, conducting classes, seminars, conferences, and workshops in the fields of computer software, desktop publishing, digital publishing, electronic publishing, graphic design, business document and forms creation, and automation of business document and forms processing and workflow. FIRST USE: 19950000. FIRST USE IN COMMERCE: 19950000. |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78538003 |
| **Filing Date** | December 23, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 20, 2005 |
| **Registration** | |

Exhibit I, Page 354

| | |
|---|---|
| **Number** | 3029061 |
| **Registration Date** | December 13, 2005 |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION DELAWARE 345 Park Avenue San Jose CALIFORNIA 95110 |
| **Attorney of Record** | Daniel C. Poliak |
| **Prior Registrations** | 1475793;1479408;1482233;AND OTHERS |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | **LIVE** |

---

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

---

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 4 04:05:46 EDT 2010*

[ TESS HOME ] [ NEW USER ] [ STRUCTURED ] [ FREE FORM ] [ BROWSE DICT ] [ SEARCH OG ] [ BOTTOM ] [ HELP ] [ PREV LIST ] [ CURR LIST ]
[ NEXT LIST ] [ FIRST DOC ] [ PREV DOC ] [ NEXT DOC ] [ LAST DOC ]

[ Logout ] Please logout when you are done to release system resources allocated for you.

[ Start ] List At: ___ OR [ Jump ] to record: ___ **Record 28 out of 282**

[ TARR Status ] [ ASSIGN Status ] [ TDR ] [ TTAB Status ] *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | A |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Educational and training services, namely classroom training, online training, web-based training, and video training in the fields of computer software, desktop publishing, digital publishing, electronic publishing, graphic design, business document and forms creation, and automation of business document and forms processing and workflow; Educational services, namely, arranging professional workshops and training courses, conducting classes, seminars, conferences, and workshops in the fields of computer software, desktop publishing, digital publishing, electronic publishing, graphic design, business document and forms creation, and automation of business document and forms processing and workflow. FIRST USE: 19950000. FIRST USE IN COMMERCE: 19950000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.11.01 - Rectangles as carriers or rectangles as single or multiple line borders |
| **Serial Number** | 78542134 |
| **Filing Date** | January 4, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 27, 2005 |
| **Registration Number** | 3032288 |
| **Registration** | December 20, 2005 |

Exhibit I, Page 356

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) Adobe Systems Incorporated CORPORATION DELAWARE Legal Department 345 Park Avenue San Jose CALIFORNIA 95110 |
| **Attorney of Record** | Daniel C. Poliak |
| **Prior Registrations** | 1901149;1988710;2081343 |
| **Description of Mark** | The mark consists of a stylized letter A. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT J**

**Annie Wang**

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Friday, December 03, 2010 2:14 PM |
| **To:** | 'Alexander Loglia' |
| **Cc:** | secretary@lrasmussenlaw.com; 'Lisa Rasmussen, Esq.' |
| **Subject:** | RE: Adobe v. Christenson, Expert Disclosure Deadline |

Alex, we would like to avoid any unnecessary motion practice but we have a discovery cutoff approaching and need this information.  Please advise.

Thanks,
Annie

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Wednesday, December 01, 2010 9:30 PM
**To:** Annie Wang
**Cc:** secretary@lrasmussenlaw.com; 'Lisa Rasmussen, Esq.'
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Hi Annie,

I reminded Lisa about your message.  I suspect she is very tied up in the trial right now.  I will reach out to her tomorrow and see if I can get you some answers.

Thanks for you patience.

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*************************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Wednesday, December 01, 2010 2:59 PM
**To:** Alexander Loglia
**Cc:** secretary@lrasmussenlaw.com; Lisa Rasmussen, Esq.
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Alex,

1

I just wanted to follow up on the attached as well.  We were expecting a supplemental production by yesterday but I don't think we received anything.  Please let me know if this is in error.

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Tuesday, November 30, 2010 3:16 PM
**To:** 'Lisa Rasmussen, Esq.'
**Cc:** secretary@lrasmussenlaw.com; Annie Wang
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Hi Lisa,

Any suggestions for dates for depos?  See below.

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*************************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Tuesday, November 30, 2010 1:59 PM
**To:** Alexander Loglia
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Hi Alex, any updates re dates?  I'd like to send some new notices out.

Thanks,
Annie

---

**From:** Annie Wang
**Sent:** Monday, November 29, 2010 3:35 PM
**To:** 'Alexander Loglia'
**Cc:** Andy Coombs; 'Lisa Rasmussen'
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Hi Alex, the discovery cutoff is actually 1/28 so I don't think we can push the depositions after that date, we also have our motion cutoff at the end of February.  We may be able to do 1/4-1/5 but please let me know if there are any other dates in January before the cutoff that are doable.

Exhibit J, Page 359

The proposed dates re expert disclosures are fine.  Would you please draft the stipulation?

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Monday, November 29, 2010 2:17 PM
**To:** 'Lisa Rasmussen'; Annie Wang
**Cc:** Andy Coombs
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Hi Annie,

As you can see, Lisa has agreed to pushing back the expert disclosure deadline and to rescheduling the depositions.  I looked at Lisa's calendar, and we should be good to push the expert deadline back one month to 12/29/10, and the rebuttal expert deadline to 1/28/11.  As for depositions, 2 sets of dates are open.  One is January 4-5, 2010, and because of an intervening trial, the next dates are 1/31, 2/1, or 2/2.

Please let me know if this is OK, or if you or I should draft the Stip.

Thanks,

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
****************************************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

---

**From:** Lisa Rasmussen [mailto:lisa@lrasmussenlaw.com]
**Sent:** Monday, November 29, 2010 12:57 PM
**To:** Annie Wang; alexander.loglia@gmail.com
**Cc:** Andy Coombs
**Subject:** Re: Adobe v. Christenson, Expert Disclosure Deadline

Yes, I agree.

Lisa

*Sent via DROID on Verizon Wireless*

3

Exhibit J, Page 360

-----Original message-----
**From:** Annie Wang <Annie@coombspc.com>
**To:** Alexander Loglia <alexander.loglia@gmail.com>
**Cc:** Lisa Rasmussen <lisa@lrasmussenlaw.com>, Andy Coombs <Andy@coombspc.com>
**Sent:** Mon, Nov 29, 2010 20:14:25 GMT+00:00
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Alex,

One more thing, you can check with Lisa but I believe she and I spoke about postponing the depositions in case of this very situation where we have a delay in discovery.  To clarify, our agreement on the extension re the expert disclosure would be contingent on our continuing the depositions.  Please let me know.

Thanks,
Annie

---

**From:** Annie Wang
**Sent:** Monday, November 29, 2010 12:10 PM
**To:** 'Alexander Loglia'
**Cc:** Andy Coombs; 'Lisa Rasmussen'
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Alex,

I think we would be amenable to a short extension, when did you have in mind?

Also, can you give me a status re Defendants' supplemental discovery responses and the production?  I don't think we have received anything else since our meet and confer.

In light of the fact we have not received the discovery yet and will need time to review, we should probably postpone the depositions that are on calendar for December to the second week  of January.  Let me know if this works and we will re-notice those depositions.

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Friday, November 26, 2010 1:17 PM
**To:** Annie Wang
**Cc:** 'Lisa Rasmussen'
**Subject:** Adobe v. Christenson, Expert Disclosure Deadline

Hi Annie,

I am writing you on behalf of Lisa Rasmussen in the above matter, as she is in trial for the next couple of weeks.  I note that expert disclosures are due in this case on Monday, November 29, 2010, the same day as the interim status report. Being that we are not very far along in discovery here, which in turn effects the need for possible experts, we think it makes sense to stipulate to extend the expert disclosure deadline for a time.

Please let me know your position on this.  We could file a stipulation on Monday in lieu of disclosures.  You can reach me at the numbers below, or anytime on my cell at (702) 521-4026.

Thanks.

Exhibit J, Page 361

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*****************************************************************************************************

IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

Exhibit J, Page 362

**Annie Wang**

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Wednesday, December 01, 2010 2:59 PM |
| **To:** | 'Alexander Loglia' |
| **Cc:** | secretary@lrasmussenlaw.com; 'Lisa Rasmussen, Esq.' |
| **Subject:** | RE: Adobe v. Christenson, Expert Disclosure Deadline |
| **Attachments:** | 2010_11_04 Rasmussen (Discovery follow up).pdf |

Alex,

I just wanted to follow up on the attached as well.  We were expecting a supplemental production by yesterday but I don't think we received anything.  Please let me know if this is in error.

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Tuesday, November 30, 2010 3:16 PM
**To:** 'Lisa Rasmussen, Esq.'
**Cc:** secretary@lrasmussenlaw.com; Annie Wang
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Hi Lisa,

Any suggestions for dates for depos?  See below.

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*********************************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

---

**From:** Annie Wang [mailto:Annie@coombspc.com]
**Sent:** Tuesday, November 30, 2010 1:59 PM
**To:** Alexander Loglia
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Hi Alex, any updates re dates?  I'd like to send some new notices out.

Thanks,

Annie

---

**From:** Annie Wang
**Sent:** Monday, November 29, 2010 3:35 PM
**To:** 'Alexander Loglia'
**Cc:** Andy Coombs; 'Lisa Rasmussen'
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Hi Alex, the discovery cutoff is actually 1/28 so I don't think we can push the depositions after that date, we also have our motion cutoff at the end of February.  We may be able to do 1/4-1/5 but please let me know if there are any other dates in January before the cutoff that are doable.

The proposed dates re expert disclosures are fine.  Would you please draft the stipulation?

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Monday, November 29, 2010 2:17 PM
**To:** 'Lisa Rasmussen'; Annie Wang
**Cc:** Andy Coombs
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Hi Annie,

As you can see, Lisa has agreed to pushing back the expert disclosure deadline and to rescheduling the depositions.  I looked at Lisa's calendar, and we should be good to push the expert deadline back one month to 12/29/10, and the rebuttal expert deadline to 1/28/11.  As for depositions, 2 sets of dates are open.  One is January 4-5, 2010, and because of an intervening trial, the next dates are 1/31, 2/1, or 2/2.

Please let me know if this is OK, or if you or I should draft the Stip.

Thanks,

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
**************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

2

**From:** Lisa Rasmussen [mailto:lisa@lrasmussenlaw.com]
**Sent:** Monday, November 29, 2010 12:57 PM
**To:** Annie Wang; alexander.loglia@gmail.com
**Cc:** Andy Coombs
**Subject:** Re: Adobe v. Christenson, Expert Disclosure Deadline

Yes, I agree.

Lisa

*Sent via DROID on Verizon Wireless*


-----Original message-----
**From:** Annie Wang <Annie@coombspc.com>
**To:** Alexander Loglia <alexander.loglia@gmail.com>
**Cc:** Lisa Rasmussen <lisa@lrasmussenlaw.com>, Andy Coombs <Andy@coombspc.com>
**Sent:** Mon, Nov 29, 2010 20:14:25 GMT+00:00
**Subject:** FW: Adobe v. Christenson, Expert Disclosure Deadline

Alex,

One more thing, you can check with Lisa but I believe she and I spoke about postponing the depositions in case of this very situation where we have a delay in discovery.  To clarify, our agreement on the extension re the expert disclosure would be contingent on our continuing the depositions.  Please let me know.

Thanks,
Annie


**From:** Annie Wang
**Sent:** Monday, November 29, 2010 12:10 PM
**To:** 'Alexander Loglia'
**Cc:** Andy Coombs; 'Lisa Rasmussen'
**Subject:** RE: Adobe v. Christenson, Expert Disclosure Deadline

Alex,

I think we would be amenable to a short extension, when did you have in mind?

Also, can you give me a status re Defendants' supplemental discovery responses and the production?  I don't think we have received anything else since our meet and confer.

In light of the fact we have not received the discovery yet and will need time to review, we should probably postpone the depositions that are on calendar for December to the second week  of January.  Let me know if this works and we will re-notice those depositions.

Thanks,
Annie


**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Friday, November 26, 2010 1:17 PM
**To:** Annie Wang
**Cc:** 'Lisa Rasmussen'
**Subject:** Adobe v. Christenson, Expert Disclosure Deadline

Exhibit J, Page 365

Hi Annie,

I am writing you on behalf of Lisa Rasmussen in the above matter, as she is in trial for the next couple of weeks.  I note that expert disclosures are due in this case on Monday, November 29, 2010, the same day as the interim status report. Being that we are not very far along in discovery here, which in turn effects the need for possible experts, we think it makes sense to stipulate to extend the expert disclosure deadline for a time.

Please let me know your position on this.  We could file a stipulation on Monday in lieu of disclosures.  You can reach me at the numbers below, or anytime on my cell at (702) 521-4026.

Thanks.

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*****************************************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

Exhibit J, Page 366

**Annie Wang**

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Monday, November 29, 2010 12:10 PM |
| **To:** | 'Alexander Loglia' |
| **Cc:** | Andy Coombs; 'Lisa Rasmussen' |
| **Subject:** | RE: Adobe v. Christenson, Expert Disclosure Deadline |

Alex,

I think we would be amenable to a short extension, when did you have in mind?

Also, can you give me a status re Defendants' supplemental discovery responses and the production?  I don't think we have received anything else since our meet and confer.

In light of the fact we have not received the discovery yet and will need time to review, we should probably postpone the depositions that are on calendar for December to the second week  of January.  Let me know if this works and we will re-notice those depositions.

Thanks,
Annie

---

**From:** Alexander Loglia [mailto:alexander.loglia@gmail.com]
**Sent:** Friday, November 26, 2010 1:17 PM
**To:** Annie Wang
**Cc:** 'Lisa Rasmussen'
**Subject:** Adobe v. Christenson, Expert Disclosure Deadline

Hi Annie,

I am writing you on behalf of Lisa Rasmussen in the above matter, as she is in trial for the next couple of weeks.  I note that expert disclosures are due in this case on Monday, November 29, 2010, the same day as the interim status report. Being that we are not very far along in discovery here, which in turn effects the need for possible experts, we think it makes sense to stipulate to extend the expert disclosure deadline for a time.

Please let me know your position on this.  We could file a stipulation on Monday in lieu of disclosures.  You can reach me at the numbers below, or anytime on my cell at (702) 521-4026.

Thanks.

Alexander Loglia
**Law Office of Lisa Rasmussen, P.C.**
616 South 8th Street
Las Vegas, NV  89101
Tel.  (702) 471-6565
Fax. (702) 471-6540

PRIVILEGE AND CONFIDENTIALITY NOTICE
*******************************************************************************************
IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.  For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail.

Exhibit J, Page 367

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately at (702) 471-6565.

Exhibit J, Page 368

**Annie Wang**

| | |
|---|---|
| **From:** | Annie Wang |
| **Sent:** | Friday, November 12, 2010 10:19 AM |
| **To:** | 'Lisa Rasmussen' |
| **Cc:** | Andy Coombs; alexander.loglia@gmail.com |
| **Subject:** | Adobe v. Christenson |

Hi Lisa,

It occurred to me that we didn't talk specifically about banking records, but are you also producing bank statements and transaction details (if they exist) for the accounts that accepted money from software sales?  I believe they would be relevant to not only Adobe's underlying infringement claims, but also to Defendants' counterclaims and in particular his claims of lost sales and his assessment of damages.  Please advise when you get a moment.

Thanks,
Annie

# Annie S. Wang

Law Offices of J. Andrew Coombs, A P.C.

517 East Wilson Avenue, Suite 202

Glendale, California 91206

Telephone: (818) 500-3200

Facsimile: (818) 500-3201

Email: annie@coombspc.com

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 immediately and delete or destroy all copies of this transmission.

Exhibit J, Page 369

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 20th of December, 2010, I caused the document entitled MOTION TO COMPEL DEFENDANTS' SUPPLEMENTAL DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS; AFFIDAVIT AND CERTIFICATION AND EXHIBITS IN SUPPORT to be served as follows:

| Attorneys of Record | Party Represented | Method of Service |
|---|---|---|
| Lisa A. Rasmussen<br>*lisa@lrasmussenlaw.com*<br>Law Office of Lisa Rasmussen<br>616 South 8th Street<br>Las Vegas, Nevada 89101 | Defendants, Counter Plaintiffs, and Third Party Plaintiffs Joshua Christenson, an individual and d/b/a www.softwaresurplus.com; Software Surplus Inc. | ☐  Personal Service<br>■  Email/E-File<br>☐  Fax Service<br>☐  Mail Service |
| Robert L. Langford, Esq.<br>Robert L. Langford & Associates<br>616 South 8th Street<br>Las Vegas, NV 89101 | Defendants, Counter Plaintiffs, and Third Party Plaintiffs Joshua Christenson, an individual and d/b/a www.softwaresurplus.com; Software Surplus Inc. | ☐  Personal Service<br>■  Email/E-File<br>☐  Fax Service<br>☐   Mail Service |

DATED this 20th day of December, 2010.


\_\_/s/ Annie S. Wang_____
                Annie S. Wang