# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, ) | |
| Plaintiff, ) | Case No. 2:10-cv-00422-LRH-GWF |
| vs. ) | **ORDER** |
| JOSHUA CHRISTENSON, *et al.*, ) | Motion to Compel (#85) |
| Defendants. ) | |
| AND RELATED CLAIMS. ) | |

This matter is before the Court on Defendants' Motion to Compel Adobe's and SIIA's Discovery Responses and Production of Documents; and to Extend the Dispositive Motion Deadline as to Defendants (#85), filed on February 24, 2011; Plaintiff's and Third Party Defendant's Joint Opposition to Defendants' Motion to Compel Discovery Responses and to Extend the Dispositive Motion Deadline (#97), filed on March 14, 2011; and Defendants' Reply to Joint Opposition (#105), filed on March 28, 2011. The Court conducted a hearing in this matter on April 5, 2011.

## BACKGROUND

This is an action for copyright and trademark infringement that was filed by Adobe Systems, Inc. in the United States District Court for the Northen District of California on October 30, 2009. The case was transferred to this District by an order entered on March 8, 2010. Defendants filed their answer, counterclaim and third-party complaint against SIIA on May 4, 2010. The parties filed their proposed stipulated discovery plan and scheduling order on June 17, 2010, which was approved by the Court on June 22, 2010. *Discovery Plan and Scheduling Order*

*(#50)*. The parties requested a discovery period of 269 days. Pursuant to that request, the discovery cut-off date was January 28, 2011.

Plaintiff Adobe served interrogatories and numerous requests for production of documents and requests for admissions on Defendants on August 24, 2010. Defendants served their discovery responses on October 12, 2010. Defendants objected to Plaintiff's discovery requests on the grounds that the complaint did not set forth time frames for Defendants' alleged acts of infringement. Defendants asserted other objections, including that the voluminous requests were unduly burdensome. Plaintiff filed a motion to compel on December 20, 2010. The Court conducted a hearing on that motion on January 27, 2011 and thereafter entered an order on February 7, 2011 which granted Plaintiff's motion, in part, and denied it, in part. *Order (#84)*.

Defendants served interrogatories, requests for production of documents and requests for admissions on Plaintiff Adobe on January 4, 2011–twenty four (24) days prior to the discovery cut-off date. Defendants served their discovery requests on Third Party Defendant SIIA on January 27, 2011, one day before the discovery cut-off date. Defendants' discovery requests to both parties were voluminous. Defendants served Adobe with 18 interrogatories, 111 requests for production and 151 requests for admissions. Defendants served SIIA with 19 interrogatories, 79 requests for production of documents and 234 requests for admissions. Adobe and SIIA objected to all of Defendants' discovery requests on the grounds that they are untimely because they were not served at least 30 days prior to the January 28, 2011 discovery cut-off date. Adobe and SIIA asserted additional "boilerplate" objections in the event that the Court overrules their untimeliness objections.

## DISCUSSION

This Court has held that, absent a stipulation between the parties or an order by the court, written discovery requests under Rule 33, 34 and 36 must be served at least 30 days before the discovery cut-off date so that they may be responded to within the discovery period.[1] *Bishop v.*

---

[1] If served by mail or electronic means, then the discovery requests should be served 33 days before the discovery cut-off date to account for the additional 3 days for response provided by

*Potter*, 2010 WL 2775332 (D.Nev. 2010); *Christmas v. MERS*, 2010 WL 2695662 (D.Nev. 2010); and *Andrews v. Raphaelson*, 2007 WL 160783, *6 (D.Nev. 2007). This view is consistent with the Tenth Circuit's decision in *Thomas v. Pacific*, 324 F.3d 1176, 1179 (10th Cir. 2003) and district court decisions in various federal circuits, including some in the Ninth Circuit. *See Salestraq v. Zyskowski,* 2010 WL 4604610 (D.Nev. 2010); *Miller v. Rufion*, 2010 WL 4137278 (E.D.Cal. 2010); Smith *v. Principal Cas. Ins. Co.,* 131 F.R.D. 104, 105 (S.D.Miss. 1990); *Brooks v. Johnson & Johnson*, 1990 U.S. Dist. LEXIS 8144, *3, 1990 WL 92569 (E.D.Pa. June 28, 1990); *Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D.Ind. 1986); *In re Kugel Mesh Hernia Repair Patch Litigation*, 2010 WL 1253566 (D.R.I. 2010), citing *Williams v. Little Rock Municipal Water Works*, 155 F.R.D. 188, 189 (E.D. Ark. 1993); and *NE Technologies, Inc. v. Evolving Systems, Inc.*, 2008 WL 4277668, *5 (D.N.J. 2008).

As the court stated in *Northern Indiana Public Serv. Co.*, 112 F.R.D. at 424, "[c]ommon sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery. . . . When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date." Local Rule 26-1 of this District is consistent with this interpretation of a discovery cut-off or termination date. It provides that dispositive motions are to be filed within 30 days after the discovery cut-off date. This motion deadline clearly contemplates that the parties will have completed all discovery at least 30 days before the due date for motions for summary judgment so that the parties have the necessary evidence or other information to prepare and respond to such motions.

In *Bishop v. Potter*, 2010 WL 2775332, at *2, this Court stated that the requirement that discovery requests be served at least 30 days before the discovery cut-off date "is not absolute." The degree of flexibility in that statement should not be overestimated, however. The party seeking to compel discovery responses in *Bishop* was a *pro se* litigant who is treated with some greater

---

Fed.R.Civ.Pro. 6(b).

leniency than is a party represented by counsel. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Notwithstanding the plaintiff's *pro se* status, this Court denied his motion to compel defendants to respond to requests for production of documents and admissions that were served 16 days before the discovery cut-off date. The Court, however, ordered defendant to answer interrogatories which were mailed 31 and 32 days prior to the discovery cut-off date.

   Defendants served their initial and voluminous written discovery requests on Adobe only 24 days before the discovery cut-off date. They served their equally voluminous discovery requests on Third Party Defendant SIIA on January 27, 2011, one day before the discovery cut-off date. It clearly was not reasonable for Defendants to wait until less than 30 days before the end of discovery to commence written discovery and serve such voluminous discovery requests. The dilatory nature of Defendants' conduct is further demonstrated by the fact that the Court granted the parties' request for additional time beyond the standard period of 180 days to complete discovery. *See Discovery Plan and Scheduling Order (#50), page 2*.

   Defendants provided no explanation in their motion as to why they waited until nearly the end of the discovery period to serve written discovery requests. Defendants assert in their *Reply (#105), page 8*, that they were unable to prepare their own discovery requests because of the time they had to expend in responding to the Plaintiff's discovery requests and because Defendants' counsel was involved in a complex federal real estate and bankruptcy fraud case from November 15, 2010 through December 15, 2010. Neither of these excuses is persuasive. First, Plaintiffs did not serve their discovery requests until August 24, 2010. Defendants offer no explanation as to why they could not prepare their own discovery requests prior to that date. Second, Defendants objected to all of Plaintiff's discovery requests on October 12, 2010 on the grounds that they were irrelevant because no time period for the alleged infringement was alleged in the complaint. There is no credible evidence that Defendants' counsel were so consumed in responding to Plaintiff's discovery requests between August 24th and October 12, 2010 that they did not have time to prepare their own discovery requests. Although it would have been difficult for Defendants' counsel to prepare discovery requests while she was in trial in another case, no explanation has been provided as to why Defendants' co-counsel or paralegal staff could not have prepared the requests.

Finally, Defendants did not seek an extension of the discovery cut-off date either before or after they served their untimely discovery requests.[2] Under these circumstances, the Court finds that Defendants have failed to show that their failure to timely serve written discovery requests should be excused. Defendants' conduct in serving voluminous discovery requests shortly before the expiration of discovery, by its nature, causes unnecessary delay in the parties' ability to comply with the scheduling order and therefore justifies denial of the motion.

Defendants have also argued that their motion to compel discovery is timely because it was filed before the dispositive motion deadline. There is no local rule in this District which sets a specific deadline for filing discovery motions. In *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev. 1999), the court stated that if the moving party has unduly delayed the filing of a motion to compel, the court may deny the motion as untimely. The court also stated that a motion to compel filed during the discovery period will rarely be considered untimely, but, absent unusual circumstances, it should be filed before the deadline for dispositive motions. Optimally, discovery requests should be served sufficiently before the completion of discovery so that motions to compel, if necessary, can also be filed before the discovery cut-off date. *See e.g. Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200 (E.D.Mich. 2002) and *Days Inn Wordwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D.Tex. 2006). The issue in this case is Defendants' failure to timely serve written discovery requests so that they would be responded to before the discovery cut-off date. It is on that basis that the Court denies Defendants' motion to compel. Accordingly,

. . .

. . .

. . .

---

[2] Local Rule 26-4 requires that a motion to extend discovery must be filed no later than 20 days before the discovery cut-off date and must be supported by a showing of good cause for the extension. Motions to re-open discovery after the deadline has expired must, in addition to good cause, also be supported by a showing that the party's failure to make a timely request for an extension was due to excusable neglect. Local Rule 6-1(b).

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Adobe's and SIIA's Discovery Responses and Production of Documents; and to Extend the Dispositive Motion Deadline as to Defendants (#85) is **denied**.

DATED this 5th day of April, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE