# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:10-cv-00422-LRH-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSHUA CHRISTENSON, *et al.*, ) | Motion for Clarification or |
| ) | Limited Relief re: May 31, 2011 |
| Defendants. ) | Discovery Order (#147) |
| ) | |
| AND RELATED CLAIMS. ) | |
| ) | |

This matter is before the Court on Plaintiff's Motion for Clarification or Limited Relief Re May 31, 2011, Discovery Order (#147), filed July 18, 2011. and Defendants' Opposition to Plaintiff's Motio for Clarification (#148), filed August 4, 2011.

On May 26, 2011, the Court conducted a hearing on  Defendants' Motion to Preclude Adobe's or SIIA's Use of or Reliance on Contracts, Licenses or Agreements (#127).  On May 31, 2011, the Court issued an order precluding Plaintiff "from using or introducing license agreements in support of its motion for summary judgment or at trial because Plaintiff failed to identify contracts or license agreements in its Rule 26(a) disclosures." *See* Order (#144).  The Court further ordered, however, that Plaintiff was not precluded "from using contracts, license agreements or other documents produced by Defendants in Defendants' disclosures or responses to discovery requests." *Id*.  The Court's order was based on the reasoning set forth during the hearing.

Now, approximately two months following the Court's Order (#144), Plaintiff has filed a motion seeking clarification pursuant to Rule 60.  According to Plaintiff, "statements made during the hearing for the underlying motion [Dkt. #127] indicate additional allowable uses of the

information that appears to be precluded by the Court's subsequently entered [o]rder [Dkt. #144]." *See* Pl's Mot. #147 at 1:25-27.  Plaintiff requests that the Court amend its order to include the following "caveats" allegedly expressed by the Court during the May 26, 2011 hearing:  (1) that Plaintiff is allowed to use documents identified by Defendants in their disclosures; (2) that the district court retains discretion to consider precluded documents that a witness is using to illustrate testimony and not for introduction into evidence; and (3) that Plaintiff be permitted to use documents that are referenced by documents produced by Defendants.

## DISCUSSION

The Court is initially concerned with the timeliness of this motion.  There is a fourteen (14) day period for appeal of a non-dispositive order issued by a magistrate judge.  *See* Local Rule IB 3-1(a); *see also* Fed. R. Civ. P. 72(a).  This motion was filed well beyond the deadline for appeal of the underlying order.  Generally, a party seeking relief under Rule 60 must move for relief before the time for appeal expires.  *See Houle v. Nevada*, 2011 WL 336854 (D. Nev.) ("After the time to appeal has expired, a Rule 60 motion may not serve as a substitute for an appeal); *see also In Re: Western States Wholesale Nat. Gas Antitrust Litigation*, 2010 WL 2539728 (D. Nev.) (Citing *Gila River Ranch, Inc. v. U.S.*, 368, F.2d 354, 357 (9th Cir. 1966)); *see also Barragan v. Landry*, 2008 WL 2954770 at n. 4 (D. Nev.) (Rule 60(b) does not toll the time to appeal).  Thus, although the court will consider the requested Rule 60 relief, the time period for appeal has run and filing this motion does not retroactively toll or restart the time period for appeal of the underlying order.

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  "Rule 60(a) only applies when there is a discrepancy between what the court intended to include in a judgment, order, or record, and what the court actually set out in written form." *Pinkney v. American Medical Response, Inc.*, 2010 WL 3522254 (D. Nev. 2010) (citing *Manning v. Astrue*, 510 F.3d 1246, 1248 (10th Cir. 2007).  Rule 60(a) is not the proper mechanism to attain a substantive change in the legal conclusions or analysis of a court order.  *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984).

. . .

Upon review of the transcript of the motion hearing held on May 26, 2011, the Court finds no discrepancy between what the Court intended to be included in its written order and what is included. During the hearing on the underlying motion, the Court very clearly rejected the position that Plaintiff could rely on documents identified within documents produced by Defendants.[1] There is no difference between documents "identified" within disclosures and documents "referenced" within disclosures. The Court further finds that it is unnecessary to include language in the order instructing the district judge on the parameters of his discretion regarding the use of precluded documents for illustrative as opposed to evidentiary purposes.

Rule 60(b) provides for relief from final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)-(6). Motions made pursuant to Rule 60(b) must be "made within a reasonable time ....". Fed. R. Civ. P. 60(c)(1). They are not the proper vehicles for rehashing old arguments. *Pinkney*, 2010 WL 3522254 at *2 (citing *Resolution Trust Corp. V. Holmes*, 1310, 1316 (S. D. Tex. 1994). Nor should they be used as a means to present new facts or issues that inexcusably were not presented to the court in the prior matter. *Id*. (citing *Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220, 1231 (3rd Cir. 1995).

The Court finds that Plaintiff has not presented any compelling reason why its requested relief should be granted under Rule 60(b). There is nothing new before the Court. This appears to be nothing more than an attempt by Plaintiff to attain significant substantive changes to the prior order for the purpose of circumventing its failure to provide adequate Rule 26(a) disclosures. The Court has already heard the arguments on the matter and made its decision. "Plaintiff Adobe Systems Incorporated is precluded from using or introducing license agreements in support of its motion for summary judgment or at trial because Plaintiff failed to identify contracts or license

---

[1] Addressing this very issue the Court states: "You're saying, well, since [Defendants] produced this document and there are references in this document to other documents that – that [Defendants] haven't actually produced, [Plaintiff] can then rely on those documents even though [Plaintiff] never put them in our [Rule 26(a)] disclosure. I don't go that far." *See* Tr. of Proceedings (#146) at 23:2-9.

agreements in its Rule 26(a) disclosures.  Plaintiff is not, however, precluded from using contracts, license agreements or other documents produced by Defendants in Defendants' disclosures or responses to discovery requests." *See* Order (#144).  The ability of Plaintiff to use Defendants' documents is limited to those documents <u>actually</u> produced.  The Court never intended to permit Plaintiff to use other documents that are "identified" or "referenced' in Defendants' disclosures but were not actually produced.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification or Limited Relief Re May 31, 2011, Discovery Order (#147) is **denied**.

DATED this 16th day of August, 2011.

_____
**GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE**