UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,           )<br>                                                                  )<br>          Plaintiff,                              )<br>                                                                  )<br>    v.                                                          )<br>                                                                  )<br> JOSHUA CHRISTENSON, et al.,      )<br>                                                                  )<br>          Defendants.                         )<br>_____)<br>                                                                  )<br> AND RELATED CLAIMS.              )<br>_____)  | 2:10-CV-00422-LRH-GWF<br><br>ORDER |

Before the court is Defendants' Motion for Judgment on the Pleadings, or in the Alternative, to Compel Amendment of Complaint (#70[1]). Plaintiff filed an opposition (#74), and Defendants replied (#75).

**I.    Facts and Procedural History**

This is an action for copyright and trademark infringement based on allegedly unauthorized resales of software by Defendants Joshua Christenson and his company Software Surplus Inc. through the website www.softwaresurplus.com. Plaintiff Adobe Systems Incorporated ("Adobe") originally filed this action in the United States District Court for the Northen District of California on October 30, 2009 (#33-2). That court transferred the case to this District on March 8, 2010

---

[1] Refers to the court's docket entry number.

1  (#33).

2  On May 4, 2010, Defendants filed an Answer, Counterclaim, and Third-Party Complaint
3  (#39), alleging claims against Adobe and third-party defendant Software Publishers Association
4  d/b/a Software & Information Industry Association ("SIIA"), for (1) defamation and defamation *per*
5  *se*, (2) false light, (3) business disparagement, (4) aiding and abetting, (5) civil conspiracy, and (6)
6  alter ego or instrumentality.  These claims are based on a press-release issued by SIIA on
7  November 12, 2009 regarding infringement lawsuits filed by SIIA on behalf of its members,
8  including Adobe, against Defendants and other online sellers.  On July 9, 2010, Adobe and SIIA
9  answered (#57, #58).

10  On December 5, 2010, Defendants filed the instant motion for judgment on the pleadings
11  (#70).  Defendants contend that Adobe's complaint fails to state a claim because it includes no
12  indication of the time frames in which the alleged acts of copyright and trademark infringement
13  occurred.

14  **II.   Legal Standard**

15  "After the pleadings are closed—but early enough not to delay trial—a party may move for
16  judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when
17  there are no issues of material fact, and the moving party is entitled to judgment as a matter of
18  law."  *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational*
19  *Church*, 887 F.2d 228, 230 (9th Cir. 1989).  In ruling on a motion for judgment on the pleadings,
20  the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes
21  the facts in the light most favorable to that party.  *Id.*  Thus, when brought by a defendant, the same
22  legal standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies
23  to a pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be
24  granted.  *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009); *see also* Fed. R. Civ. P.
25  12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule
26

2

1  12(c)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule
2  12(b)(6) motion should be treated as a Rule 12(c) motion).

3        To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the
4  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela*
5  *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
7  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a
8  pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a
9  cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*
10 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

11       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
12 accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal
13 quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows
14 the court to draw the reasonable inference, based on the court's judicial experience and common
15 sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility
16 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
17 defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a
18 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
19 relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

20       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
21 true.  *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a
22 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."
23 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)
24 (alteration in original) (internal quotation marks omitted).  The court discounts these allegations
25 because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the
26

3

form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.    Discussion

As Defendants contend, Adobe's complaint does not expressly designate a specific time frame during which the alleged acts of copyright and trademark infringement occurred.  But the court disagrees that the complaint is devoid of any discernable time frame.  To the contrary, Adobe alleges that "Defendants' use began long after Adobe's adoption and use of Adobe's Trademarks, and after Adobe obtained the copyright and trademark registrations," lists of which are appended to the complaint. (Complaint (#33-2), ¶ 17.)  Also, Adobe's allegations regarding continued infringement and damages and its request for injunctive relief, read in the context of the entire complaint, are reasonably construed as alleging that Defendants' acts of infringement continued through the filing of the complaint in October 2009.

The court disagrees with Defendants' argument that the failure to state a time frame more specifically renders Plaintiff's allegations insufficient to state a claim.  The cases cited by Defendants are not controlling.  In *Loftus v. SEPTA*, 843 F. Supp. 981, 986 (E.D. Pa. 1994), the court required the plaintiff to plead conspiracy "with particularity" due to the substantive complexity of such a claim.  And in both *Ackley v. City of Fort Lauderdale*, 2007 WL 2900272, *1 (S.D. Fla. 2007), and *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 352 (D. Vt. 2010), the courts found an absence of any allegations suggesting that any of the alleged violations occurred within the applicable limitations period.  Here, by contrast, even if some of the alleged infringement might have occurred beyond the applicable limitations period, Adobe's alleged continuing violations would not be time-barred.

The court further notes that since the filing of the instant motion to dismiss, the parties have

1  completed discovery regarding Adobe's claims.  And in response to Defendants' motion for
2  summary judgment based on statute of limitations and laches, Adobe specifically waived any claim
3  for damages for copyright or trademark infringement beyond three years prior to filing suit in
4  October 2009 and "only seeks recovery for infringements occurring on or after October 2006."
5  (Opposition (#133), pp. 4-6.)  Given these developments, to require amendment of the complaint at
6  this late stage would be of limited utility and would only serve to prolong this litigation.
7      IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the Pleadings, or
8  in the Alternative, to Compel Amendment of Complaint (#70) is DENIED.
9      IT IS SO ORDERED.
10     DATED this 10th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE