UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA CHRISTENSON, an individual and ) <br> d/b/a www.softwaresurplus.com; SOFTWARE ) <br> SURPLUS INC.; and Does 1-10, inclusive, ) <br> ) <br> Defendants. ) <br> ) <br> AND RELATED CLAIMS. ) <br> ) | 2:10-CV-00422-LRH-GWF <br><br> <u>AMENDED ORDER</u> |

It having come to the court's attention that in its prior order (doc. #175) upon Adobe's Motion to Certify and Stay the incorrect document number was cited in the court's order on page 7, line 7; it therefore now files this order to correct that document number from #168 to #167.

Before the court is plaintiff Adobe Systems Incorporated's ("Adobe") Motion to Enter final Judgment or To Certify Order for Interlocutory Appeal and for Order Staying Action Pending Appeal ("Motion to Certify and Stay", #167[1]). Defendants Joshua Christenson and Software Surplus, Inc. have responded (#170) and Adobe has replied (#174).[2]

---

[1] Refers to court's docket number.

[2] In their Response, Defendants have also moved the court to grant them attorney's fees and to require Adobe and a third-party defendant to retain separate counsel. In light of the disposition below,

I.    **Facts and Procedural History**

On September 10, 2012, the court granted summary judgment in favor of Defendants on Adobe's copyright and trademark infringement claims.[3] Adobe alleges that Defendants have made and distributed copies of Adobe's software without authorization or license, in violation of Adobe's exclusive copyrights of reproduction and distribution. (Complaint (32-2) at ¶ 16.) Adobe further alleges that Defendants' use of Adobe's trademarks in advertising and selling Adobe software has "confused and deceived . . . the consuming public concerning the source and sponsorship of the unauthorized copies of the Adobe Software offered, sold and distributed by Defendants." (*Id.* at ¶ 18; *see also id.* ¶¶ 25-26.)

Defendants counterclaimed against Adobe and a third-party defendant[4] alleging (1) defamation and defamation *per se*, (2) false light, (3) business disparagement, (4) aiding and abetting, (5) civil conspiracy, and (6) alter ego or instrumentality. The claims are based on a press-release issued on November 12, 2009. Among other allegedly defamatory statements, the press release announced the filing of six "software piracy" lawsuits on Adobe's behalf against various online sellers of Adobe software, including Joshua Christensen and Softwaresurplus.com, and accused them of being "Software Pirates" and "Fraudulent Online Venders" who "swindled both consumers and Adobe by illegally copying or selling" Adobe's software and "knowingly engag[ed] in copyright infringement through the fraudulent sales of Adobe software." (#87-6, p. 8.)

On May 31, 2011, the Magistrate Judge entered an order (#144) granting Defendants' Motion to Preclude Adobe or SIIA's Use of or Reliance on Contracts, Licenses or Agreements

---

these requests are denied as moot.

[3] These are Adobe's only properly pleaded claims.

[4] The third-party defendant is Software Publishers Association d/b/a Software & Information Industry Association ("SIIA"), the self-described "principal trade association for the software and digital content industry" (#87-6, p. 9). SIIA issued the press release on which Defendants base all their claims.

(#127). Finding that Adobe had "failed to identify contracts or license agreements in its Rule 26(a) disclosures," the court ordered that Adobe "is precluded from using or introducing license agreements in support of its motion for summary judgment or at trial" but "is not, however, precluded from using contracts, license agreements or other documents produced by Defendants in Defendants' disclosures or responses to discovery requests." (Order (#144), pp. 1-2.) Then, on August 16, 2011, the Magistrate Judge entered a second order (#149) denying Adobe's motion for clarification or reconsideration (#147). Rejecting Adobe's attempts to blunt the impact of the court's discovery sanction, the Magistrate Judge clarified, "The ability of Plaintiff to use Defendants' documents is limited to those documents it actually produced. The Court never intended to permit Plaintiff to use other documents that are 'identified' or 'referenced' in Defendants' disclosures but were not actually produced." (Order (#149), p. 4.) The Magistrate Judge also rebuffed Adobe's arguments regarding the limited use of precluded documents for illustrative purposes, finding it "unnecessary to include language in the order instructing the district judge on the parameters of his discretion regarding the use of precluded documents for illustrative as opposed to evidentiary purposes." (*Id.* at 3.)

These orders impacted the court's determination of claims at summary judgment. In particular, the court granted summary judgment to Defendants based largely on Adobe's inability to produce non-precluded evidence relating to its ownership of the relevant copyrights. (Order of September 10, 2012 (#166), p. 10.) Adobe now seeks partial judgment under Rule 54(b) in order to appeal the adverse evidentiary rulings.[5]

**II.   Legal Standard**

Federal Rule of Civil Procedure 54(b) provides

When an action presents more than one claim for relief–whether as a claim, counterclaim,

---

[5] Adobe advances many questions of law it intends to put before the appellate court, but it is clear that the adverse evidentiary rulings form the backbone of Adobe's appeal. (*See* Motion to Certify and Stay (#167) at pp. 2:20-26, 3:12-14, 4:15-16, 6 n. 2.)

3

crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Partial judgment under Rule 54(b) is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-89 (9th Cir. 2005). On the other hand, partial judgment under Rule 54(b) is inappropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 695 (9th Cir. 1981). These needs may include an "expeditious decision of the case." *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (quotation marks and citations omitted). Finally, where the Rule 54(b) claims overlap with non-adjudicated claims, courts have upheld partial judgment when an "important and controlling legal issue . . . cuts across" both types of claims. *See Wood*, 422 F.3d at 881; *see also id*. at n. 5 (collecting cases).[6]

## III. Discussion

Here, the claims on which Adobe seeks Rule 54(b) judgment overlap with the remaining claims. However, "sound judicial administration" weighs in favor of entering final judgment on Adobe's copyright and trademark infringement claims. *See Wood*, 422 F.3d at 879. First, the exclusion of Adobe's licensing evidence "cuts across" both Adobe's claims (which rely on this evidence) and Defendants' counterclaims (which rely on the exclusion to establish falsity).[7] (Order of September 10, 2012 (#166) at p. 5 ("[W]hether and on what terms Adobe licenses and restricts

---

[6] While Adobe also moves the court to certify an interlocutory appeal under 28 U.S.C. § 1292(b), the claims Adobe wishes to appeal have reached the end of the line in this court. Therefore, appeal following partial final judgment under Rule 54(b) is more appropriate. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (distinguishing between Rule 54(b) and § 1292(b)).

[7] The counterclaims that involve falsity are Defendants' defamation, false light, and business disparagement claims.

the distribution and use of its software products is central to the parties' summary judgment motions.").) Therefore, appellate review of this exclusion will aid "expeditious decision" of this case by staving off a possible second trial on a host of related claims. *See Texaco*, 939 F.2d at 798.[8]

Second, this is not a routine case. In *Wood*, the Ninth Circuit disapproved of Rule 54(b) judgment in an age discrimination case where the "only legal right asserted [on appeal following judgment under Rule 54(b)] is the right not to be discriminated against on account of age." 422 F.3d at 882. Thus, the gravamen of the plaintiff's case was the same as the basis for her Rule 54(b) appeal. This made (or helped make) the appeal "routine." *Id*. Here, however, the gravamen of Adobe's claims and the basis for its Rule 54(b) appeal are dissimilar: the claims assert copyright and trademark infringement, but one basis of its Rule 54(b) appeal will be an evidentiary exclusion.[9] Another basis is the unsettled issue (in this Circuit) of who bears the burden of proof on the first sale doctrine in civil actions for copyright infringement. (*See* Order of September 10, 2012 (#166) at p. 9.) Under this doctrine, a party may defend against a copyright infringement claim by showing that he lawfully owned the copy he sold. *See* 17 U.S.C. § 109(a). The court placed the burden of proving "whether a particular copy was lawfully made or acquired" on Defendants; it placed the burden of proving that Adobe licenses but does not sell copies of the software Defendants acquired on Adobe. (*Id*. at p. 9-10.) This unsettled legal issue–potentially dispositive on Adobe's copyright claim–takes this case out of the mine run.

///

---

[8] Notably, the *Wood* court also considered Rule 54(b) judgment more appropriate where a plaintiff's claims had all been resolved at summary judgment (such that the only remaining claims were counterclaims). *See* 422 F.3d at 882. That is the situation here.

[9] Adobe's trademark infringement claim fails even if the evidentiary determination is overturned. (*See* Order of September 10, 2012 at p. 13 (deciding the trademark infringement claim against Adobe even assuming it had provided valid trademark evidence).) However, efficiency weighs in favor of allowing Adobe to appeal this claim alongside its copyright claim because this reduces the likelihood of piecemeal appeals.

Third, the *Curtiss-Wright* factors support Rule 54(b) judgment. In *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), the Supreme Court approved of the district court's consideration of a number of factors in certifying a Rule 54(b) judgment. 446 U.S. at 5-6. These factors included "whether review of the adjudicated claims would be mooted by any future developments in the case [and] whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Wood*, 422 F.3d at 878 n. 2 (discussing *Curtiss-Wright*). Here, future developments would not moot a settled evidentiary determination, and it is unlikely that an appellate court would revisit its decision on the evidentiary issue upon subsequent appeal. Therefore, Rule 54(b) judgment is appropriate on Adobe's claims.[10]

Finally, a stay is appropriate pending Adobe's appeal. In this Circuit, the standard for granting a stay pending appeal is similar to the standard governing preliminary injunctions: the court considers (1) the likelihood of success on the merits, (2) the likely irreparable injury to the moving party if the stay is not granted, (3) a balance of hardships favoring the moving party, and (4) advancement of the public interest. *United States v. Lee, Goddard & Duffy, LLP*, 553 F. Supp. 2d 1164, 1166-67 (C.D. Cal. 2008). This standard is a continuum, where, for example, a greater advancement of the public interest can compensate for a relatively low likelihood of success. *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1084 (E.D. Cal. 2009); *see also Winter v. Natural Resources Defense Council*, 555 U.S. 7, 23 (2008) (balancing plaintiffs' irreparable injury against the public interest). Here, while Adobe's likelihood of success is low, the possibility of injury, the balance of hardships, and the public interest in efficient disposition of litigation favor granting a stay. As noted, Defendants' counterclaims rely heavily on the evidentiary ruling that Adobe seeks to appeal. Adobe's chances of defending against these counterclaims on the

---

[10] Defendants rely on *Sure-Safe Industries, Inc. v. C & R Pier Manufacturing*, 851 F. Supp. 1469 (S.D. Cal. 1993) for the proposition that Adobe must demonstrate immediate hardship to justify a Rule 54(b) judgment. (Defendants' Opposition (#170) at p. 5.) However, hardship is not a required showing under Rule 54(b). *See Texaco*, 939 F.2d at 798 (rejecting an "overly restrictive" view of Rule 54(b) judgment.)

existing record are vanishingly small. In addition, given the similar evidentiary dependence of Adobe's adjudicated claims and the remaining non-adjudicated counterclaims, an appellate decision will avoid the unnecessary duplication of efforts. For instance, in the event the appellate court affirms this court's decision, the chances of settlement are high. A stay will therefore prevent a trial that should never have happened. In the event the appellate court reverses this court's decision, a stay will prevent two trials with possibly inconsistent outcomes (thereby spawning duplicative appeals). Finally, as an out-of-state claimant, Adobe more heavily bears the increased costs associated with two trials.[11]

### IV. Conclusion

IT IS THEREFORE ORDERED that Adobe's Motion to Certify and Stay (#167) is GRANTED. The court hereby directs the Clerk to enter final judgment as to Adobe's copyright infringement claim and as to Adobe's trademark infringement claim in accordance with the court's September 10, 2012 Order. Pursuant to Rule 54(b), the court finds no just reason for delaying entry of judgment on these claims.

IT IS FURTHER ORDERED that these proceedings are STAYED pending appeal.

IT IS SO ORDERED.

DATED this 9th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[11] A supersedeas bond pending appeal is not required here. *See* Fed. R. Civ. P. 62(e). These bonds protect appellee judgment creditors, but Adobe is not entitled to any monetary judgment. *See Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *see also Exxon Valdez v. Exxon Mobil,* 568 F.3d 1077, 1085 (9th Cir.2009).