UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ADOBE SYSTEMS INCORPORATED,

    Plaintiff,

v.

JOSHUA CHRISTENSON, an individual and d/b/a www.softwaresurplus.com; SOFTWARE SURPLUS INC.; and Does 1-10, inclusive,

    Defendants.

AND RELATED CLAIMS.

2:10-CV-00422-LRH-GWF

ORDER

Before the court is defendants Joshua Christenson and Software Surplus, Inc.'s ("Defendants'") Motion to Certify Order for Interlocutory Appeal (#181[1]). Defendants have also filed a Motion to Expedite consideration of the Motion to Certify (#182).

## I.   Facts and Procedural History

On September 10, 2012, the court granted summary judgment in favor of Defendants on all of plaintiff Adobe Systems Incorporated's ("Adobe's") claims. Adobe had alleged that Defendants made and distributed copies of Adobe's software without authorization or license, in violation of Adobe's exclusive copyrights of reproduction and distribution. (Complaint (32-2) at ¶ 16.) Adobe had further alleged that Defendants' use of Adobe's trademarks in advertising and selling Adobe software has "confused and deceived . . . the consuming public concerning the source and

---

[1] Refers to court's docket number.

sponsorship of the unauthorized copies of the Adobe Software offered, sold and distributed by Defendants." (*Id.* at ¶ 18; *see also id.* ¶¶ 25-26.)

Defendants counterclaimed against Adobe and a third-party defendant[2] alleging (1) defamation and defamation *per se*, (2) false light, (3) business disparagement, (4) aiding and abetting, (5) civil conspiracy, and (6) alter ego or instrumentality. The claims are based on a press-release issued on November 12, 2009, calling Defendants "Software Pirates" (among other things). (#87-6, p. 8.)

On April 5, 2010, the Magistrate Judge held a hearing and entered an order (#111) denying Defendants' Motion to Compel Adobe's responses to discovery requests (#85). The parties had entered into a discovery plan and scheduling order setting out a discovery period of 269 days, concluding on January 28, 2011.[3] (Order of April 5, 2010 (#111), p. 2.) Defendants served interrogatories, requests for production, and requests for admissions on Adobe on January 4, 2011. (*Id.*) They served such requests on the third-party defendant on January 27, 2011. Finding that discovery requests under Fed. R. Civ. P. 33, 34, and 35 must be served at least 30 days before the discovery cut-off date, the court denied Defendants' Motion to Compel and noted that "Defendants provided no explanation in their motion as to why they waited until nearly the end of the discovery period to serve written discovery requests." (Order of April 5, 2011 (#111) at p. 4.) Consequently, the court held that Defendants "have failed to show that their failure to timely serve written discovery requests should be excused." (*Id.* at p. 5.)

Still, Defendants prevailed at summary judgment. In particular, Defendants benefitted from

---

[2] The third-party defendant is Software Publishers Association d/b/a Software & Information Industry Association ("SIIA"), the self-described "principal trade association for the software and digital content industry" (#87-6, p. 9). SIIA issued the press release on which Defendants base all their claims.

[3] The court allowed for extended discovery "beyond the standard period of 180 days." (Order of April 5, 2011 (#111) at p. 4.)

Adobe's inability to produce non-precluded evidence relating to its ownership of the relevant copyrights. (Order of September 10, 2012 (#166), p. 10.) Following the grant of summary judgment in Defendants' favor, the court granted Adobe's motion for partial judgment under Rule 54(b) and stayed proceedings on Defendants' still-pending counterclaims. (Order of October 17, 2012 (#175), amended by Order of November 11, 2012 (#184).) Shortly thereafter Adobe filed a notice of appeal (#177). Defendants now seek to attack the adverse ruling on their Motion to Compel (#85) via an interlocutory appeal.

## II. Legal Standard

Under 28 U.S.C. § 1292(b), a party may appeal a non-final order "upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Interlocutory appeals of this sort are granted sparingly, and for good reason: such appeals are appropriate only where "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). A district court has discretion under 28 U.S.C. § 1292(b) to certify a ruling for interlocutory appeal when it (1) involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

## III. Discussion

Here, Defendants have failed to establish the first and second prong of the § 1292(b) test. First, Defendants have failed to demonstrate that reversal of the April 5 Order "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026 (defining a "controlling question of law"). Defendants contend that interlocutory appeal "could result in Defendants being entitled to and obtaining evidence that may further bolster their defenses against Adobe's claims, and may actually disprove the very theories upon which Adobe's instant appeal is based, *e.g.*, that they license rather than sell their software." (Defendants' Motion

3

to Certify (#181), p. 5:9-12.) However, final judgment has already been entered on Adobe's claims; as far as this court's jurisdiction is concerned, there are no claims against which Defendants must defend. Nor have Defendants provided other reasons to expect that reversal of the interlocutory Order would "materially affect the outcome of the litigation in district court."[4] Rather, Defendants seek interlocutory appeal as a kind of insurance: in case the appellate court rules for Adobe on Adobe's current appeal, Defendants would like to revisit discovery. This reversal insurance is not the sort of "exceptional circumstance" that justifies a departure from the policy of postponing appeals until after the entry of final judgment.

Furthermore, even assuming the controlling question of law is the flexibility (or rigidity) of discovery deadlines, Defendants have not show that there is "substantial ground for difference of opinion" regarding these deadlines. Defendants demonstrate that some districts provide explicit deadlines in their local rules, *see, e.g., Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. 2006), and others provide such deadlines through case law interpreting the Federal Rules of Civil Procedure, *see, e.g., Bishop v. Potter*, 2010 WL 2775332, p. *1 (D. Nev. July 14, 2010) ("This Court has previously found that in order for discovery requests to be timely, the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond.") But these differing practices are addressed to different jurisdictions: they no more disagree with each other than do the different speed limits of two different states.[5] In addition, Defendants argue that the court erred in applying the factors relevant to "excusable

---

[4] Defendants cite the uncertain state of discovery deadlines in District of Nevada as the "controlling issue" to be decided on appeal. This misconceives the nature of a controlling issue for purposes of interlocutory appeal under § 1292(b): even if the appellate court reversed the April 5 Order, the outcome of the district court proceedings would be the same since Defendants have already been awarded summary judgment on all of Adobe's claims. Defendants provide no explanation as to how further discovery will aid them in pursuing their counterclaims.

[5] Of course, disagreement is even less apparent where two jurisdictions provide different routes to the same result, as do the District of Nevada and the Northern District of Illinois.

neglect" when it rejected Defendants' explanations for their untimely interrogatories. But then Defendants are alleging error, not grounds for difference of opinion. Therefore, Defendants have not shown that there are substantial grounds for difference of opinion on a controlling question of law.

Finally, Defendants argue that certification would materially advance the ultimate termination of the litigation. They support this argument mainly through an appeal to judicial economy. While judicial economy favors the resolution of both Defendants' and Adobe's evidentiary objections at once, "judicial economy" is not the standard by which a court certifies interlocutory appeals under § 1292(b). Rather, this standard involves three prongs, and Defendants have failed to show two of them.[6]

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Certify Order for Interlocutory Appeal (#181) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Expedite consideration of the Motion to Certify (#182) is DENIED as moot.

IT IS SO ORDERED.

DATED this 16th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[6] The Rule 54(b) standard–under which Adobe was able to appeal adverse evidentiary rulings–is markedly different from the § 1292(b) standard. *See, e.g., James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (distinguishing between Rule 54(b) and § 1292(b)). In particular, the court need only find that there is "no just reason for delay" in order to warrant final judgment under Rule 54(b). *Id.*